IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>         Plaintiffs,<br><br>     vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>         Defendants. | Civil No. 04-00619 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.
INTRODUCTION

Under the Court's Rule 16 Scheduling Order filed herein on January 11, 2005, Defendant STEVENS-VANGORDER was required to make her expert disclosures to Plaintiffs by August 31, 2005. A true and correct copy of the Order is attached to and made a part hereof as Exhibit "A". As the Court knows, Defendant STEVENS-VANGORDER was granted leave to conduct a defense medical examination ("DME") of Plaintiff KATHY TOOZE-AGUIRRE by her DME expert, James F. Scoggin, III, M.D., after the above expert disclosure cutoff date had expired. Plaintiffs subsequently received a copy of Dr. Scoggin's 88-page November 28, 2005 DME report, on December 3, 2005, a day after the December 2, 2005 discovery cutoff. Declaration of Bruce B. Kim. However,

Defendant STEVENS-VANGORDER failed and neglected to file a Fed.R.Civ.P. Rule 26(a)(2) expert disclosure regarding Dr. Scoggin as required by the above Order and Rule 26(a)(2).

## II.
### ARGUMENT

A. THERE IS NO JUSTIFICATION WHATSOEVER FOR DEFENDANT STEVENS-VANGORDER'S FAILURE TO MAKE THE REQUIRED EXPERT DISCLOSURES ON HER DME EXPERT.

Under Fed.R.Civ.P. Rule 26(a)(2)(B), a party is required to make specific disclosures regarding any experts who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. **The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the previous ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.** [Emphasis added.]

Defendant STEVENS-VANGORDER failed to file and/or make the necessary disclosures to Plaintiffs concerning her expert Dr. Scoggin as required by Rule 26(a)(2)(B).

A party who fails to make timely expert witness disclosures required by Rule 26(a)(2)(B) may not rely upon such expert witnesses at trial absent a showing of "substantial justification" or that such failure was "harmless". Fed.R.Civ.P. Rule 37(c)(1). Rule 37(c)(1) is a ". . . self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A)." Rule 37 *Subdivision* C, Advisory Committee Notes, 1993 Amendments; see, also, Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Rule 37 Advisory Committee Notes, 1993 Amendments).

The burden of proving that the failure to comply with Rule 26(a)(2) was "substantially justified" or that the failure was "harmless" is on the party facing sanctions. Yeti by Molly, Ltd., 259 F.3d at 1107; Olson v. Montana Rail Link, Inc., 227 F.R.D. 550, 552 (D. Montana, Missoula Div. 2005)(the information may only be admitted if the party facing sanctions demonstrates that the failure to disclose was 1) substantially justified or 2) harmless).

The mere fact that Defendant STEVENS-VANGORDER sent Plaintiffs a copy of Dr. Scoggin's November 28, 2005 DME report fails to satisfy the disclosure requirements of Rule 26(a)(2). She was required to make a complete disclosure of all the information required by Rule 26(a)(2). Palmer v. Rhodes

<u>Machinery</u>, 187 F.R.D. 653 (N.D. Okla. 1999)(expert unable or unwilling to disclose "any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years").

> A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures. The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness.
>
> <u>Palmer</u>, 187 F.R.D. at 657 (citing <u>Nguyen v. IBP, Inc.</u>, 162 F.R.D. 675, 681 (D. Kan. 1995)).

In this case, Defendant STEVENS-VANGORDER selected Dr. Scoggin to be her DME expert. There is no conceivable "substantial justification" for her failure to comply with the disclosure requirements of Rule 26(a)(2). It is not as though Defendant STEVENS-VANGORDER was unaware of the importance of this crucial requirement. She filed a timely disclosure on her economic expert, Dr. Suyderhoud, on August 31, 2005. Nor is her failure to make the required disclosure "harmless". The discovery cutoff occurred on December 2, 2005. Trial is scheduled for January 31, 2005. Plaintiffs incurred great

expense to retain their two trial experts and to timely comply with the disclosure deadline set by the Court's Rule 16 Scheduling Order. There is no reason why Defendant STEVENS-VANGORDER could not have done the same. She should not be allowed to do so now to the substantial prejudice of Plaintiffs. The information she failed to disclose would clearly assist Plaintiffs in preparing for their cross-examination of Dr. Scoggin at trial. They will not have the benefit of this important information if Dr. Scoggin is allowed to testify at trial. Defendant STEVENS-VANGORDER should not be allowed to take advantage of this material omission under Rule 26(a)(2) to the Plaintiffs' substantial prejudice.

### III.
### CONCLUSION

Plaintiffs respectfully request that the Motion In Limine to Exclude Testimony of Defendant STEVENS-VANGORDER's DME Medical Expert James F. Scoggin, III, M.D. be granted and that Defendant STEVENS-VANGORDER be barred from relying upon his testimony at trial.

DATED: Honolulu, Hawaii, JAN 1 0 2006          .

_____
BRUCE B. KIM
Attorney for Plaintiffs