IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>          Defendants. | ) Civil No. 04-00619 BMK<br>)<br>) MEMORANDUM IN SUPPORT OF MOTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM IN SUPPORT OF MOTION

I.
DISCUSSION

A.  DR. SCOGGIN SHOULD BE BARRED FROM OFFERING ANY NEW OPINIONS AT TRIAL.

Pretrial discovery under Fed.R.Civ.P. Rule 26(b) is intended to be full and complete.

> The provisions pertaining to discovery in the Hawaii Rules of Civil Procedure were adopted 'to put an end to the "sporting theory of justice," by which the result depends on the fortuitous availability of evidence or the skill and strategy of counsel.' [Cit. Omit.]  Thus, **they reflect a basic philosophy 'that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privi-leged.'** [Emphasis added.]
>
>                     Dicenzo v. Izawa, 68 Haw.
>                     528, 534-535, 723 P.2d
>                     171 (1988).

The Hawaii Intermediate Court of Appeals has stated that **complete and accurate** pretrial discovery of expert witnesses is critical to a fair trial, and H.R.C.P. Rule 26 is designed to promote candor and fairness in the pretrial discovery process and to eliminate surprises at trial. Lee v. Elbaum, 77 Haw. 446, 454, 887 P.2d 656 (App. 1993), cert. dismissed, 77 Haw. 489, 889 P.2d 66 (1995). The Intermediate Court of Appeals further noted that ". . . **[e]ffective cross-examination of an expert witness requires advance preparation.**" Id.

In Stender v. Vincent, 92 Haw. 355, 992 P.2d 50 (2000), the Supreme Court expanded upon the critical importance of full and complete discovery of expert witnesses.

> Such rules we have stated, 'reflect a basic philosophy that a party to a civil action should be entitled to the disclosure of all relevant information in the possession of another person prior to trial, unless the information is privileged.' Wakabayashi v. Hertz, 66 Haw. 265, 275, 660 P.2d 1039, 1315 (1983). **This policy applies with particular force to expert testimony; '[t]he history of FRCP Rule 26 which is highly persuasive in construing HRCP Rule 26, . . . makes it abundantly clear that complete and accurate pretrial discovery of expert witnesses is critical to a fair trial[.]'** Lee v. Elbaum, 77 Haw. 446, 454, 887 P.2d 656, 664 (App. 1993); cert. dismissed, 77 Haw. 489, 889 P.2d 66 (1995). [Emphasis added.]

92 Haw. at 367.

As the Court knows, Defendant STEVENS-VANGORDER was

-2-

granted leave to conduct a defense medical examination of Plaintiff KATHY TOOZE-AGUIRRE by her defense medical expert James F. Scoggin, III, M.D. after the expert disclosure cutoff date. Plaintiffs subsequently received a copy of Dr. Scoggin's 88-page DME report dated November 28, 2005, on December 3, 2005. Declaration of Bruce B. Kim. However, no Rule 26(a)(2) expert disclosure on Dr. Scoggin was ever filed by Defendant STEVENS-VANGORDER as required by the above Order and Fed.R.Civ.P. Rule 26(a)(2).

In Glover v. Grace Pacific Corporation, 86 Haw. 154, 164, 948 P.2d 575 (App. 1997), the Intermediate Court of Appeals affirmed that all expert opinions must be disclosed by the discovery cutoff. Because plaintiff failed to disclose the opinions of its economic expert by the discovery cutoff, the trial court properly exercised its discretion in striking plaintiff's economist. The failure to disclose the expert's opinions by the discovery cutoff constituted an undue interference with the orderly pretrial procedures of the court under HRCC Rule 12(t). Id.

> . . . [a]t his deposition on August 31, 1993, Suyderhoud indicated that he had not yet reached his final opinions on economic losses. He had made only initial calculations. **In this context, we believe that the fair import of the policies underlying the discovery cutoff date is that an expert should have arrived at his or her final opinions by that date. Otherwise, the party seeking discovery of such opinions would be prevented from adequately preparing for trial. As**

> a result, the court could determine that Suy-
> derhoud's failure to furnish his final opinion
> before the discovery cutoff date constituted
> Glover's undue interference with the orderly
> pretrial procedures of the court under RCCH
> Rule 12(t). [Emphasis added.]

86 Haw. at 164.

In Swink v. Cooper, 77 Haw. 209, 214, 881 P.2d 1277 (App. 1994), the trial court had granted a defense motion in limine limiting the plaintiff's expert from offering new subjects which were not disclosed during the expert's deposition. Later, the trial court sustained a defense objection when the expert attempted to testify regarding an opinion which he had not stated at his deposition. The Intermediate Court of Appeals upheld the trial court's ruling limiting of the expert's trial testimony based upon the failure of the plaintiff to timely supplement the expert's discovery responses prior to trial under HRCP Rule 26(e)(1)(B).

Clearly, Defendant STEVENS-VANGORDER has already violated the Order, and Rule 26(a)(2) by failing to file an expert disclosure regarding Dr. Scoggin. This violation should not be compounded by allowing Defendant STEVENS-VANGORDER and Dr. Scoggin to offer 1) new opinions at trial; 2) testifying about opinions based upon facts developed or made known to Dr. Scoggin after the discovery cutoff date; 3) supplementing the opinions contained in his original report; or 4) testifying about new matters not previously disclosed to Plaintiffs in Dr. Scoggin's

November 28, 2005 report. If complete and accurate discovery of an expert is "critical to" Plaintiffs' right to a fair trial, then Defendant STEVENS-VANGORDER should not be permitted to violate her duty to timely file an expert disclosure required by rule and the Order of the Court regarding disclosure of expert reports or to seasonably supplement her defense medical expert's opinions prior to the discovery cutoff.

## II.
## CONCLUSION.

For the forgoing reasons, Plaintiffs respectfully requests that the Court grant the Motion In Limine to Bar Defendant STEVENS-VANGORDER's DME Medical Expert From Offering Any Opinions At Trial Not Previously Disclosed to Plaintiffs Prior to the Discovery Cutoff.

DATED:  Honolulu, Hawaii,  JAN 10 2006          .

                                    BRUCE B. KIM
                                    Attorney for Plaintiffs