IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>    Defendants. | Civil No. 04-00619 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.
INTRODUCTION

The Court's Rule 16 Scheduling Order filed herein on January 11, 2005, set the deadline for Defendant STEVENS-VANGORDER to disclose her expert reports for August 31, 2005. A true and correct copy of the Order is attached to and made a part hereof as Exhibit "A". As the Court knows, Defendant STEVENS-VANGORDER was granted leave to conduct a defense medical examination of Plaintiff KATHY TOOZE-AGUIRRE by her defense medical expert James F. Scoggin, III, M.D. after the expert disclosure cutoff date. Plaintiffs subsequently received a copy of Dr. Scoggin's 88-page DME report dated November 28, 2005, on December 3, 2005. Declaration of Bruce B. Kim. However, no Rule

26(a)(2) expert disclosure on Dr. Scoggin was ever filed by Defendant STEVENS-VANGORDER as required by the above Order and Fed.R.Civ.P. Rule 26(a)(2).

Dr. Scoggin's 88-page DME report makes absolutely no reference to any medical journal articles, texts or treatises in support of his various opinions. Moreover, Defendant STEVENS-VANGORDER did not disclose any further reports, opinions or materials from Dr. Scoggins prior to the discovery cutoff date on December 2, 2005.

## II.
## DISCUSSION

A. DR. SCOGGIN SHOULD BE BARRED FROM MENTIONING OR REFERRING TO ANY ARTICLES, TEXTS OR TREATISES AT TRIAL.

Pretrial discovery under Fed.R.Civ.P. Rule 26(b) is intended to be full and complete.

> The provisions pertaining to discovery in the Hawaii Rules of Civil Procedure were adopted 'to put an end to the "sporting theory of justice," by which the result depends on the fortuitous availability of evidence or the skill and strategy of counsel.' [Cit. Omit.] Thus, **they reflect a basic philosophy 'that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged.'** [Emphasis added.]
>
> <u>Dicenzo v. Izawa</u>, 68 Haw. 528, 534-535, 723 P.2d 171 (1988).

The Hawaii Intermediate Court of Appeals has stated that **complete and accurate** pretrial discovery of expert witnesses

-4-

is **critical** to a fair trial, and H.R.C.P. Rule 26 is designed to promote candor and fairness in the pretrial discovery process and to eliminate surprises at trial. Lee v. Elbaum, 77 Haw. 446, 454, 887 P.2d 656 (App. 1993), cert. dismissed, 77 Haw. 489, 889 P.2d 66 (1995). The Intermediate Court of Appeals further noted that "...**[e]ffective cross-examination of an expert witness requires advance preparation.**" Id.

In Stender v. Vincent, 92 Haw. 355, 992 P.2d 50 (2000), the Supreme Court expanded upon the critical importance of full and complete discovery of expert witnesses.

> Such rules we have stated, 'reflect a basic philosophy that a party to a civil action should be entitled to the disclosure of all relevant information in the possession of another person prior to trial, unless the information is privileged.' Wakabayashi v. Hertz, 66 Haw. 265, 275, 660 P.2d 1039, 1315 (1983). **This policy applies with particular force to expert testimony; '[t]he history of FRCP Rule 26 which is highly persuasive in construing HRCP Rule 26, ... makes it abundantly clear that complete and accurate pretrial discovery of expert witnesses is critical to a fair trial[.]'** Lee v. Elbaum, 77 Haw. 446, 454, 887 P.2d 656, 664 (App.1993); cert. dismissed, 77 Haw. 489, 889 P.2d 66 (1995). [Emphasis added.]

92 Haw. at 367.

The deadline for Defendant STEVENS-VANGORDER to disclose her expert reports was August 31, 2005. See, Exhibit "A". Dr. Scoggin, her defense medical expert, created a 88-page report dated November 28, 2005. Defendant STEVENS-VANGORDER **never** updated, revised or amended Dr. Scoggin's report prior to

the discovery cutoff on December 2, 2005.

Plaintiffs submit that Defendant STEVENS-VANGORDER's expert should not be permitted to refer to any medical journal articles, texts or treatises at trial which were not disclosed to Plaintiffs prior to the discovery cutoff date.

In Glover v. Grace Pacific Corporation, 86 Haw. 154, 164, 948 P.2d 575 (App. 1997), the Hawaii Intermediate Court of Appeals affirmed that all expert opinions must be disclosed by the discovery cutoff. Because plaintiff failed to disclose the opinions of its economic expert by the discovery cutoff, the trial court acted within its discretion in striking plaintiff's economist. The failure to disclose the expert's opinions by the discovery cutoff constituted an undue interference with the orderly pretrial procedures of the court under HRCC Rule 12(t). Id.

> ...[a]t his deposition on August 31, 1993, Suyderhoud indicated that he had not yet reached his final opinions on economic losses. He had made only initial calculations. **In this context, we believe that the fair import of the policies underlying the discovery cutoff date is that an expert should have arrived at his or her final opinions by that date. Otherwise, the party seeking discovery of such opinions would be prevented from adequately preparing for trial. As a result, the court could determine that Suyderhoud's failure to furnish his final opinion before the discovery cutoff date constituted Glover's undue interference with the orderly pretrial procedures of the court under RCCH Rule 12(t).** [Emphasis added.]
>
> Glover, 86 Haw. at

-6-

164.

In <u>Swink v. Cooper</u>, 77 Haw. 209, 214, 881 P.2d 1277 (App. 1994), the trial court had granted a defense motion in limine limiting the plaintiff's expert from offering new subjects which were not disclosed during the expert's deposition. Later, the trial court sustained a defense objection when the expert attempted to testify regarding an opinion which he had not stated in his deposition. The Hawaii Intermediate Court of Appeals upheld the trial court's ruling limiting of the expert's trial testimony based upon the failure of the plaintiff to timely supplement the expert's discovery responses prior to trial under HRCP Rule 26(e)(1)(B).

Clearly, Defendant STEVENS-VANGORDER has already violated the Order, and Rule 26(a)(2) by failing to file an expert disclosure regarding Dr. Scoggins. This violation should not be compounded by allowing Defendant STEVENS-VANGORDER, her attorney or Dr. Scoggin to offer any testimony referring to any medical journal articles, texts or treatises at trial. If complete and accurate discovery of an expert if **"critical to"** Plaintiffs' right to a fair trial, then Defendant STEVENS-VANGORDER should not be permitted to violate her duty to timely file an expert disclosure required by rule and the Order of the Court regarding disclosure of expert reports or to seasonably supplement her defense medical expert's opinions.

-7-

III.
CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court grant the Motion In Limine to Bar Defendant STEVENS-VANGORDER's DME Expert From Referring to Any Medical Journal Articles, Texts or Treatises At Trial.

DATED: Honolulu, Hawaii, ___JAN 1 0 2006_____.

_____
BRUCE B. KIM
Attorney for Plaintiffs