IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>　　　　Defendants. | Civil No. 04-00619 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.
INTRODUCTION

　　　This claim arises from injuries suffered by Plaintiff KATHY TOOZE-AGUIRRE ("KATHY") after her 1997 Nissan Maxima was hit from behind by a Jeep Wrangler driven by Defendant RACHEL STEVENS-VANGORDER ("STEVENS-VANGORDER") while KATHY was stopped in traffic on Kalanianaole Highway on March 26, 2003. Defendant STEVENS-VANGORDER was visiting Honolulu from her residence in Oregon at the time she hit KATHY.

　　　According to Defendant STEVENS-VANGORDER's December 2, 2005 response to Plaintiffs' First Request For Admissions and Request for Answers to Interrogatories to Defendant STEVENS-VANGORDER, she was lost, going 40 miles per hour and reading a road map when she hit KATHY's vehicle.

> If #1 means the car I was driving, and #2 means the car driven by Plaintiff [KATHY], I admit that:
>
> 1. I informed State Farm of the Subject Collision after it occurred
>
> 2. I informed State Farm that I was on the highway
>
> 3. I informed State Farm that I was lost
>
> 4. I informed State Farm that I was looking, alternately, between a map and at the road
>
> 5. I was traveling approximately 40 mph before the Subject Collision
>
> 6. The vehicle I was driving bumped into the rear of the vehicle driven by Plaintiff [KATHY]

A true and correct copy of Pages 64 and 65 of Defendant STEVENS-VANGORDER'S First Amended Response to Plaintiffs' First Request For Admissions and Request for Answers to Interrogatories to Defendant STEVENS-VANGORDER is attached to and made a part hereof as Exhibit "A".

During her oral deposition on May 26, 2005, KATHY testified that she had not had any alcoholic beverages to drink prior to being hit by Defendant STEVENS-VANGORDER. A true and correct copy of pages 19-20 of the Oral Deposition of KATHY dated May 26, 2005 is attached to and made a part hereof as Exhibit "B". There is no evidence in any of the hospital or medical records pertaining to the collision that KATHY had been drinking

prior to the collision.

KATHY also testified that she began drinking approximately a month after the March 2003 collision to cope with the pain and depression she was suffering from after the collision. She was referred by her internist, Tyronne Dang, M.D., to a psychologist, Michael Bridge, Ph.D., to help her with these issues. With Dr. Bridge's assistance, she stopped drinking in 2004, five or six months before her May 2005 deposition. True and correct copies of pages 88-93 of KATHY's Oral Deposition dated May 26, 2005, are attached to and made a part hereof as Exhibit "C".

Plaintiffs do not intend to call Dr. Bridges at trial. KATHY is not making a claim for emotional distress in this case. Alcohol played no role in the collision or the injuries KATHY suffered because of the collision. There is no reference to KATHY's alcohol consumption impeding her recovery after the collision in Defendant STEVENS-VANGORDER's DME expert's report. Accordingly, Plaintiffs submit that any evidence of drinking at trial would be irrelevant and highly prejudicial.

Defendant STEVENS-VANGORDER's attorneys may seek to introduce copies of Dr. Bridge's treatment notes, comment upon, have her DME expert testify about or adduce testimony from KATHY's treating providers or experts concerning her therapy sessions with Dr. Bridge. Plaintiffs submit that such evidence

is irrelevant, unduly prejudicial, is likely to confuse or mislead the jury, wastes judicial time on collateral matters and is inadmissible character evidence.

II.
ARGUMENT

A. REFERENCE TO THERAPY AT DR. BRIDGES IS IRRELEVANT.

Defendant STEVENS-VANGORDER has designated two pages of treatment notes from Dr. Bridge as Exhibits "MM" and "OO" respectively covering a period of time from August 26, 2004 to September 10, 2004. Copies of Defendant STEVENS-VANGORDER's Exhibits "MM" and "OO" are attached to and made a part hereof as Exhibit "D".

As noted above, Plaintiffs are not calling Dr. Bridge to testify at trial. KATHY is not making a claim for emotional distress in this case. Her alcohol consumption which began a month after the March 2003 collision played no role in the collision or the serious neck and back injuries KATHY suffered in the collision. There are no opinions in Defendant STEVENS-VANGORDER's DME expert's November 28, 2005 report indicating that KATHY's alcohol consumption impeded her recovery in any way. Accordingly, any evidence that KATHY was treated by Dr. Bridge at trial is irrelevant.

B. DR. BRIDGES' TREATMENT NOTES CONTAIN HIGHLY PREJUDICIAL INFORMATION WHICH IS NOT RELEVANT TO THE ISSUES IN THIS CASE.

As the Court will note, the treatment notes marked for identification by Defendant STEVENS-VANGORDER contain references to highly inflammatory issues in KATHY's childhood among other things which are simply not relevant to any of the issues in the case. KATHY testified about the subsequent 2004 and 2005 collisions at her oral deposition. Moreover, KATHY has provided numerous written authorizations to Defendant STEVENS-VANGORDER which her attorney has used to obtain relevant medical records from hospitals and treating providers concerning medical and physical therapy treatment she received after the 2004 and 2005 motor vehicle collisions. Dr. Bridge's treatment notes will not shed any new medical information on the two subsequent collisions. It would be cumulative at best.

However, any possible relevant information concerning her treatment with Dr. Bridge is substantially outweighed by the highly prejudicial impact of the matters discussed in the treatment notes. Such matters would also be likely to confuse or mislead the jury and would be a waste of judicial time to prove collateral matters which are not relevant to this case. Accordingly, Defendant STEVENS-VANGORDER, her DME expert, and her attorneys should be barred from adducing evidence about such treatment, commenting upon such treatment, or mentioning such treatment at trial under FRE Rule 403.

      C.    EVIDENCE OF BAD CHARACTER SHOULD BE INADMISSIBLE AT TRIAL.

Any attempt to introduce evidence of KATHY's post-accident drinking habits and her treatment with Dr. Bridge should also be barred under FRE Rule 404(b). Rule 404(b) provides that ". . . [e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."
As reflected in the Advisory Committee notes to Rule 404,

> [c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.
>
> Advisory Committee
> Notes, Subdivision(a).

In this case, such evidence is simply intended to portray KATHY in a bad light. This is not permitted under Rule 404(b).

### III.
### CONCLUSION

Plaintiffs respectfully request that the Motion In Limine #5 Barring Defendant STEVENS-VANGORDER From Introducing Evidence Concerning Psychologist Michael Bridge be granted and that Defendant STEVENS-VANGORDER, her witnesses, her attorneys, and her defense medical expert be barred from adducing evidence about such treatment, commenting upon such treatment, or

mentioning such treatment at trial.

    DATED: Honolulu, Hawaii,   JAN 10 2006  .

                 BRUCE B. KIM
                 Attorney for Plaintiffs