IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>        Plaintiffs,<br><br>   vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>        Defendants. | Civil No. 04-00619 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.
INTRODUCTION

This claim arises from injuries suffered by Plaintiff KATHY TOOZE-AGUIRRE ("KATHY") after her 1997 Nissan Maxima was hit from behind by a Jeep Wrangler driven by Defendant RACHEL STEVENS-VANGORDER ("STEVENS-VANGORDER") while KATHY was stopped in traffic on Kalanianaole Highway on March 26, 2003. Defendant STEVENS-VANGORDER was visiting Honolulu from her residence in Oregon at the time of the collision.

According to Defendant STEVENS-VANGORDER's December 2, 2005 response to Plaintiffs' First Request For Admissions and Request for Answers to Interrogatories to Defendant STEVENS-VANGORDER, she was lost, going 40 miles per hour and reading a road map when she hit KATHY's vehicle.

If #1 means the car I was driving, and #2 means the car driven by Plaintiff [KATHY], I admit that:

1. I informed State Farm of the Subject Collision after it occurred

2. I informed State Farm that I was on the highway

3. I informed State Farm that I was lost

4. I informed State Farm that I was looking, alternately, between a map and at the road

5. I was traveling approximately 40 mph before the Subject Collision

6. The vehicle I was driving bumped into the rear of the vehicle driven by Plaintiff [KATHY]

        A true and correct copy of Pages 64 and 65 of Defendant STEVENS-VANGORDER'S First Amended Response to Plaintiffs' First Request For Admissions and Request for Answers to Interrogatories to Defendant STEVENS-VANGORDER is attached to and made a part hereof as Exhibit "A".

During her oral deposition on May 26, 2005, KATHY testified that she had not had any alcoholic beverages to drink prior to being hit by Defendant STEVENS-VANGORDER. True and correct copies of pages 19-20 of the Oral Deposition of KATHY dated May 26, 2005 is attached to and made a part hereof as Exhibit "B". There is no evidence in any of the hospital or medical records pertaining to the collision that KATHY had been

drinking prior to the collision.

KATHY also testified that she began drinking approximately eight months after the March 2003 collision to cope with the pain and depression she experienced after the collision. She was referred by her internist, Tyronne Dang, M.D., to a psychologist, Michael Bridge, Ph.D., to help her with these issues. With Dr. Bridge's assistance, she stopped drinking five or six months before her May 2005 deposition. True and correct copies of pages 88-93 of KATHY's Oral Deposition dated May 26, 2005, are attached to and made a part hereof as Exhibit "C".

Plaintiffs do not intend to call Dr. Bridges at trial. KATHY is not making a claim for emotional distress in this case. Alcohol played no role in the collision or the injuries KATHY suffered because of the collision. There is no reference to KATHY's alcohol consumption impeding her recovery after the collision in Defendant STEVENS-VANGORDER's DME expert's report. Accordingly, Plaintiffs submit that any evidence of drinking at trial would be irrelevant and highly prejudicial.

## II.
## ARGUMENT

A. EVIDENCE OF PLAINTIFF KATHY'S CONSUMPTION OF ALCOHOL AT ANY TIME AFTER THE COLLISION IS IRRELEVANT.

While consumption of alcoholic beverages prior to an motor vehicle accident may be relevant under Hawaii case law, there is no suggestion in this case that alcoholic consumption

many months after the collision is relevant to any of the issues in this case. Plaintiff KATHY is not calling Dr. Bridges to testify at trial. KATHY is not making a claim for emotional distress in this case. There is absolutely no evidence that alcohol played any role in the collision or the injuries KATHY suffered because of the collision. There is no reference to KATHY's alcohol consumption impacting her recovery after the collision in any of the medical records. Defendant STEVENS-VANGORDER's DME expert's report contains no opinions whatsoever that KATHY's alcohol consumption in the months following the collision in any way affected her injuries or impeded her recovery.

Consequently, such evidence has no bearing upon any on the issue of liability for the March 2003 collision or KATHY's injuries and should not be admitted and, therefore, is irrelevant under FRE Rule 401.

    B.    SUCH EVIDENCE, EVEN IF REMOTELY RELEVANT TO ANY ISSUES IN THIS CASE, IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL NATURE.

Hawaii courts have long recognized that evidence of drinking can be "highly prejudicial". See, e.g. Kaeo v. Davis, 68 Haw. 447, 719 P.2d 387 (1986); Loevsky v. Carter, 70 Haw. 419, 430, 773 P.2d 1120 (1989). In Henderson v. Professional Coatings, Corp., 72 Haw. 387, 401-420, 819 P.2d 84 (1991)(Justice Moon), the Hawaii Supreme Court noted the danger of admitting

DATED: Honolulu, Hawaii, _____JAN 1 0 2006_____.

_____
BRUCE B. KIM
Attorney for Plaintiffs

---

Tooze-Aguirre, et al. v. Stevens-Vangorder, Civil No. 04-00619, Memorandum In Support of Motion.

-7-