IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>         Plaintiffs,<br><br>    vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>         Defendants. | Civil No. 04-00619 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.
ARGUMENT.

A. EVIDENCE THAT KATHY MAY HAVE RECEIVED NO-FAULT BENEFITS OR PAYMENTS FROM OTHER COLLATERAL SOURCES FOLLOWING THE 2003 COLLISION IS BARRED UNDER THE COLLATERAL SOURCE RULE.

The collateral source rule is a long-standing common law doctrine which has been followed in Hawaii for many years. As recently as 2004, the Hawaii Supreme Court reaffirmed that the rule continues to be the law of this State. Bynum v. Magno, 106 Haw. 81, 86, 101 P.3d 1149 (2004); Sam Teague, Ltd. v. Hawaii Civil Rights Commission, 89 Haw. 269, 281, 971 P.2d 1104 (1999); see, also, Sato v. Iwada, 79 Haw. 14, 897 P.2d 941 (1995).

The Restatement of Torts 2d § 920A defines the nature and scope of the rule.

*b. Benefits from collateral sources.* Pay-

> ments made or benefits conferred by other
> sources are known as collateral-source bene-
> fits. They do not have the effect of redu-
> cing the recovery against the defendant.
> . . . If the benefit was a gift to the plain-
> tiff from a third party or established for
> him by law, he should not be deprived of the
> advantage that it confers. The law does
> not differentiate between the nature of the
> benefits so long as they did not come from
> the defendant or a person acting for him.
>
> >    Restatement of Torts, 2d
> >    § 920A, *Comment b*,
> >    at 514-515.

Accordingly, Defendant STEVENS-VANGORDER, her witnesses and her attorneys should be barred from adducing evidence of or commenting upon Plaintiff's receipt of no-fault benefits or any payments she may have received from any other collateral source at any time following the collision on March 26, 2003 at trial.

For example, Defendant STEVENS-VANGORDER's Exhibit List contains a DTRIC Application for Personal Injury Protection Hawaiian Motor Vehicle Insurance Law dated June 1, 2004. A true and correct copy of Application is attached to and made a part hereof as Exhibit "A". This Application applies to a May 24, 2004 motor vehicle collision. The fact that KATHY was involved in this second accident is not disputed. She was interrogated in depth at her oral deposition concerning this collision. Defendant STEVENS-VANGORDER's DME expert, Dr. Scoggin, also was aware of and accounts for this second collision in his November 28, 2005 DME report by apportioning KATHY's injuries between the

March 2003 collision and the May 2004 collision.

Defendant STEVENS-VANGORDER has also designated letters from her internist, Tyronne Dang, M.D., to her no-fault carrier DTRIC, as trial exhibits. *See,* Defendant STEVENS-VANGORDER's Exhibits "II" and "SS".

The fact that KATHY may have applied for and received no-fault benefits as a result of the May 2004 collision is barred under the collateral source rule and Defendant STEVENS-VANGORDER, her attorneys and her DME expert should not be allowed to introduce evidence or refer to this fact at trial.

    B.   SUCH EVIDENCE SHOULD ALSO BE BARRED AS UNDULY PREJUDICIAL, LIKELY TO CONFUSE OR MISLEAD THE JURY AND PROOF OF COLLATERAL MATTERS.

Such evidence should also be barred under FRE Rule 403 on the grounds that it is unduly prejudicial by injecting the fact that KATHY may have received no-fault benefits for any of the collisions she has been involved in since the March 2003 collision. This fact has absolutely no bearing upon any of the issues in the case and will likely confuse or mislead the jury from the real issues in the case. It would also waste valuable time in proving collateral matters concerning no-fault benefits which have absolutely no relevance to any of the issues in this case.

III.
CONCLUSION

Plaintiffs respectfully request that Plaintiffs' Motion In Limine #7 Barring Evidence of Collateral Sources be granted and that Defendant STEVENS-VANGORDER, her attorneys, her witnesses, and her experts be barred from mentioning, adducing evidence on or commenting on the fact that Plaintiff KATHY TOOZE-AGUIRRE received no-fault benefits or payments from any other collateral sources at any time following the collision on March 26, 2003 the grounds that such evidence is inadmissible in this case for any reason under the collateral source rule.

DATED: Honolulu, Hawaii, ___JAN 1 0 2006_____ .

_____
BRUCE B. KIM
Attorney for Plaintiffs