IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>　　　　　Defendants. | Civil No. 04-00619 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.
<u>INTRODUCTION</u>

　　　　This claim arises from injuries suffered by Plaintiff KATHY TOOZE-AGUIRRE ("KATHY") after her 1997 Nissan Maxima was hit from behind by a Jeep Wrangler driven by Defendant RACHEL STEVENS-VANGORDER ("STEVENS-VANGORDER") while KATHY was stopped in traffic on Kalanianaole Highway on March 26, 2003. Defendant STEVENS-VANGORDER was visiting Honolulu from her residence in Oregon at the time of the collision.

　　　　According to Defendant STEVENS-VANGORDER's December 2, 2005 response to Plaintiffs' First Request For Admissions and Request for Answers to Interrogatories to Defendant STEVENS-VANGORDER, she was lost, going 40 miles per hour and reading a

-3-

road map when she hit KATHY's vehicle.

> If #1 means the car I was driving, and #2 means the car driven by Plaintiff [KATHY], I admit that:
>
> 1. I informed State Farm of the Subject Collision after it occurred
>
> 2. I informed State Farm that I was on the highway
>
> 3. I informed State Farm that I was lost
>
> 4. I informed State Farm that I was looking, alternately, between a map and at the road
>
> 5. I was traveling approximately 40 mph before the Subject Collision
>
> 6. The vehicle I was driving bumped into the rear of the vehicle driven by Plaintiff [KATHY]

> A true and correct copy of Pages 64 and 65 of Defendant STEVENS-VANGORDER'S First Amended Response to Plaintiffs' First Request For Admissions and Request for Answers to Interrogatories to Defendant STEVENS-VANGORDER is attached to and made a part hereof as Exhibit "A".

Defendant STEVENS-VANGORDER has designated a Queen's Medical Center ("Queen's") consult note dated April 21, 1992 as Defendant's Exhibit "A" and a Queen's Discharge Summary dated May 4, 1992 as Defendant's Exhibit "B". True and correct copies of the respective note and summary are attached to and made a part hereof as Exhibit "B".

Plaintiffs submit that KATHY's episode of back pain in 1992 while she was giving birth to her twins is too remote in time to be relevant in this case and that evidence of an episode of back pain 12 years before she was struck from behind by Defendant STEVENS-VANGORDER is unfairly prejudicial, capable of confusing or misleading the jury and wastes judicial time on proof of collateral matters.

## II.
## ARGUMENT

Plaintiffs submit that an episode of what her doctor characterized as "back strain" during child birth 12 years before she was struck from behind by Defendant STEVENS-VANGORDER is too remote in time to be relevant for purposes of FRE 401.

Furthermore, the probative value of the 1992 childbirth incident would be far outweighed by its prejudicial nature. It would also tend to confuse or mislead the jury regarding collateral matters which have no bearing upon the issues in the case. Severe low back pain is not uncommon during childbirth. It would be a waste of time to go back 12 years to consider at this trial the medical causes of KATHY's back pain during the birth of her twin girls in 1992.

## III.
## CONCLUSION

Plaintiffs respectfully request that the Motion In Limine #8 Barring Defendant STEVENS-VANGORDER From Referring To

an Episode of Back Pain In 1992 as Being Unduly Remote and that Defendant STEVENS-VANGORDER, her witnesses and her attorneys from mentioning, adducing evidence on or commenting about the fact that Plaintiff KATHY TOOZE-AGUIRRE had an episode of back pain back in 1992 during the birth of her twin daughters.

DATED: Honolulu, Hawaii, _____JAN 10 2006_____.

_____
BRUCE B. KIM
Attorney for Plaintiffs