IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>     Plaintiffs,<br><br>  vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>     Defendants. | ) Civil No. 04-00619 BMK<br>)<br>) MEMORANDUM IN SUPPORT OF MOTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM IN SUPPORT OF MOTION

I.
INTRODUCTION

   This case arises out of a motor vehicle collision which occurred on March 26, 2003. Defendant STEVENS-VANGORDER was driving a Jeep Wrangler at about 40 miles per hour on Kalanianaole Highway, reading a map when she rammed into the rear of KATHY's motor vehicle which was stopped in traffic. The crash resulted in significant body damage to KATHY's vehicle and rendered it a total loss.

   Defendant STEVENS-VANGORDER has listed two motor vehicle accident reports among her trial exhibits. True and correct copies of the State of Hawaii Motor Vehicle Accident Report #04-209290 dated May 24, 2004 and the Minor Motor Vehicle Collision Report #04-365662 dated September 7, 2004 are attached

to and made a part hereof as Exhibits "A" and "B", respectively.[1]

During her oral deposition on May 26, 2005, KATHY testified at length about all three of the subsequent motor vehicle accidents she was involved in after the March 2003 collision.

Plaintiffs submit that such reports are hearsay, are irrelevant and, even if relevant, are unduly prejudicial, likely to confuse and mislead the jury and would waste judicial time proving collateral matters.

## II.
## ARGUMENT

A.   THE TWO REPORTS LISTED BY DEFENDANT STEVENS-VANGORDER ARE INADMISSIBLE HEARSAY.

The two reports from 2004 listed by Defendant STEVENS-VANGORDER are inadmissible hearsay under FRE Rule 802.

In State v. Jhun, 83 Haw. 472, 479, 927 P.2d 1355 (1996), the Hawaii Supreme Court held that the trial court correctly ruled that a police officer could not testify about statements contained in a police investigatory form concerning a stabbing incident on the grounds that such statements constituted inadmissible hearsay and were not admissible under the public records exception to the hearsay rule, HRE Rule 803(b)(8).

The two police reports offered by Defendant STEVENS-

---

[1] The May 24, 2004 report is also incomplete on its face as it appears to only contain the first page of the report.

VANGORDER are likewise replete with information which is inadmissible hearsay and should be barred from admission at trial.

        B.   <u>THE REPORTS EVEN IF RELEVANT SHOULD BE EXCLUDED</u>.

The Minor Motor Vehicle Collision Report dated September 7, 2004 was simply a property damage incident and involved no injuries to anyone.  This report is simply irrelevant and should not be admissible under FRE 401.

As noted above, KATHY testified at length about all three of the motor vehicle accidents she was involved in after the March 2003 collision, including the September 7, 2004 incident which was simply a minor property damage incident in which she was not injured.  There is no purpose for introducing the two reports other than to unduly highlight these subsequent accidents and unfairly prejudice KATHY.  Furthermore, the subsequent accidents would likely confuse or mislead the jury by raising collateral matters which are not relevant to the issues in this case.  Plaintiffs submit that such reports should also be inadmissible under FRE Rule 403.

III.
<u>CONCLUSION</u>.

For the foregoing reasons, Plaintiffs respectfully request that Motion In Limine #9 be granted and Defendant STEVENS-VANGORDER, her witnesses and her attorneys should be barred from mentioning, commenting upon or introducing police

reports containing opinions and conjecture of police officers or anyone else regarding subsequent motor vehicle accidents involving Plaintiff KATHY.

DATED:  Honolulu, Hawaii,  _____JAN 1 0 2006_____.

_____
BRUCE B. KIM
Attorney for Plaintiffs