IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, | ) CIVIL NO. 04 00619 BMK ) |
| Plaintiffs, | ) MEMORANDUM IN SUPPORT OF ) MOTION ) |
| vs. | ) ) |
| RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM IN SUPPORT OF MOTION

I.     INTRODUCTION

This Defendant believes that Plaintiffs' counsel will attempt, in the course of voir dire, to advise the jurors in this case of the existence of liability insurance, probably by questioning the prospective jurors concerning any possible connection or relationship with State Farm Insurance Company. This procedure will unnecessarily emphasize the fact of insurance to the jury, and prejudice this Defendant.

This Defendant believes that among the questions which Plaintiffs' counsel may ask, relative to insurance, will be the following:

Q.  Is anyone a stockholder, agent or employee of State Farm Insurance Company?

Q.  Now, the Court will inform you that you are not to allow sympathy to enter into your deliberations in this case.  This means that you must not have sympathy for both sides, including the defendant, do you understand that?

Alternatively, Plaintiffs' counsel may, by juxtaposing an insurance question with a question regarding who will pay for damages, suggest that payment of any judgment will be made by an insurance company.  The following is an example:

Q.  Now, you understand that you are supposed to make your decision in this case without reference to who might be paying for any judgment?

Q.  Is anyone a stockholder, agent, or employer of State Farm Insurance Company?

This Defendant's objections to these voir dire questions are twofold. First, this Defendant objects to the order of these questions--i.e., mixing questions about sympathy or payment with questions about insurance.  Second, the existence of insurance is irrelevant and should not be mentioned.

At most, Plaintiffs' counsel should be allowed to only ask the following question of the entire panel during voir dire:

> Do any of you own stock, or otherwise hold
> an interest, in any insurance company?

See <u>Carr v. Kinney</u>, 41 Haw. 166, 173 (1955).

II.    <u>ARGUMENT</u>

A.    <u>Voir Dire Should Be Restricted</u>.

As a general rule in personal injury or death actions, evidence is

inadmissible which informs the jury that the defendant is insured against liability.

<u>Annot.</u>, 4 A.L.R.2d 761 (Supp. 1971).  The Hawaii Supreme Court so held in

<u>Gilliam v. Gerhardt</u>, 34 Haw. 466, 471-72 (1938), stating:

> [T]he rule uniformly adhered to by
> both the Federal and State courts is that,
> unless for the purpose of impeachment, or
> showing interest or bias of a witness or for
> some like reason coming within the
> exception to the rule, . . . in an action for
> personal injuries or death the fact that the
> defendant is protected by indemnity
> insurance against liability or damage cannot
> willfully be injected into the case and the
> violation of this rule is held to be reversible
> error.  Technically such evidence is
> inadmissible because it is irrelevant.  It has
> no bearing upon the issue of the liability of
> the defendant.  <u>The more substantial reason,</u>
> <u>however, for enforcing the rule in cases of</u>
> <u>this nature is that disclosing the fact that the</u>
> <u>defendant carries indemnity insurance</u>
> <u>suggests to the jury that an insurance</u>
> <u>company is the real defendant and will be</u>
> <u>required to pay any judgment that may be</u>
> <u>recovered by plaintiff.  Knowledge of this</u>

3

<u>fact may create prejudice in the minds of the
jury resulting in a miscarriage of justice.</u>

<u>Id</u>. at 471 (citations omitted) (emphasis added).

In furtherance of the selection of an impartial jury, an exception to the
above rule has been developed, permitting plaintiffs' counsel to examine
prospective jurors on voir dire concerning their interest in insurance companies.
<u>See</u>, <u>e</u>.<u>g</u>., <u>Choy v. Otaguro</u>, 32 Haw. 543 (1932).  The unfortunate consequence of
according this right is that some general reference to insurance is necessarily made.
Recognizing the danger inherent in this unequal balancing of the litigants' interests,
courts have attempted to mitigate the potential prejudice to a personal injury
defendant by adopting a "good faith" test:

> The tendency of the courts has been
> not to deny the right to inquire into the
> insurance connections of the jurors but to so
> restrict the inquiry that as little harm will be
> done to the defendant as possible.  The
> examination by plaintiff's counsel must be
> conducted in good faith . . .
>
> *     *     *
>
> . . . while it is proper to question a
> juror as to his insurance connections for the
> legitimate purpose of eliminating him from
> the jury if biased, <u>it is improper to question
> jurors for the purpose of imparting to them
> the fact that the defendant is insured</u>.

<u>Annot.</u>, 4 A.L.R.2d 761, 766 (1949) (emphasis added).

As noted in <u>Gilliam</u>, the heart of the problem of referring to insurance lies in the perception of the jurors as to who will (or will not) pay the judgment in this case. This was recognized by the California Court of Appeals in <u>Traxler v. Thompson</u>, 4 Cal. App. 3d 281, 84 Cal. Rptr. 211, 213 n.1 (1970):

> [W]eighted against [Plaintiff's interest in exploring jury bias] is the danger of overstressing the fact that an insurance company (and not a named defendant of perhaps obviously limited means) will be actually paying the award. This is a matter in which a jury is supposed not to be concerned and which it should put out of its collective mind. As a part of this weighing process a rule difficult to apply was evolved. So long as inquiry into the interests of a juror in casualty insurance is kept low-keyed and is made in good faith, it will be permitted. If, however, it appears the interrogator is actually playing upon the insurance company's financial resources as a basis for increasing the recovery, prejudicial misconduct exists.

As previously mentioned, defense counsel believes that Plaintiffs' counsel will attempt to voir dire the prospective jurors in this case on their possible insurance connections. It is also anticipated that Plaintiffs will attempt to emphasize the existence of liability insurance by asking further questions-- seemingly innocuous in themselves--which suggest the possibility that any judgment rendered would be paid by a person or entity other than defendant. It is this Defendant's contention that such questioning is improper; and, when considered <u>in conjunction with</u> and <u>so close in time to</u> a question concerning the juror's possible interests in insurance companies, amounts to the clearest possible

assertion that a "wealthy" insurance company is the <u>de facto</u> defendant, a practice which is uniformly condemned by courts throughout the United States.[1]

In <u>Tatum v. Rester</u>, 412 S.W.2d 293 (Ark. 1967), a personal injury plaintiff "inquired of the panel whether the apparent ability or inability of the defendant to pay a judgment would affect the findings of the jury." He followed this question immediately with one concerning employment with, or financial interest in, liability insurance companies. The trial court granted the defendant's motion for a mistrial, expressing "the view that the propounding of these two questions 'bakc [sic] to back' were meant to impress upon the jury the fact that the defendant probably had insurance." 412 S.W.2d at 296.

At the second trial, the plaintiff's counsel inquired of one juror whether he could disregard the apparently ability or inability of the defendant to pay a judgment. Although defendant's interposed objection was overruled, the question went unanswered. The trial judge took over questioning of the panel but apparently did not repeat the question. In chambers, the plaintiff's attorney

---

[1] The Advisory Committee Notes to FRE Rule 411 states:

> The courts have with substantial unanimity rejected
> evidence of liability insurance for the purpose of proving
> fault, and absence of liability insurance as proof of lack
> of fault.

requested that the "ability to pay" question be asked of each juror individually,

which motion was denied by the court.  A defense verdict was ultimately returned

and the plaintiff appealed from the judgment entered thereon.

The Supreme Court of Arkansas unanimously reversed on other

grounds, but upheld the trial court's voir dire ruling on grounds of judicial

discretion and waiver:

> The court, on two occasions, told
> appellant he could inquire of the jury as to the
> content of the questions mentioned above.  The
> court also explained that it would take up too
> much time to ask the questions of each juror
> separately--as requested by appellant.
> Moreover, the court asked each juror as to his or
> her occupation, and excused two because of
> their connection, in some way, with insurance
> companies.  The court also questioned the panel
> at length regarding their duty to enter a fair and
> impartial verdict under the law  and the
> evidence.  Thereafter appellant declined to ask
> any more questions.  This . . . 'constitutes a
> waiver'.
>
> By this opinion, we do not mean to
> hold that the questions appellant desired to
> ask the jury are, per se, inadmissible if asked
> in good faith subject to reasonable control
> by the trial court.

Id. at 295.

A concurring opinion by two justices discussed the voir dire ruling at

greater length.  They noted that the trial judge had stated three reasons for his

ruling: (1) undue consumption of time; (2) impropriety of the question concerning ability to pay; and (3) raising the inference that defendant could not pay but had plenty of insurance. Although the concurring justices did not find the question concerning ability to pay to be improper per se, they held the ruling to have been within the trial court's discretion. With respect to the implication of insurance coverage, these justices noted: "Herein lies the danger of coupling the two questions." 412 S.W.2d at 297.

The instant case presents damages issues that should be decided upon their merits and not for reasons of sympathy or prejudice on either side. It is sometimes said, in support of expanded voir dire regarding insurance, that persons serving on juries know that many, if not most, defendants carry liability insurance. See, e.g., Choy v. Otaguro, 32 Haw. 543, 548 (1932). Nevertheless, they do not know this to be true in the particular case for which they will function as the ultimate triers of fact. It is even more important, therefore, in light of this increased awareness, to avoid even the most subtle emphasis on the existence of insurance.

III.    CONCLUSION

The existence of liability insurance is wholly irrelevant to the issues in the subject personal injury action. Recognizing the strong possibility of prejudice

courts uniformly minimize, to the greatest extent possible, the inference of insurance in counsel's remarks.

Based upon authorities cited above, it is respectfully requested that this Defendant's Motion in Limine be granted.

DATED: HONOLULU, HAWAII,  January 10, 2006

RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)