IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, | CIVIL NO. 04 00619 BMK |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION:

This action arises out of a motor vehicle accident, involving vehicles
driven by Defendant RACHAEL ROXXANN WILKS (incorrectly named as
RACHEL STEVENS-VANGORDER) (hereinafter "this Defendant") and by
Plaintiff KATHY TOOZE-AGUIRRE.

During the trial in this matter, Plaintiffs, their counsel, or witnesses
may attempt to introduce or refer to evidence of this Defendant's driving under the
influence and/or the resulting suspension or revocation of her license in April 2003
– one month after the subject accident.  However, as more fully set forth below,

such evidence is inadmissible, because it is irrelevant to the issue of Plaintiffs'

injuries and damages, and because any probative value of such evidence is

substantially outweighed by the dangers proscribed by Rule 403 of the Hawaii

Rules of Evidence.

II.    ARGUMENT:

    A.    Evidence Regarding This Defendant's Alleged Driving
        Under the Influence and the Suspension and/or
        Revocation of This Defendant's Driver's License is
        <u>Irrelevant to the Cause of Plaintiffs' Injures or Damages.</u>

        Rule 402, Federal Rules of Evidence ("FRE") provides as follows:

> All relevant evidence is admissible, except as
> otherwise provided by the Constitution of the
> United States, by Act of Congress, by these rules,
> or by other rules prescribed by the Supreme Court
> pursuant to statutory authority. Evidence which is
> not relevant is not admissible.

        In turn, FRE Rule 401 defines "relevant evidence" as follows:

> . . . [E]vidence having any tendency to make
> the existence of any fact that is of
> consequence to the determination of the
> action more probable or less probable than it
> would be without the evidence.

        Although Hawaii courts have held that evidence of alcohol

intoxication can be relevant to negligence on the part of a defendant, these

decisions are limited to circumstances, in which such intoxication was relevant as

to the cause of an injury.  <u>See, e.g.</u>, <u>Loevsky v. Carter</u>, 70 Haw. 419, 773 P.2d 1120

2

(1989) (intoxication was relevant to the issue of negligent operation of

motorcycle); Kaeo v. Davis, 68 Haw. 447, 719 P.2d 387 (1986) (intoxication was

relevant to the issue of negligent driving); Rapoza v. Parnell, 83 Haw. 78, 924 P.2d

572 (Ct. App. 1996) (plaintiff's intoxication was relevant to the issue of plaintiff's

comparative fault); Johnson by Galdeira v. Robert's Hawaii Tour, Inc., 4 Haw.

App. 175, 664 P.2d 262 (1983) (plaintiff's intoxication was relevant to his

contributory negligence of falling off a pick-up truck).

Any allegation that this Defendant operated a vehicle while under the

influence, which resulted in driver's license being suspended or revoked in April

2003 – one month after the subject accident - is irrelevant to the case at hand.

Plaintiffs can point to no information that this Defendant was under the influence

of any intoxicating substance at the time of the subject accident.  Notably, the

police report of the subject accident is devoid of any concern of intoxication of this

Defendant.

Moreover, Plaintiffs do not offer an expert opinion, through a

toxicologist, that this Defendant was under the influence of alcohol or drugs at the

time of the subject accident.

This Defendant also has admitted that she caused the subject accident.

A Stipulation to this fact has been filed with the Court.  As such, the issue of

liability will not be litigated, and this Defendant's alleged intoxication and the

suspension or revocation of her driver's license are completely irrelevant to the issue of Plaintiffs' injuries and/or damages.

Therefore, any allegation of driving while intoxicated on the part of this Defendant, on a date after the subject accident, or the suspension or revocation of her driver's license, has no bearing on the issue of liability, or the issue of Plaintiff's injury. Such information with regard to this Defendant is irrelevant, and inadmissible.

B. Any Probative Value is Substantially Outweighed by the Dangers of Unfair Prejudice, Confusion of Issues, and Misleading the Jury.

Even assuming that a particular piece of intoxication evidence is relevant, the Court would still possess discretion to exclude such evidence pursuant to FRE Rule 403, which provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In Henderson v. Professional Coatings Corp., 72 Haw. 387, 401-02, 819 P.2d 84, 93 (1991), the Hawaii Supreme Court applied HRE Rule 403 (identical to FRE 403), and held that evidence concerning the fact that the defendant was a "heavy drinker" or an "alcoholic" was unfairly prejudicial and inadmissible on the issue of the defendant's negligence in connection with a

particular accident. The Court reasoned that it was common knowledge that many who are heavy drinkers and alcoholics are law-abiding citizens, who hold responsible positions in society and operate vehicles in a safe manner. See also Alexander v. CIT Technology Financing Services, Inc., 217 F. Supp.2d 867 (N.D. Ill. 2002) (The probative value of evidence of the supervisor's alleged use of narcotics was substantially outweighed by danger of unfair prejudice and confusion of issues in that discrimination case); McGrew v. Pearlman, 304 Ill. App. 3d 697, 707, 710 N.E.2d 125, 130 (1999) (any probative value of evidence of alcohol consumption was substantially outweighed by danger of unfair prejudice in a motor vehicle tort case); Shelby Insurance Co. v. Kozak, 255 Va. 411, 497 S.E.2d 864 (1998) (in the absence of evidence that the driver's drinking played any role in the injury, evidence concerning driver's alcoholism was irrelevant and prejudicial).

In this case, any probative value of this Defendant's alleged intoxication and the suspension or revocation of her driver's license is substantially outweighed by the dangers of unfair prejudice and confusion of the issues, where there is no evidence that this Defendant's alleged intoxication one month after the subject accident, was the cause of Plaintiffs' injuries.

Under these circumstances, it is respectfully submitted that evidence of this Defendant's alleged intoxication and the suspension or revocation are inadmissible under FRE Rule 403.

Further, FRE Rule 404 clearly prohibits the use of such evidence as character evidence:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

FRE Rule 404(b).

Rule 404 further provides that such evidence is admissible only when it is probative of other facts of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident. [See FRE Rule 404(b).] None of these considerations apply to the instant case, because this Defendant is not challenging the issue of liability. Clearly, any allegation of driving under the influence one month after the subject accident was not the cause of the subject accident.

Furthermore, the probative value of any comment regarding the suspension or revocation of this Defendant's driver's license is substantially outweighed by the dangers of unfair prejudice, confusion of issues, and misleading the jury. As discussed in the prior section, the only reason to disclose such

information regarding this Defendant would be to taint the jury against this

Defendant.  Such information is not relevant to the issue of Plaintiff's damages.

III.    <u>CONCLUSION</u>:

      Based on all the foregoing reasons, arguments and authorities, it is

respectfully submitted that evidence of this Defendant's alleged intoxication while

driving and the suspension or revocation of her driver's license should be

excluded.  Based upon authorities cited above, it is respectfully requested that this

Defendant's Motion in Limine be GRANTED.

      DATED: HONOLULU, HAWAII,  January 10, 2006


RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)