IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, <br><br> Plaintiffs, <br><br> vs. <br><br> RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. 04 00619 BMK <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION:

This action arises out of a motor vehicle accident, involving vehicles driven by Defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter "this Defendant") and by Plaintiff KATHY TOOZE-AGUIRRE.

During the trial in this matter, Plaintiffs, their counsel, or witnesses may attempt to introduce or refer to evidence regarding the report or opinions of Dr. Jack Suyderhoud. As more fully set forth below, such evidence is inadmissible, because Dr. Suyderhoud is not identified as an expert witness, such

information would constitute hearsay, and such information would be unduly prejudicial to this Defendant, because any probative value of such evidence is substantially outweighed by the dangers proscribed by Rule 403 of the Federal Rules of Evidence.

II.     ARGUMENT:

    A.     Dr. Suyderhoud is Not Identified as a Witness.

Pursuant to Federal Rules of Civil Procedure 26(a)(2)Rule 402, this Defendant identified Dr. Jack Suyderhoud as an expert witness, in her Disclosure of Expert Witnesses, filed on August 24, 2005.

Because of a dispute regarding the examiner for a Rule 35 medical examination, Dr. Suyderhoud prepared a report without the benefit of a medical report. Having received such medical report would have changed Dr. Suyderhoud's opinion. Therefore, by her Notice of Withdrawal of Jack P. Suyderhoud, Ph.D. as Expert Witness, filed on December 21, 2005, this Defendant withdrew her identification of Dr. Suyderhoud as an expert witness, and designated Dr. Suyderhoud as a consultant.

LR 16.6(i) requires a list of all witnesses likely to be called at trial, together with a brief statement following each name describing the substance of the testimony to be given. Plaintiffs did not identify Dr. Suyderhoud as an expert witness in their Final Pretrial Statement, filed on December 13, 2005.

2

Courts applying FRCP Rule 26(e), or state counterparts, have likewise held that where a party fails to seasonably supplement its responses regarding its expert witness' opinions pursuant to FRCP Rule 26(e), the court can exclude the expert witness testimony. *See* Voegeli v. Lewis, 568 F.2d 89 (8th Cir. 1977); Holiday Inns, Inc. v. Robertshaw, 560 F.2d 856 (7th Cir. 1977); Hagedorn v. Stormont-Vail Regional Med. Ctr., 238 Kan. 691, 715 P.2d 2 (Kan. 1986); Barnes v. St. Frances Hospital & Schools of Nursing, Inc., 211 Kan. 315, 507 P.2d 288 (Kan. 1973).

The end result, therefore, is that Dr. Suyderhoud is not identified as an expert witness, and cannot be called as a witness by Plaintiffs. Further, where Dr. Suyderhoud has not been identified as a witness by Plaintiffs, his report and opinions would constitute inadmissible hearsay, and any such reference must also be excluded.

B.   Any Probative Value is Substantially Outweighed by the Dangers of Unfair Prejudice.

FRE Rule 403, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

3

Should Plaintiffs be permitted to refer to Dr. Suyderhoud, his opinions, or his report, it is likely that such information would be provided in the light that although this Defendant first retained Dr. Suyderhoud, she was not calling him as a witness. Such a presentation would unfairly prejudice this Defendant, leaving the jury to unfairly surmise and pre-judge that Dr. Suyderhoud's report is unfavorable to this Defendant.

The fact that an expert was previously retained by this Defendant, but only called to testify by plaintiffs "usually outweighs any probative value." Peterson v. Willie, 81 F.3d 1033, 1038 (11th Cir. 1996).

Plaintiffs had the opportunity to, and did, retain their own economic expert.

> "The Federal Rules of Civil Procedure reflect a view that it would be unfair to allow a party to benefit from the effort and expense incurred by the other in preparing its case. In other words, the general policy, which is not without exceptions, is that each side should prepare its won case at its own expense."

(Citation omitted.) Rubel v. Eli Lilly and Company, 160 F.R.D. 458, 460 (S.D.N.Y. 1995). Plaintiff should not be permitted to present the report or opinions of Dr. Suyderhoud, or otherwise refer to Dr. Suyderhoud, where they retained their own expert witness.

There is no need, other than to present cumulative evidence or unfairly prejudice this Defendant, for any reference to Dr. Suyderhoud, his report,

4

or his opinions, and such evidence should be excluded. Id. (The prejudice and the Court's interest in avoiding cumulative evidence substantially outweighed any legitimate need for testimony from a withdrawn witness.)

III.  CONCLUSION:

Based on all the foregoing reasons, arguments and authorities, it is respectfully submitted that any attempt to introduce or refer to evidence regarding the report or opinions of Dr. Jack Suyderhoud should be excluded. Based upon authorities cited above, it is respectfully requested that this Defendant's Motion in Limine be GRANTED.

DATED: HONOLULU, HAWAII,  January 10, 2006

RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

5