LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM   #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>        Plaintiffs,<br><br>    vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>        Defendants. | ) Civil No. 04-00619 BMK<br>)<br>) PLAINTIFFS' SUBMISSION OF PAGES<br>) 5-6 TO PLAINTIFFS' MEMORANDUM IN<br>) SUPPORT OF PLAINTIFFS' MOTION IN<br>) LIMINE #6 BARRING REFERENCE TO<br>) PLAINTIFF KATHY TOOZE-AGUIRRE'S<br>) USE OF ALCOHOL FILED ON JANUARY<br>) 10, 2006; CERTIFICATE OF SERVICE<br>)<br>)<br>) Date: January 25, 2006<br>) Time: 10:00 a.m.<br>) Magistrate Judge: Barry M.<br>) Kurren<br>) Trial Date: January 31, 2006 |

PLAINTIFFS' SUBMISSION OF PAGES 5-6 TO
PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION IN LIMINE #6 BARRING REFERENCE TO PLAINTIFF
KATHY TOOZE-AGUIRRE'S USE OF ALCOHOL FILED ON JANUARY 10, 2006

COME NOW Plaintiffs above-named, by and through her attorney, BRUCE B. KIM, and hereby submit Pages 5-6 of Plaintiffs' Memorandum In Support of Plaintiffs' Motion In Limine #6 Barring Reference to Plaintiff KATHY TOOZE-AGUIRRE's Use of Alcohol filed herein on January 10, 2006 ("Motion") which were omitted by oversight from the original Memorandum In Support of

the Motion filed herein.

        DATED: Honolulu, Hawaii,   JAN 12 2006  .

                                    BRUCE B. KIM
                                    Attorney for Plaintiffs

evidence of a party's drinking habits even though they may be relevant to the issue of the defendant's liability. The court found such evidence was inadmissible against the defendant under the circumstances of the case as such evidence's ". . . probative value is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury . . ." *Id.* at 401. The court further found that lay opinion evidence commenting on the defendant's drinking habits was inadmissible under HRE Rule 701 on the grounds that such lay opinions would not be ". . . helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue . . ." *Id.*

The use of such evidence at the trial of this case is simply calculated to inflame the prejudices of the jury against KATHY and to confuse and mislead them from the actual issues in the case. This is especially true in this case where there is no evidence that her drinking which started approximately eight months after she was hit by Defendant STEVENS-VANGORDER had anything to do with the serious neck and back injuries she sustained in the collision or impeded in any way her recovery from such injuries.

Any evidence concerning KATHY's drinking eight months after she was hit by Defendant STEVENS-VANGORDER should be excluded at trial on the grounds that its probative value would be greatly outweighed by its highly prejudicial effect as well as

its propensity to confuse or mislead the jury under FRE Rule 403.

### C. EVIDENCE OF BAD CHARACTER SHOULD BE INADMISSIBLE AT TRIAL.

Any attempt to introduce evidence of KATHY's post-accident drinking habits should also be barred under FRE Rule 404(b). Rule 404(b) provides that ". . . [e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." As reflected in the Advisory Committee notes to Rule 404,

> [c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.
>
> Advisory Committee Notes, Subdivision(a).

In this case, such evidence is simply intended to portray KATHY in a bad light. This is not permitted under Rule 404(b).

### III. CONCLUSION

Plaintiffs respectfully request that the Motion In Limine #6 Barring Reference to Plaintiff Kathy Tooze-Aguirre's Use of Alcohol be granted and that Defendant STEVENS-VANGORDER, her witnesses, her attorneys, and her medical expert be barred from referring in any way to post-collision alcohol consumption.

-6-

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon the following person at his last known address by depositing said copy, postage prepaid, in the United States mail or by hand delivery on the filing date hereof.

    RANDALL Y. S. CHUNG, ESQ.
    Matsui Chung Sumida & Tsuchiyama
    Suite 1400, Mauka Tower
    737 Bishop Street
    Honolulu, Hawaii 96813

    Attorney for Defendant
    RACHEL STEVENS-VANGORDER

DATED: Honolulu, Hawaii,   JAN 12 2006  .

                              BRUCE B. KIM
                              Attorney for Plaintiffs