ORIGINAL

Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation
RANDALL Y.S. CHUNG    2929-0
MELANIE S. MATSUI     5851-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 17 2006

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>Plaintiffs,<br><br>vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 04 00619 BMK<br><br>DEFENDANT RACHAEL ROXXANN WILKS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #9 BARRING DEFENDANT RACHEL STEVENS-VANGORDER FROM INTRODUCING EVIDENCE OF POLICE REPORTS FROM SUBSEQUENT ACCIDENTS AT TRIAL, FILED ON 01/10/06; CERTIFICATE OF SERVICE<br><br>Date:  January 25, 2006<br>Time:  10:00 a.m.<br>Judge: Barry M. Kurren<br>Trial: January 31, 2006 |

DEFENDANT RACHAEL ROXXANN WILKS'
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE #9 BARRING DEFENDANT RACHEL STEVENS-
VANGORDER FROM INTRODUCING EVIDENCE OF POLICE REPORTS
FROM SUBSEQUENT ACCIDENTS AT TRIAL, FILED ON 01/10/06

Comes now defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter referred to as "this Defendant"), by her attorneys, and hereby submits her Memorandum in Opposition to Plaintiffs' Motion in Limine No. 9 Barring Defendant Rachel Stevens-VanGorder from Introducing Evidence of Police Reports from Subsequent Accidents at Trial, filed herein on January 10, 2006.

I.  STATEMENT OF FACTS

This lawsuit involves disputed issues pertaining to, among other things, causation and apportionment of damages. Prior to March 26, 2003, Plaintiff KATHY TOOZE-AGUIRRE ("Plaintiff") had pre-existing injuries. On March 26, 2003, Plaintiff was involved in a motor vehicle accident with this Defendant ("Subject Accident"). After March 26, 2003, Plaintiff was involved in three (3) motor vehicle accidents: (1) on May 24, 2004, Plaintiff was involved in an accident on or near Hind Iuka Drive in Honolulu; (2) on September 7, 2004, Plaintiff was involved in an accident on or near 10th Avenue in Honolulu; and (3) on March 27, 2005, Plaintiff was involved in an accident at the intersection of King Street and Isenberg Street.

In their Motion in Limine #9, Plaintiffs seek to bar the police reports pertaining to the subsequent motor vehicle accidents of May 24, 2004 and September 7, 2004, as well as preclude any mention or reference concerning the reports[1].

II.  ARGUMENT

Plaintiffs contend that the police reports of May 24, 2004 and September 7, 2004 should be excluded because they contain inadmissible hearsay, citing State v. Jhun, 83 Haw. 472, 927 P.2d 1355 (1996).  This Defendant does not dispute the holding of Jhun that statements contained within a police report are inadmissible hearsay under Rule 802 of the Hawaii Rules of Evidence ("HRE").  As such, pursuant to Jhun and HRE Rule 802, this Defendant submits that all police reports and records of the Honolulu Police Department, including the police report relating to the Subject Acident of March 26, 2003, and any mention or reference to the contents of all such reports, should be barred at trial.  Otherwise, it would be inconsistent with Jhun, and unfairly prejudicial to this Defendant, to exclude from evidence only those police reports that may bear unfavorably upon Plaintiffs.

---

[1] The police report for Plaintiff's accident of March 27, 2005 has not been listed as a trial exhibit.

3

III.  CONCLUSION

Based upon the foregoing reasons, arguments, and authorities, it is respectfully requested that Plaintiffs' Motion in Limine #9 be DENIED to the extent that it seeks to exclude only those selected police reports identified by Plaintiffs.  If this Honorable Court is inclined to grant the subject Motion in Limine, then this Defendant respectfully requests that the Court's ruling be made applicable to all police reports and records, including the police report for the subject accident of March 26, 2003.

DATED: HONOLULU, HAWAII,  January 17, 2006

RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)