ORIGINAL

Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

RANDALL Y.S. CHUNG    2929-0
MELANIE S. MATSUI     5851-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 17 2006

at 9 o'clock and __ min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>Plaintiffs,<br><br>vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 04 00619 BMK<br><br>DEFENDANT RACHAEL ROXXANN WILKS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #7 BARRING EVIDENCE OF COLLATERAL SOURCES, FILED ON 01/10/06; EXHIBITS "A" TO "C"; CERTIFICATE OF SERVICE<br><br>**EXHIBITS "A" – "C" FILED UNDER SEAL**<br><br>Date: January 25, 2006<br>Time: 10:00 a.m.<br>Judge: Barry M. Kurren<br>Trial: January 31, 2006 |

DEFENDANT RACHAEL ROXXANN WILKS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #7 BARRING EVIDENCE OF COLLATERAL SOURCES, FILED ON 01/10/06

Comes now defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter referred to as "this Defendant"), by her attorneys, and hereby opposes Plaintiffs' Motion in Limine #7 Barring Evidence of Collateral Sources, filed herein on January 10, 2006.

I.   BACKGROUND.

This lawsuit involves disputed issues pertaining to, among other things, causation and apportionment of damages. Prior to March 26, 2003, Plaintiff KATHY TOOZE-AGUIRRE ("Plaintiff") had pre-existing injuries. On March 26, 2003, Plaintiff was involved in a motor vehicle accident with this Defendant ("Subject Accident"). After March 23, 2003, Plaintiff was involved in three (3) further motor vehicle accidents: (1) on May 24, 2004, Plaintiff was involved in an accident on or near Hind Iuka Drive in Honolulu; (2) on September 7, 2004, Plaintiff was involved in an accident on or near 10th Avenue in Honolulu; and (3) on March 27, 2005, Plaintiff was involved in an accident at the intersection of King and Isenberg Streets.

In Plaintiffs' Motion in Limine #7, Plaintiffs seek to bar this Defendant, her witnesses and attorneys from mentioning, adducing evidence on, or commenting on, the fact that Plaintiff received no-fault benefits or any other

payments from collateral sources at any time following the collision on March 26, 2003 (including payments made in connection with the two subsequent auto accidents not involving this Defendant), on the grounds that such evidence is inadmissible for any reason under the collateral source rule.

II. ARGUMENT:

Plaintiffs' Motion in Limine #7 should be denied for reasons including, but not limited to, the following:

> A. THE COLLATERAL SOURCE RULE DOES NOT APPLY TO PAYMENTS MADE TO OR ON BEHALF OF PLAINTIFF IN CONNECTION WITH OR ARISING OUT OF OTHER ACCIDENTS OR EVENTS.

In general, the "collateral source rule" provides that "a tortfeasor is not entitled to have its liability reduced by benefits received by the plaintiff from a source wholly independent of and collateral to the tortfeasor[.]" Sato v. Tawata, 79 Hawai`i 14, 18, 897 P.2d 941, 945 (1995) (citing 69 A.L.R.4th § 2(a), at 139 (1989)). See also Bynum v. Magno, 106 Hawai`i 81, 86, 101 P.3d 1149, 1154 (2004); Sam Teague, Ltd. v. Hawai`i Civil Rights Commission, 89 Hawai`i 269, 281, 971 P.2d 1104, 1116 (1999).

The "collateral source rule" (if applicable at all) only applies to payments made "as a result of the defendant's tort", and does not apply to payments made in connection with other accidents or events, whether they precede or are subsequent to the Subject Accident.

3

In <u>State Farm Fire and Casualty Co. v. Pettigrew</u>, 884 So.2d 191 (Fla. App. 2004), the plaintiff sued his insurer for uninsured motorist benefits arising out of an auto accident occurring in 1996. The plaintiff was involved in two work-related accidents prior to the auto accident. The trial court excluded evidence relating to the plaintiff's prior workers' compensation claims, and ruled that the defense could not "put in any records that say insurance or workers' comp or bring that out in any way, shape, or form." <u>Id</u>. at 194. The Florida appellate court <u>reversed</u> the trial court's ruling, and held that the trial court abused its discretion in excluding evidence relating to the plaintiff's prior workers' compensation claims. The court held as follows:

> <u>For a payment to be from a collateral source there must be an identity between the event giving rise to the plaintiff's claim that is at issue and the event giving rise to the other source of payment</u>. The traditional substantive collateral source rule of damages permitting a plaintiff's recovery from a tortfeasor to be undiminished by benefits the plaintiff received from collateral sources was based on the principle that "'a defendant tortfeasor may not benefit from the fact that the plaintiff has received money from other sources <u>as a result of the defendant's tort</u>."…<u>Accordingly, a payment is from a collateral source only if the payment was made "as a result of the defendant's tort,"' that is, arises from the same event that is at issue in the plaintiff's current claim. In the absence of such an identity of the precipitating event, the source of payment is an *unrelated* source, not a collateral source</u>.
>
> We therefore conclude that the trial court <u>erred</u> in determining that the evidence related to Mr. Pettigrew's

4

> prior workers' compensation claims which the insurers sought to introduce was collateral source evidence. <u>The trial court consequently abused its discretion by excluding that evidence</u>.

<u>Id</u>. at 197-98 (citations omitted; italics in original; emphasis added).

In <u>Perkins v. Runyan Heating & Cooling Services, Inc.</u>, 933 S.W.2d 837 (Mo. App. 1996), the plaintiff was injured as a result of an April 1985 accident. After that accident, in October 1987, plaintiff fell from a ladder while working as an electrician and obtained a workers' compensation settlement as well as a settlement from a third-party contractor.

The trial court admitted evidence of plaintiffs' receipt of workers' compensation benefits and the third party settlement as a result of the October 1987 accident. The Missouri appellate court <u>affirmed</u> the trial court's ruling and held as follows:

> The collateral source rule provides that a wrongdoer may not have his damages reduced by showing that a plaintiff has or will receive compensation or indemnity for the loss from a wholly independent, collateral source. <u>The collateral source rule has no application in the instant case. The items of evidence that Perkins complains of, the workers' compensation payments and the third party settlement, were related to his 1987 accident and not to his injury forming the subject matter of the instant action</u>. Such evidence was relevant in view of the fact that Perkins claimed lost income for the years following the 1987 accident.

<u>Id</u>. at 840 (citation omitted; emphasis added).

5

In <u>Selgado v. Commercial Warehouse Co.</u>, 526 P.2d 430 (N.M. App. 1974), the plaintiff was involved in an auto accident on June 8, 1970. Plaintiff was also involved in a subsequent accident on May 20, 1971. Plaintiff sought recovery for certain medical bills incurred after the later accident. The defendants sought to show not only that the later medical expenses were incurred as a result of the later accident, but also that many of plaintiffs' injuries were derived from that cause. The trial court rejected the defendants' tender based on the collateral source rule. The New Mexico appellate court <u>reversed</u> the trial court's ruling and held as follows:

> As the defendants pointed out, its tender went to proximate cause; that is whether the medical bills and Mrs. Selgado's injuries were incurred as a result of the accident involving defendant, or as a result of a subsequent accident. Until it had been determined by the factfinder, in this case, the jury, that the bills and injuries in question were caused by defendants there was no basis for application of the collateral source rule. If causation was determined adverse to defendants, the collateral source rule would apply. <u>Since causation was a contested issue in this case, the collateral source rule was not a proper basis for excluding the tendered evidence</u>. Rather, the collateral source question should be handled by proper instructions to the jury.

<u>Id</u>. at 434-35 (citation omitted; emphasis added).

In this case, there are disputed issues pertaining to causation and apportionment of damages. Plaintiff had pre-existing injuries, unrelated to this

6

accidents (on May 24, 2004, September 7, 2004 and March 27, 2005), unrelated to this Defendant.

Based on the foregoing authorities, evidence of no-fault or other benefits paid to or on behalf of Plaintiff in connection with or arising out of other events or accidents is not barred by the "collateral source rule".

  B. WHETHER OR NOT THE COLLATERAL SOURCE RULE APPLIES DEPENDS ON THE PURPOSE(S) FOR WHICH THE EVIDENCE IS SOUGHT TO BE INTRODUCED.

In Sato v. Tawata, 79 Hawai`i 14, 897 P.2d 941 (1995), the Hawai`i Supreme Court held that evidence of workers' compensation benefits, offered for the sole purpose of reducing the plaintiff's recovery, was prohibited under HRS § 386-8. However, where there was some other basis for its admission, such as credibility of witnesses, the trial court must exercise its discretion under HRE Rule 402 to determine whether to admit such evidence.

In Sato, the Supreme Court found that the trial judge did not abuse its discretion in admitting evidence of plaintiff's receipt of workers' compensation benefits because the purpose of such evidence was to challenge plaintiff's credibility "as to his motive for not returning to work." The Supreme Court held as follows:

> By adopting a blanket prohibition of workers' compensation evidence, a jury could be precluded from considering relevant evidence that would result in a verdict based on incomplete and misleading facts and

7

> could potentially result in a distorted and unjust verdict. <u>Such a result would frustrate the fundamental purpose of a trial, which is to provide the finder of fact with all relevant evidence on the issues to be determined</u>.

Id. at 21, 897 P.2d at 948 (emphasis added).

As noted in <u>Sato</u>, the collateral source rule is <u>not</u> an absolute rule. Evidence of collateral sources of payment may be, or may not be, introduced depending on the purpose(s) for which it is offered. To the extent that Plaintiffs seek a blanket ruling that excludes all evidence that Plaintiff received no-fault benefits or other payments from collateral sources at any time after the Subject Accident "for any reason" that it is offered, the Motion in Limine is overly broad, premature and should be denied.

    C.    <u>THE EXHIBITS REFERENCED IN PLAINTIFFS' MOTION ARE NOT AND SHOULD NOT BE EXCLUDED UNDER THE COLLATERAL SOURCE RULE OR FRE RULE 403.</u>

In the Memorandum in Support of their Motion in Limine #7, Plaintiffs referred to three (3) exhibits listed in this Defendant's Exhibit List: (1) Exhibit "KK"; (2) Exhibit "II"; and (3) Exhibit "SS". <u>See</u> Exhibits "A" to "C" filed concurrently under seal.

These exhibits are not and should not be excluded under the collateral source rule or FRE Rule 403. First, none of these exhibits show or indicate that Plaintiff received no-fault benefits and, as such, the collateral source rule does <u>not</u> apply. Second, Exhibit "KK" does <u>not</u> relate to the Subject Accident but relates to

8

Plaintiff's subsequent accident of May 24, 2004, and the injuries sustained as a result of that accident.

Third, Exhibit "KK" is an application signed by Plaintiff containing relevant information including a description of her injuries as a result of the May 24, 2004 accident. Fourth, Exhibits "II" and "SS" are relevant letters and notes by Dr. Tyronne Dang (Plaintiff's treating doctor) wherein he apportioned Plaintiff's injuries, a critical issue in this case.

Plaintiffs have not shown that the collateral source rule applies to these exhibits or that the probative value of these exhibits is substantially outweighed by the considerations set forth in FRE Rule 403.

III.   CONCLUSION:

Based upon all of the foregoing reasons, it is respectfully requested that this Court deny Plaintiffs' Motion in Limine #7.

DATED: HONOLULU, HAWAII, January 17, 2006

_____
RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)