

ORIGINAL

Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation
RANDALL Y.S. CHUNG    2929-0
MELANIE S. MATSUI     5851-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 17 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>          Defendants. | CIVIL NO. 04 00619 BMK<br><br>DEFENDANT RACHAEL ROXXANN WILKS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #3 BARRING DEFENDANT RACHEL STEVENS-VANGORDER'S DME MEDICAL EXPERT FROM REFERRING TO ANY MEDICAL JOURNAL ARTICLES, TEXTS OR TREATISES AT TRIAL, FILED ON 01/10/06; CERTIFICATE OF SERVICE<br><br>Date:    January 25, 2006<br>Time:    10:00 a.m.<br>Judge:   Barry M. Kurren<br>Trial:   January 31, 2006 |

DEFENDANT RACHAEL ROXXANN WILKS'
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE #3 BARRING DEFENDANT
RACHEL STEVENS-VANGORDER'S DME MEDICAL
EXPERT FROM REFERRING TO ANY MEDICAL JOURNAL
ARTICLES, TEXTS OR TREATISES AT TRIAL, FILED ON 01/10/06

Comes now defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter referred to as "this Defendant"), by her attorneys, and hereby files her Memorandum in Opposition to Plaintiffs' Motion in Limine No. 3 Barring Defendant's Medical Expert from Referring to Any Medical Journal Articles, Texts, or Treatises at Trial.

I.  STATEMENT OF FACTS

This lawsuit involves disputed issues pertaining to, among other things, causation and apportionment of damages. Prior to March 26, 2003, Plaintiff KATHY TOOZE-AGUIRRE ("Plaintiff") had pre-existing injuries. On March 26, 2003, Plaintiff was involved in a motor vehicle accident with this Defendant ("Subject Accident"). After March 23, 2003, Plaintiff was involved in three (3) motor vehicle accidents: (1) on May 24, 2004, Plaintiff was involved in an accident on or near Hind Iuka Drive in Honolulu; (2) on September 7, 2004, Plaintiff was involved in an accident on or near 10th Avenue in Honolulu; and (3) on March 27, 2005, Plaintiff was involved in an accident at the intersection of King and Isenberg Streets.

In Plaintiffs' Motion in Limine #3, Plaintiffs seek to bar this Defendant's Rule 35 medical expert, James F. Scoggin, M.D., from "referring to any medical journal articles, texts, or treatises at trial, on the grounds that this Defendant and her expert failed and neglected to disclose any such material to Plaintiffs prior to the discovery cutoff on December 2, 2005."

ARGUMENT

Rule 702, Federal Rules of Evidence, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Plaintiffs contend that Dr. Scoggin should be barred from referring to any medical journal articles, texts, or treatises at trial, because he failed to disclose said material is his report. This Motion should be denied.

Plaintiffs did not make any request to take Dr. Scoggin's deposition. They did not even request a copy of his current curriculum vitae. Had plaintiffs made the request for his curriculum vitae, they would have known that Dr. Scoggin is eminently qualified and is a board certified orthopedic surgeon. It is axiomatic that Dr. Scoggin went to medical school, and read many medical books, texts,

journals, treatises, and other documents. It would be totally unreasonable to disallow Dr. Scoggin from referring to any medical materials that he read or reviewed while attending medical school or during his years in practice, in formulating his medical opinion. As such, Plaintiffs' Motion in Limine #3 should be denied.

DATED: HONOLULU, HAWAII, January 17, 2006

_____
RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)