INSTRUCTION NO. 5.1

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide. It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

    (1)    the witness' appearance and demeanor on the witness stand;

    (2)    the manner in which a witness testified and the degree of intelligence shown;

    (3)    the witness' degree of candor or frankness;

    (4)    the witness' interest, if any, in the result of this case;

    (5)    the witness' relationship to either party in the case;

    (6)    any temper, feeling or bias shown by the witness;

    (7)    the witness' character as shown by the evidence;

    (8)    the witness' means and opportunity to acquire information;

    (9)    the probability or improbability of the witness' testimony;

(10)   the extent to which the witness' testimony is supported or contradicted by other evidence;

(11)   the extent to which the witness made contradictory statements; and

(12)   all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony. This is because two or more persons witnessing an event may see or hear the event differently. An innocently mistaken recollection or failure to remember is not an uncommon experience. In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details. You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement. You may, in short, accept or reject the testimony or any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 5.2


The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial. If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

INSTRUCTION NO. 5.3

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

1. The witness intentionally testified falsely in this trial about any important fact; or

2. The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you. In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance. That is for you to decide.

INSTRUCTION NO. 5.4

In this case, you heard testimony from witnesses described as experts. Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general. Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion. The testimony of expert witnesses should be judged in the same manner as the testimony of any witness. You may accept or reject the testimony in whole or in part. You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.