INSTRUCTION NO. 7.1

An act or omission is a legal cause of an injury or damage if it was a substantial factor in bringing about the injury or damage. One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage. In such a case, each may be a legal cause of the injury or damage.

INSTRUCTION NO. 7.2

A superseding cause is an act or force which relieves defendant(s) of responsibility for plaintiff's(s') injury or damage. To be a superseding cause, an act or force must:

(1)   occur after defendant's(s') conduct,

(2)   be a substantial factor in bringing about the injury or damage to plaintiff(s),

(3)   intervene in such a way that defendant's(s') conduct is no longer a substantial factor in bringing about the injury or damage, and

(4)   not be reasonably foreseeable at the time defendant(s) acted or failed to act. If the act or force was a normal consequence of the situation created by defendant's(s') conduct, then said act or force is not a superseding cause. The conduct of plaintiff(s) cannot be a superseding cause.

INSTRUCTION NO. 7.3

In determining the amount of damages, if any, to be awarded to plaintiffs, you must determine whether plaintiff(s) had an injury or condition which existed prior to the March 26, 2003 incident. If so, you must determine whether plaintiff(s) was/were fully recovered from the pre-existing injury or condition or whether the pre-existing injury or condition was latent at the time of the subject incident. A pre-existing injury or condition is latent if it was not causing pain, suffering or disability at the time of the subject incident. If you find that plaintiff(s) was/were fully recovered from the pre-existing injury or condition or that such injury or condition was latent at the time of the subject incident, then you should not apportion any damages to the pre-existing injury or condition. If you find that plaintiff(s) was/were not fully recovered and that the pre-existing injury or condition was not latent at the time of the subject incident, you should make an apportionment of damages by determining what portion of the damages is attributable to the pre-existing injury or condition and limit your award to the damages attributable to the injury caused by defendant(s). If you are unable to determine, by a preponderance of the evidence, what portion of the damages can be attributed to the pre-existing injury or condition, you may make a rough apportionment. If you are unable to make

a rough apportionment, then you must divide the damages equally between the pre-existing injury or condition and the injury caused by defendant(s).

INSTRUCTION NO. 7.4

In determining the amount of damages, if any, to be awarded to plaintiff(s), you must also determine whether plaintiff(s) was/were injured after the March 26, 2003 incident. If plaintiff(s) suffered injury after the subject incident, and such injury was not legally caused by the conduct of defendant(s), then you should make an apportionment of damages by determining what portion of the damages is attributable to the later injury and limit your award to the damages attributable to the injury caused by defendant(s). If you are unable to determine, by a preponderance of the evidence, what portion of the damages can be attributed to the later injury, you may make a rough apportionment. If you are unable to make a rough apportionment, then you must divide the damages equally between the later injury and the injury caused by defendant(s).

## INSTRUCTION NO. 7.5

If you must apportion damages among (1) pre-existing injuries or conditions, (2) injuries caused by defendant(s), and (3) later injuries, and you are unable to determine apportionment by a preponderance of the evidence, you may make a rough apportionment. If you are unable to make a rough apportionment, then you must divide the damages equally among the injuries or conditions.