INSTRUCTION NO. 8.1

Instructions on damages are only a guide for an award of damages if you find defendant(s) responsible to plaintiff(s). The fact that the Court is instructing you on damages does not mean that defendant(s) is/are responsible to plaintiff(s). That is for you to decide.

INSTRUCTION NO. 8.2

Special damages are those damages which can be calculated precisely or can be determined by you with reasonable certainty from the evidence.

INSTRUCTION NO. 8.3

General damages are those damages which fairly and adequately compensate plaintiff(s) for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the injuries or damages sustained.

INSTRUCTION NO. 8.4

Pain is subjective, and medical science may or may not be able to determine whether pain actually exists. You are to decide, considering all the evidence, whether pain did, does and will exist.

INSTRUCTION NO. 8.5

Emotional distress includes mental worry, anxiety, anguish, suffering, and grief, where they are shown to exist.

INSTRUCTION NO. 8.6

If you find that defendants are liable, you may allow Plaintiffs a fair and reasonable compensation for the loss and impairment of Kathy Tooze-Aguirre's ability to perform services as wife, because of her injuries. In determining the amount of such compensation, you are to consider the loss and impairment of her companionship, aid, assistance, comfort and society, and services to her husband in performing her domestic and household functions, if any. The services provided by a wife to her husband may often be of such character that no one can say what they are worth. The relationship between spouses is a special and unique one, and the actual facts of the case, considered together with your own experience, must guide you in deciding what amount would fairly and justly compensate the husband for his loss.

INSTRUCTION NO. 8.8

In presenting his/her argument to you on the amount, if any, which should be awarded to plaintiff(s) as damages, the attorney for plaintiff(s) has proposed to you figures which he/she arrived at by mathematical calculations (and has shown you those figures on a chart). After first suggesting that a dollar value per hour or day or month or year be given to an item such as pain, disability, emotional distress and so forth, he/she multiplied that dollar value by a certain number of hours or days or months or years and came up with a total figure as an amount of damages for such items. Neither the chart nor what the attorney has said as to the dollar values or figures for measuring such items of damages is evidence. The law permits this kind of argument to be made, but you must remember argument is not evidence. The law gives you no way to mathematically calculate such items of damages and leaves them to be fixed by you as your common sense and good judgment dictate, based on the nature and extent of plaintiff's(s') injuries or damages under the evidence in this case.

INSTRUCTION NO. 8.9

If you find for plaintiff(s) on the issue of liability, plaintiff(s) is/are entitled to damages in such amount as in your judgment will fairly and adequately compensate him/her/them for the injuries which he/she/they suffered. In deciding the amount of such damages, you should consider:

1. The extent and nature of the injuries he/she/they received, and also the extent to which, if at all, the injuries he/she/they received are permanent;

2. The deformity, scars and/or disfigurement he/she/they received, and also the extent to which, if at all, the deformity, scars and/or disfigurement are permanent;

3. The reasonable value of the medical services provided by physicians, hospitals and other health care providers, including examinations, attention and care, drugs, supplies, and ambulance services, reasonably required and actually given in the treatment of plaintiff(s) and the reasonable value of all such medical services reasonably probable to be required in the treatment of plaintiff(s) in the future;

4. The pain, emotional suffering, and disability which he/she/they has/have suffered and is/are reasonably probable to suffer in the future because of the injuries, if any.

5. The lost income sustained by plaintiff(s) in the past and the lost income he/she/they is/are reasonably probable to sustain in the future.

INSTRUCTION NO. 8.10

Plaintiff(s) is/are not required to present evidence of the monetary value of their pain or emotional distress. It is only necessary that plaintiff(s) prove the nature, extent and effect of their injury, pain, and emotional distress. It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

INSTRUCTION NO. 8.11

Compensation must be reasonable. You may award only such damages as will fairly and reasonably compensate plaintiff(s) for the injuries or damages legally caused by defendant's(s') negligence. You are not permitted to award a party speculative damages, which means compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

INSTRUCTION NO. 8.12

If you award plaintiff(s) any damages, then you may consider whether you should also award punitive damages. The purposes of punitive damages re to punish the wrongdoer and to serve as an example or warning to the wrongdoer and others not to engage in such conduct. You may award punitive damages against a particular defendant only if plaintiff(s) has/have proved by clear and convincing evidence that the particular defendant acted intentionally, willfully, wantonly, oppressively or with gross negligence. Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment. The proper measure of punitive damages is (1) the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against that defendant and (2) the amount of money required to punish that defendant considering his/her/its financial condition. In determining the degree of a particular defendant's conduct, you must analyze that defendant's state of mind at the time he/she/it committed the conduct which formed the basis for your prior award of damages against that defendant. Any punitive damages you award must be reasonable.

INSTRUCTION NO. 8.13

An act is "willful" when it is premeditated, unlawful, without legal justification, or done with an evil intent, with a bad motive or purpose, or with indifference to its natural consequences.

INSTRUCTION NO. 8.14

An act is "wanton" when it is reckless, heedless, or characterized by extreme foolhardiness, or callous disregard of, or callous indifference to, the rights or safety of others.

1

INSTRUCTION NO. 8.15

An act is "oppressive" when it is done with unnecessary harshness or severity.

INSTRUCTION NO. 8.16

An act is "malicious" when it is prompted or accompanied by ill will or spite.

INSTRUCTION NO. 8.17

Gross negligence is conduct that is more extreme than ordinary negligence. It is an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to himself, herself, or other people or damage to property. But gross negligence is something less than willful or wanton conduct.