ORIGINAL

LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM  #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 17 2006

at __1__ o'clock and _59_ min. _P_ M
SUE BEITIA, CLERK

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>Plaintiffs,<br><br>vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 04-00619 BMK<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT RACHEL STEVENS-VANGORDER'S MOTION IN LIMINE NUMBER 1 TO EXCLUDE TESTIMONY OR EVIDENCE REGARDING LIABILITY INSURANCE FILED ON JANUARY 10, 2006; CERTIFICATE OF SERVICE<br><br>Date: January 25, 2006<br>Time: 10:00 a.m.<br>Magistrate Judge: Barry M. Kurren<br>Trial Date: January 31, 2006 |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT RACHEL STEVENS-VANGORDER'S MOTION IN
LIMINE NUMBER 1 TO EXCLUDE TESTIMONY OR EVIDENCE
REGARDING LIABILITY INSURANCE FILED ON JANUARY 10, 2006

COME NOW Plaintiffs above-named, by and through their attorney, BRUCE B. KIM, and hereby respond to Defendant RACHEL STEVENS-VANGORDER's Motion In Limine Number 1 to Exclude Testimony or Evidence Regarding Liability Insurance Filed on January 10, 2006, as follows:

I.  INTRODUCTION.

　　This action arises out of a motor vehicle accident on March 26, 2003.  Plaintiff KATHY was stopped in traffic on Kalanianiole Highway in Hawaii Kai when her sedan was hit from the rear by a Jeep Wrangler driven by Defendant STEVENS-VANGORDER.  As a result of the collision, Plaintiff KATHY sustained serious and permanent physical injuries to her neck and back.

　　Defendant STEVENS-VANGORDER now seeks a blanket order barring Plaintiffs from ". . . referring to, discussing, commenting upon, mentioning or in any way suggesting or introducing any evidence and/or testimony relating to any existence of liability insurance that may cover or apply to Defendant."  FRE Rule 411 does not stand for any such broad prohibition and the Motion should be denied.

II.  ARGUMENT.

　　A.  THE MATTER OF INSURANCE IS ADMISSIBLE AT TRIAL IF RELEVANT.

　　Defendant STEVENS-VANGORDER cites FRE Rule 411 for the blanket proposition that the mere mention of the word "insurance" at trial is impermissible.  However, Rule 411 does not stand for any such absolute prohibition.  Rule 411 only applies in circumstances where the absence or existence of **liability** insurance is offered for the purpose of proving ". . . whether the person acted negligently or otherwise wrongfully."  The Rule

does not preclude Plaintiffs from mentioning or proving liability insurance coverage for some other relevant purpose, ". . . such as proof of agency, ownership, or control or bias or prejudice of a witness." Nor does it bar admission of evidence of other types of insurance if relevant for some other purpose.

For example, in <u>Carr v. Kinney</u>, 41 Haw. 166 (1955), the Hawaii Supreme Court held that counsel may inquire during *voir dire* whether any of the prospective jurors had a relationship with the liability insurers indemnifying the defendant in a personal injury case.

> The overwhelming weight of authority and sound reason is that in the examination of prospective jurors '[g]enerally, counsel may inquire in good faith of prospective jurors, on their *voir dire*, as to their relationship with an insurance company which may have indemnified the defendant, or according to some cases, whether he has any connection with, or interest in any company writing automobile casualty, liability or indemnity insurance.'

<u>Carr</u>, 41 Haw. at 169.

At the very least, Plaintiffs should be allowed under <u>Carr</u> to inquire during *voir dire* whether any of the prospective jurors or their close family members or friends, work for or are insured by State Farm Insurance Co., Defendant STEVENS-VANGRODER's auto insurer. As the Court can take judicial notice of the fact that State Farm is one of the largest auto insurers in the state and each of its policyholders has a direct stake in its financial well-being as they are paid dividends if State Farm

makes money in any given year.

Hence, Defendant STEVENS-VANGORDER's Motion should be denied. In the alternative, if the Motion is granted, it should be strictly limited to the factual circumstances set forth in Rule 411 and not be applied improperly as a blanket ban from mentioning the word "insurance" in any context or circumstance or to bar Plaintiffs or the Court from inquiring during voir dire as to whether any prospective juror or their close family members or friends work for or are insured by State Farm.

DATED: Honolulu, Hawaii, ___JAN 17 2006___.

_____
BRUCE B. KIM
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon the following person at his last known address by depositing said copy, postage prepaid, in the United States mail or by hand delivery on the filing date hereof.

    RANDALL Y. S. CHUNG, ESQ.
    Matsui Chung Sumida & Tsuchiyama
    Suite 1400, Mauka Tower
    737 Bishop Street
    Honolulu, Hawaii 96813

    Attorney for Defendant
    RACHEL STEVENS-VANGORDER

DATED: Honolulu, Hawaii, JAN 17 2006

                              BRUCE B. KIM
                              Attorney for Plaintiffs