LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM  #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, <br><br> Plaintiffs, <br><br> vs. <br><br> RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10, <br><br> Defendants. | Civil No. 04-00619 BMK <br><br> TRIAL MEMORANDUM REGARDING REASONABLENESS AND NECESSITY OF MEDICAL EXPENSES; CERTIFICATE OF SERVICE <br><br><br><br><br><br><br><br><br><br> Trial Date: January 31, 2006 |

TRIAL MEMORANDUM REGARDING
REASONABLENESS AND NECESSITY OF MEDICAL EXPENSES

A. REASONABLENESS AND NECESSITY IS ALL THAT
   IS REQUIRED FOR ADMISSION OF PLAINTIFF
   KATHY'S MEDICAL AND TREATMENT BILLS.

Hawaii law is consistent with other jurisdictions which allow into evidence any and all health care expenses which are reasonable and necessarily incurred as a proximate result of the tortious act alleged. Bynum v. Magno, 106 Haw. 81, 86-87, 101 P.3d 1149 (2004). The only standard for admission of relevant

medical and treatment bills and charges incurred by Plaintiff KATHY are that they be necessarily incurred in treating the injuries she sustained in the motor vehicle collision of March 26, 2003 and that the charges were reasonable. "Reasonable" being defined as ". . . fit and appropriate to the end in view." *Id.*

Following the collision, Plaintiff KATHY incurred a substantial amount of medical and other related treatment expenses.

1. <u>Medical Costs Necessitated By Injury</u>.

A claimant may recover for all of his or her "necessary" medical expenses incurred as a result of their injuries. "Necessary" medical expenses is defined as that which (1) claimant sought in good faith for the treatment of injuries believed to have been caused by the tortfeasor's acts, and (2) were, at the time they were rendered by the qualified care provider, believed to have been necessary or proper to treat the injury.

The issue of whether the care was "necessary" is not whether they proved ultimately effective or cured the injury. <u>Hunt v. Boston Terminal Co.</u>, 212 Mass. 99, 98 N.E.2d 786 (1912)(defendant is not relieved from liability to pay for physician services because they proved to be unnecessary in fact, if, in the light of the facts known at the time they were

rendered, they seemed wise). The defendant is liable for all care provided which at the time rendered is aimed at solving the plaintiff's injury, and so is liable even for testing rendered to the plaintiff. <u>Friends of All Children, Inc. v. Lockheed Aircraft Corp.</u>, 746 F.2d 816 (D.C. Cir. 1984). A defendant is liable even for improper, excessive or negligent care. <u>Montalvo v. Lapez</u>, 77 Haw. 282, 300, 884 P.2d 345 (1994).

    2. <u>Reasonbleness of Charges For Medical Care</u>.

Once a plaintiff's medical expenses are shown to be causally related to the incident in question, the plaintiff is entitled to be compensated for such costs and expenses so long as they are reasonable. The question of reasonableness may be shown upon proof that such costs and expenses were paid or by the amount of the bill rendered. *See, e.g.* Hawaii Rules of Evidence, Rule 303(c)(16). Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the reasonableness of the charges for medical and hospital services. <u>Wagner v. McDaniels</u>, 9 Ohio St. 3d 184, 459 N.E.2d 561, 563 (1984).

A plaintiff may testify that she incurred medical expenses for treatment of injuries sustained in a collision and about medical bills she incurred in obtaining such treatment. <u>Kay v. Martin</u>, 300 Ark. 193, 777 S.W.2d 859, 861 (1989). Once the bills are shown to be relevant, they should be admitted and

any questions about the amount of the bill go to the weight of the evidence and not its sufficiency. <u>Cansler v. Harrington</u>, 231 Kan. 66, 643 P.2d 110, 113 (1982); <u>Erdmann v. Thomas</u>, 446 N.W.2d 245, 246-247 (N.D. 1989).

In addition, a physician may testify to the reasonableness of medical charges for services rendered by other doctors and hospitals. <u>Aunspaw v. Langehorst</u>, 1983 Ohio App. LEXIS 12646 (1983)(citing Annot. 12 A.L.R.3d 1347).

Accordingly, while Defendant STEVENS-VANGORDER may attempt to set the bar unreasonably high for admissibility of Plaintiff KATHY's medical bills, the bills should be admitted upon testimony that they were incurred for treatment and/or diagnostic testing related to neck and back injuries sustained by Plaintiff KATHY and that any argument she may make regarding the reasonableness of such charges or their necessity go their weight and not their admissibility.

DATED: Honolulu, Hawaii, JAN 17 2006                .

_____
BRUCE B. KIM
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon the following person at his last known address by depositing said copy, postage prepaid, in the United States mail or by hand delivery on the filing date hereof.

> RANDALL Y. S. CHUNG, ESQ.
> Matsui Chung Sumida & Tsuchiyama
> Suite 1400, Mauka Tower
> 737 Bishop Street
> Honolulu, Hawaii 96813
>
> Attorney for Defendant
> RACHEL STEVENS-VANGORDER

DATED: Honolulu, Hawaii, JAN 17 2006

BRUCE B. KIM
Attorney for Plaintiffs