LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM   #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>            Plaintiffs,<br><br>    vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10,<br><br>            Defendants. | Civil No. 04-00619 BMK<br><br>PLAINTIFFS' TRIAL MEMORANDUM REGARDING APPORTIONMENT; CERTIFICATE OF SERVICE<br><br><br><br><br><br><br><br><br><br>Trial Date: January 31, 2006 |

PLAINTIFFS' TRIAL MEMORANDUM REGARDING APPORTIONMENT

COME NOW Plaintiffs above-named, by and through their attorney, BRUCE B. KIM, and hereby submit their Trial Memorandum Regarding Apportionment as follows:

   A.   DEFENDANT STEVENS-VANGORDER'S DME EXPERT'S TRIAL
        OPINIONS ON APPORTIONMENT MUST CONFORM TO THE
        LEGAL STANDARD SET IN MONTALVO.

Defendant STEVENS-VANGORDER's DME expert, Dr. Scoggin, should not be allowed to offer opinions on apportionment which do

not conform to the legal standard on apportionment established by the Hawaii Supreme Court in Montalvo v. Lapez, 77 Haw. 282, 884 P.2d 345 (1994). The Montalvo court began its analysis by reaffirming the longstanding rule that a negligent actor takes a plaintiff the as he or she finds them. A negligent actor is subject to liability for harm to another although a physical condition of the other which is neither known nor should be known to the actor makes the injury greater than that which the actor should have foreseen as a probable result of his conduct. Restatement of Torts 2d § 461. Such predisposition to injury or other special sensitivity is called the "eggshell skull" doctrine. Montalvo, 77 Haw. at 294. In this case, the fact that Plaintiff KATHY had a history of low back problems prior to the March 26, 2003 collision which made her more susceptible to injury does not affect Defendant STEVENS-VANGORDER's liability for her entire injury.

Montalvo further holds that if Plaintiff KATHY had fully recovered from the pre-existing back condition at the time she was hit by Defendant STEVENS-VANGORDER in March 26, 2003 **or** if such low back condition was dormant or latent at the time of the collision, then there is no apportionment between the pre-existing back condition and the March 26, 2003 collision. Defendant STEVENS-VANGORDER is responsible for all damages caused thereby.

> . . . the jury should be carefully instructed to first determine whether Montalvo had fully recovered from any pre-existing condition or whether such condition was dormant or latent as of November 29, 1988. If the answer is "yes" to any of the above inquiries then the City is liable for all damages legally caused by the November 29, 1988 City accident.

Montalvo, 77 Haw. at 300.

While it may suit Dr. Scoggin to apportion all or a part of Plaintiff KATHY's current back problems to her pre-existing degenerative back condition, that is not permissible under Montalvo. The mere fact that such a condition existed at some time prior to the March 26, 2003 collision does not warrant an apportionment unless the facts show Plaintiff KATHY was still "suffering pain and disability" from the low back condition at the time of the March 26, 2003 collision, *i.e.* such pre-existing condition was not completely resolved or dormant or latent at the time Defendant STEVENS-VANGORDER hit her. Montalvo, 77 Haw. at 298.

Likewise, Dr. Scoggin should not be allowed to apportion any of Plaintiff KATHY's post-collision neck and left sided radicular shoulder and arm complaints to any pre-existing condition unless he can show that such conditions pre-existed the March 26, 2003 collision and she had not fully recovered from them **or** that such pre-existing conditions were not dormant or latent at the time of the collision.

Plaintiffs believe that Dr. Scoggin will in fact seek

to apportion Plaintiff KATHY's neck and left-sided radicular shoulder and arm injuries to purported pre-existing degenerative conditions. However, he cannot render such an opinion under Montalvo absent proof that KATHY was actually "suffering pain or disability" from the same on the day of the March 26, 2003 collision, *i.e.* such conditions were not fully resolved or dormant or latent at the time of the March 26, 2003 collision. Plaintiffs submit that there is no evidence in any of the 16 years of medical treatment records obtained in this case to support the notion that Plaintiff KATHY was experiencing neck pain or left-sided radicular symptoms from pre-existing degenerative cervical conditions at any time prior to the March 26, 2003 collision. In fact, the evidence is entirely to the contrary. Hence, in the complete absence of such medical evidence, Dr. Scoggin should not be allowed to render an opinion contrary to the legal standard set by Montalvo.

DATED: Honolulu, Hawaii, JAN 17 2006.

_____
BRUCE B. KIM
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon the following person at his last known address by depositing said copy, postage prepaid, in the United States mail or by hand delivery on the filing date hereof.

> RANDALL Y. S. CHUNG, ESQ.
> Matsui Chung Sumida & Tsuchiyama
> Suite 1400, Mauka Tower
> 737 Bishop Street
> Honolulu, Hawaii 96813
>
> Attorney for Defendant
> RACHEL STEVENS-VANGORDER

DATED: Honolulu, Hawaii, JAN 17 2006.

BRUCE B. KIM
Attorney for Plaintiffs