ORIGINAL

LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM  #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 7 2006

at ___ l o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KATHY TOOZE-AGUIRRE, and DAVID
A. AGUIRRE,

                    Plaintiffs,

        vs.

RACHEL STEVENS-VANGORDER, JOHN
DOES 1-10, JANE DOES 1-10, DOE
PARTNERSHIPS 1-10, DOE JOINT
VENTURES 1-10, DOE CORPORA-
TIONS 1-10, and DOE ENTITIES
1-10,

                    Defendants.

) Civil No. 04-00619 BMK
)
)
) PLAINTIFFS' PROPOSED JURY
) INSTRUCTIONS AND SPECIAL VERDICT
) FORM; CERTIFICATE OF SERVICE
)
)
)
)
)
)
)
)
)
)
)
) Trial Date: January 31, 2006

PLAINTIFFS' PROPOSED JURY
INSTRUCTIONS AND SPECIAL VERDICT FORM

        COME NOW Plaintiffs above-named, by and through their

attorney, BRUCE B. KIM, and hereby request that the following

General Federal Jury Instructions In Civil Cases and such other

and further instructions as are contained herein and attached to

and made a part hereof, together with the attached Special

Verdict Form be given to the Jury in the above-entitled matter.

| 1.1 | 1.2 | 1.5 | 2.1 | 2.2 | 2.3 |
| 3.1 | 3.2 | 4.1 | 4.3 | 4.4 | 4.5 |

| 4.6 | 5.1 | 5.2 | 5.3 | 5.4 | 6.1 |
| 6.2 | 8.1 | 8.2 | 8.4 | 8.6 | 8.8 |
| 8.10 | 9.1 | 9.2 | 9.3 | | |

DATED:  Honolulu, Hawaii, _____ JAN 17 2006 _____.

_____

BRUCE B. KIM
Attorney for Plaintiffs

PLAINTIFFS' INSTRUCTION NO. _____

There have also been introduced into evidence certain answers to "Requests for Admissions" given under oath by Defendant Stevens-Vangorder. A party is bound by his or her sworn answers, and you should take the facts admitted in those answers as true for purposes of this case.

> FRE Rule 801(d)(2); <u>Shea v. City & County</u>, 67 Haw. 499, 507, 692 P.2d 1158 (1985)(the extrajudicial statements of a party-opponent, when offered against the same, are universally deemed admissible at trial as substantive evidence of the facts or facts stated).

PLAINTIFFS' INSTRUCTION NO. _____

In this case, Defendant STEVENS-VANGORDER has admitted she was at fault in causing the March 26, 2003 motor vehicle collision.  Therefore, the only question for you to decide is what are the injuries and damages to Plaintiffs legally caused by the March 26, 2003 collision, and, in addition thereto, the nature and extent of such injuries and damages.

General Federal Jury Instructions
In Civil Cases, No. 6.3, as
amended.

PLAINTIFF'S INSTRUCTION NO. _____

An act or omission is the legal cause of an injury if it was a substantial factor in bringing about the injury.

The law does not say that there can only be one substantial factor which causes an injury. On the contrary, the Defendant's negligence need not have been the whole cause or the only factor in causing Plaintiff's injuries. It is enough that her negligence was a substantial factor in causing Plaintiff's injuries. Many factors may operate independently or together to cause an injury and each may be a substantial factor in causing the injury.

Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 390, 742 P.2d 377 (1987); Mitchell v. Branch and Hardy, 45 Haw. 128, 132, 363 P.2d 969 (1961); Taylor-Rice v. State, 91 Haw. 60, 74, 979 P.2d 1086 (1999).

PLAINTIFFS' INSTRUCTION NO. _____

Once you find that the March 26, 2003 caused injury or damage to Plaintiffs, you may award them such damages as will reasonably compensate them for all such injuries or damages they sustained, including compensation for loss or harm which is reasonably probable to be suffered by them in the future.

The amount of such damages do not have to be calculated with absolute certainty.  The law requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation.

<u>Tanuvasa v. City and County of Honolulu</u>, 2 Haw. App. 102, 115, 626 P.2d 1175 (1981), *cert. den.* 63 Haw. 675 (1991); <u>GHK Associates v. Mayer Group, Inc.</u>, 224 Cal.App.3d 856, 873, 274 Cal.Rptr. 168 (1990), *rev. den.* 1991 Cal. LEXIS 78 (1991).

PLAINTIFFS' INSTRUCTION NO. _____

The general rule in measuring damages is to give a sum of money to the person wronged which as nearly as possible will restore him or her to the position he or she would be in if the wrong had not been committed. Such compensatory damages include general damages embracing items not subject to precise mathematical calculations, such as permanent injuries and pain and suffering.

> Tabieros v. Clark Equipment Co.,
> 85 Haw. 336, 389-390, 944 P.2d 1279
> (1997); Rodrigues v. State, 52
> Haw. 156., 167, 472 P.2d 509
> (1970); Nobriga v. Raybestos-
> Manhattan, Inc., 67 Haw. 157, 162,
> 685 P.2d 389 (1984).

PLAINTIFFS' INSTRUCTION NO. _____

The law recognizes that a person injured through the negligence of another is entitled to compensation where the injury is objective in nature and it is plainly apparent from the injury itself that the harm is permanent or that the injured person will necessarily undergo pain and suffering.

<u>Tabeiros v. Clark Equipment Co.</u>, 85 Haw. 336, 390, 944 P.2d 1279 (1997).

PLAINTIFFS' INSTRUCTION NO. _____

Ladies and gentlemen of the jury, you are not to be concerned with the source of the payment of any money that you may award to a party nor are you concerned with the personal wealth or lack of personal wealth of any party.  These questions are not in issue, and must not be considered by you.

2 Belli, <u>Modern</u> <u>Trials</u>, 1744.

PLAINTIFFS' INSTRUCTION NO. _____

The fact, if it be a fact, that any expenses incurred by Plaintiff KATHY TOOZE-AGUIRRE because of the accident were paid by some other source than her own funds does not affect her right to recover for all such expenses and you are not to deduct such amounts, if any, from the total damages you find Mrs. TOOZE-AGUIRRE is entitled.

Boudreau v. General Electric, Co.,
2 Haw. App. 10, 16, 625 P.2d 384;
Bynum v. Magno, 106 Haw. 81, 86,
101 P.3d 1149 (2004).

PLAINTIFFS' INSTRUCTION NO. _____

The life expectancy of Plaintiff KATHY TOOZE-AGUIRRE may be considered by you in determining the amount of damages, if any, which she should receive for permanent injuries and future expenses and losses.

For purposes of your deliberations on the amount of damages Plaintiff KATHY TOOZE-AGUIRRE is entitled to, you are instructed that Mrs. TOOZE-AGUIRRE's life expectancy is _____ years.

General Federal Jury Instructions
In Civil Cases, No. 8.7, as
amended.

PLAINTIFFS' INSTRUCTION NO. _____

"General damages" encompass all damages which naturally and necessarily result from a legal wrong done.  Such damages follow by implication of law upon proof of a wrong, and include such items as physical and mental pain and suffering, inconvenience, and loss of enjoyment of life.

Dunbar v. Thompson, 79 Haw. 306, 315, 901 P.2d 1285 (1995).

PLAINTIFFS' INSTRUCTION NO. _____

General damages are those damages which fairly and adequately compensate the plaintiffs for any past, present and reasonably probable future disability, pain, mental anguish, and loss of enjoyment of life caused by the injuries or damages sustained in the March 26, 2003 collision.

General Federal Jury Instructions In
Civil Cases No. 8.3, as amended; H.R.S.
§ 663-8.5.

PLAINTIFFS' INSTRUCTION NO. _____

"Special damages" are often considered to be synonymous with pecuniary loss and include such items as medical and hospital expenses, loss of earnings, and diminished capacity to work.

<u>Dunbar v. Thompson</u>, 79 Haw. 306, 315, 901 P.2d 1285 (1995).

PLAINTIFFS' INSTRUCTION NO. _____

Under the law, you may compensate Plaintiff KATHY
TOOZE-AGUIRRE for any past and future palliative care or
treatment to manage pain reasonably caused by the subject
collision, if any.

Flores v. Barretto, 99 Haw. 270,
275, 54 P.3d 441 (2002); Ajifu v.
AIG, ATX-2001-52+ (CFO November 1,
2001); Gamache v. Allstate, MVI-
2000-62-C (CFO August 9, 2001).

PLAINTIFFS' INSTRUCTION NO. _____

Proof that expenses were 'necessarily incurred' may be demonstrated by evidence that the treatment regime facilitated pain management.

Flores v. Barretto, 99 Haw. 270, 275, 54 P.3d 441 (2002) Ajifu v. AIG, ATX-2001-52+ (CFO November 1, 2001); Gamache v. Allstate, MVI-2000-62-C (CFO August 9, 2001).

PLAINTIFFS' INSTRUCTION NO. _____

If you find that the March 26, 2003 collision caused by Defendant RACHEL STEVENS-VANGORDER aggravated a pre-existing condition of Mrs. TOOZE-AGUIRRE which was not painful at the time of the collision, Defendant RACHEL STEVENS-VANGORDER is liable for Mrs. TOOZE-AGUIRRE's entire condition after the collision.

> First Circuit Civil Pattern
> Jury Instructions, No. 8.6,
> as amended; <u>Bachran v. Mori-
> shige</u>, 52 Haw. 61, 65 (1970).

PLAINTIFFS' INSTRUCTION NO. _____

A plaintiff is entitled to recover not only for damages resulting from the direct and unique injuries inflicted upon him or her as a result of the negligence of the defendant, but also for any damages resulting from the aggravation of the plaintiff's pre-existing disease, condition, or predisposition to injury, if any.

This is true even though the pre-existing disease, condition or predisposition to injury made the plaintiff more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

Montalvo v. Lapez, 77 Haw. 282, 294, 884 P.2d 345 (1994); Restatement of Torts 2d, § 461.

PLAINTIFF'S INSTRUCTION NO. _____

A defendant is responsible for all damages flowing from the aggravation of a pre-existing condition which was dormant or latent prior to the date of injury.

Thus, if you find Mrs. TOOZE-AGUIRRE had a pre-existing condition which was dormant or latent prior to the 2003 collision caused by Defendant RACHEL STEVENS VANGORDER and the 2003 collision caused an aggravation of such dormant or latent condition, then Defendant STEVENS VANGORDER is responsible for all damages attributable to the aggravation of such dormant or latent pre-existing condition.

<u>Montalvo v. Lapez</u>, 77 Haw. 282, 299-300, 884 P.2d 345 (1994).

PLAINTIFFS' INSTRUCTION NO. _____

If you find the March 26, 2003 collision aggravated a pre-existing injury or condition of Plaintiff KATHY TOOZE-AGUIRRE, you must determine first whether Mrs. TOOZE-AGUIRRE had fully recovered from the pre-existing injury or condition or whether such injury or condition was dormant or latent at the time of the March 26, 2003 collision.  A pre-existing injury or condition is dormant or latent if it was not causing pain, suffering or disability at the time of the March 26, 2003 collision.

If you find Mrs. TOOZE-AGUIRRE had such a pre-existing injury or condition and had fully recovered from such pre-existing injury or condition, or that such pre-existing injury or condition was dormant or latent at the time of the March 26, 2003 collision, then Defendant STEVENS-VANGORDER is legally liable for all damages arising from the aggravation of any such pre-existing injury or condition and you should not apportion any damages to the pre-existing injury or condition.

However, if you find that Mrs. TOOZE-AGUIRRE had such a pre-existing injury or condition and such pre-existing injury or condition was not fully resolved or was not dormant or latent at the time of the 2003 collision, then you should make an apportionment of damages by determining what portion of the damages is attributable to the 2003 collision and what portion is attributable to the pre-existing injury or condition and limit your award to the damages attributable to the injury caused by Defendant STEVENS-VANGORDER.

If you are unable to determine, by a preponderance of the evidence, what portion of the damages can be attributed to the pre-existing injury or condition, if any, you may make a rough apportionment.

If you are unable to make a rough apportionment, then you must divide the damages equally between the pre-existing injury or condition and the injury caused by Defendant STEVENS-VANGORDER.

> General Federal Jury Instructions In Civil Cases, No. 7.3, as amended; Montalvo v. Lapez, 77 Haw. 282, 300, 884 P.2d 345 (1994).

PLAINTIFFS' INSTRUCTION NO. _____

Mrs. TOOZE-AGUIRRE is entitled to damages in such amount as in your judgment will fairly and adequately compensate her for the injuries which she suffered as a result of the March 26, 2003 collision. In arriving at the amount of such damages, you should consider:

1. The extent and nature of the injuries she received, and also the extent to which, if at all, the injuries she received are permanent;

2. The reasonable value of the medical services, examinations, attention and care by physicians, surgeons, chiropractors, physical therapists, hospitals, nurses, x-rays, MRIs, skilled technicians, pain medication, supplies and ambulance services reasonably required and actually given in the treatment of Mrs. TOOZE-AGUIRRE and the reasonable value of all such medical services reasonably probable to be required in the treatment of Mrs. TOOZE-AGUIRRE in the future;

3. The pain and suffering, disability, and mental anguish which she has suffered and is reasonably probable to suffer in the future because of her injuries, if any;

4. The loss of enjoyment of life she suffered as a result of her injuries and the loss of enjoyment of life she is reasonably probable to suffer in the future because of her injuries, if any;

5. The lost income sustained by Mrs. TOOZE-AGUIRRE in the past and the lost income she is reasonably probable to sustain in the future; and

6. The impairment of her earning capacity as a result of her injuries, if any.

> General Federal Jury
> Instructions In Civil Cases,
> Instruction No. 8.9, as
> amended.

PLAINTIFFS' INSTRUCTION NO. _____

Plaintiff KATHY TOOZE-AGUIRRE is entitled to be compensated for the loss of enjoyment of life she has suffered as a result of her injuries and which you find she will suffer in the future, if any.

In determining the amount of damages you award Mrs. TOOZE-AGUIRRE for loss of enjoyment of life, if any, you may consider the your own life experiences to put a monetary figure on the pleasure of living.

H.R.S. §663-8.5(a); Montalvo
v. Lapez, 77 Haw. 282, 303,
884 P.2d 345 (1994).

PLAINTIFFS' INSTRUCTION NO. _____

Impairment of earning capacity is the permanent diminution of the ability to earn money in the future.

<u>Thomas v. Whiteside</u>, 148 Mont. 394, 421 P.2d 449, 451 (1966); <u>Allers v. Willis</u>, 197 Mont. 499, 643 P.2d 592 (1982).

PLAINTIFFS' INSTRUCTION NO. _____

In fixing the amount of damages for the impairment of Plaintiff KATHY TOOZE-AGUIRRE's future earning capacity, you may consider the following factors:  1) the nature and extent of her injuries; 2) whether or not they are reasonably certain to be permanent; 3) the degree of the mental and/or physical handicap resulting from those injuries; 4) her age and life expectancy; 4) the extent to which her ability to work has been affected; 5) her prior earnings; 6) her occupation before she was injured; 7) her health and condition; and 8) the physical and intellectual avenues of occupation open to her.

Jendrusch v. Abbott, 39 Haw. 506, 509-510 (1952).

PLAINTIFFS' INSTRUCTION NO. _____

Proof of the factors bearing upon Plaintiff KATHY TOOZE-AGUIRRE's impairment of future earnings capacity do not have to be established by clear and indubitable evidence.  The law exacts only the kind of proof of which the nature of the case is susceptible.

Jendrusch v. Abbott, 39 Haw. 506, 509-510 (1952).