ORIGINAL

LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM  #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 20 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>Plaintiffs,<br><br>vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 04-00619 BMK<br><br>PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE #4 BARRING DEFENDANT RACHEL STEVENS-VANGORDER'S COUNSEL OR HER MEDICAL EXPERT FROM ATTRIBUTING PLAINTIFF KATHY TOOZE-AGUIRRE'S CONDITION OR SYMPTOMS IN WHOLE OR IN PART TO PSYCHOLOGICAL FACTORS SUCH AS SECONDARY GAIN FILED ON JANUARY 10, 2006; CERTIFICATE OF SERVICE<br><br>Date: January 25, 2006<br>Time: 10:00 a.m.<br>Magistrate Judge: Barry M. Kurren<br>Trial Date: January 31, 2006 |

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION IN LIMINE #4 BARRING DEFENDANT
RACHEL STEVENS-VANGORDER'S COUNSEL OR HER MEDICAL EXPERT
FROM ATTRIBUTING PLAINTIFF KATHY TOOZE-AGUIRRE'S CONDITION
OR SYMPTOMS IN WHOLE OR IN PART TO PSYCHOLOGICAL FACTORS SUCH
AS SECONDARY GAIN FILED ON JANUARY 10, 2006

A.  DEFENDANT STEVENS-VANGORDER'S DME EXPERT SHOULD
    NOT BE ALLOWED TO TESTIFY TO PREVIOUSLY
    UNDISCLOSED OPINIONS BEYOND THE SCOPE OF HIS
    ORIGINAL WRITTEN REPORT.

Given the strict expert disclosure requirements of Fed.R.Civ.P. Rule 26(a)(2), and Defendant STEVENS-VANGORDER's failure to comply with said disclosure requirements to the prejudice of Plaintiffs, the Court should absolutely not permit her DME expert, Dr. Scoggin, from testifying at trial about any speculative opinions concerning "secondary gain" or that Plaintiff KATHY "has exaggerated her symptoms in order to receive a financial benefit". *See*, Defendant STEVENS-VANGORDER's Memorandum In Opposition to Plaintiffs' Motion In Limine #4 Barring Defendant Rachel Stevens-Vangorder's Counsel or Her Medical Expert from Attributing Plaintiff Kathy Tooze-Aguirre's Condition or Symptoms In Whole or In Part to Psychological Factors Such as Secondary Gain, filed on January 17, 2006 ("Defendant STEVENS-VANGORDER's Memo") at 9. **Neither of these opinions were disclosed in Dr. Scoggin's in November 28, 2005 DME report which was not received by Plaintiffs until after the discovery cutoff date.** *See, also*, Plaintiffs' Motion In Limine #2 Barring Defendant Rachel Stevens-Vangorder From Offering Any Opinions At Trial Not Previously Disclosed to Plaintiffs Prior to the Discovery Cutoff filed on January 10, 2006.

Plaintiffs submit that allowing Dr. Scoggin to ascribe off the cuff psychological motives for the nature or severity of Plaintiff KATHY's objective injuries at trial, including a herniated disc in her neck, without **any** foundational proof of the

-2-

scientific basis for such opinions or the scientific procedures he employed to arrive at such opinions, would clearly violate the reliability test laid out in Rule 702 and the applicable case law. FRE Rule 702 (. . . (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.) It would also constitute another gross violation by Defendant STEVENS-VANGORDER of the disclosure requirements of Rule 26(a)(2) which mandates that the expert's opinions be timely supplemented prior to trial. *See, also,* Fed.R.Civ.P. Rule 26(e)(1).

Even Defendant STEVENS-VANGORDER concedes in her Memo that "secondary gain is not an identifiable psychological or psychiatric diagnosis in the DSM IV." Defendant STEVENS-VANGODER's Memo at 9. Given that admission Plaintiffs submit that such opinions are patently inadmissible in this case.

In <u>State v. Fukusaku</u>, 85 Haw. 462, 946 P.2d 32 (1997), the Hawaii Supreme Court addressed the admissibility of expert testimony by stating:

> The critical inquiry with respect to expert testimony . . . is whether such testimony 'will assist the trier of fact to understand the evidence or determine a fact in issue . . .' HRE [Rule] 702. Generally, in order to assist the jury **an expert must base his or her testimony upon a sound factual foundation; any inferences or opinions must be the product of an explicable and reliable system of analysis; and such opinions must add to the common understanding of the jury.** [Emphasis added.]

-3-

Fukusaku, 85 Haw. at 473.

Here Dr. Scoggin possesses absolutely no "explicable and reliable system of analysis" for such previously undisclosed subjective opinions.

> B. DR. SCOGGIN SHOULD NOT BE ALLOWED TO SPECULATE CONCERNING ALLEGED PSYCHOLOGICAL OR PSYCHOSOCIAL FACTORS AS A BACK DOOR WAY OF ATTACKING PLAINTIFF'S CREDIBILITY.

As noted above, Dr. Scoggin, an orthopedic surgeon, was retained to perform a physical examination of Plaintiff KATHY not to speculate about or psychoanalyze her mental condition or motives. Defendant STEVENS-VANGORDER's admits that her DME expert is not offered as an expert in the field of psychiatry at trial. Defendant STEVENS-VANGORDER's Memo at 7. Accordingly, Dr. Scoggin should not be allowed to formulate speculative subjective opinions concerning Plaintiff KATHY's alleged mental condition or her alleged motives as a way of attacking her credibility about the nature and extent of her objective injuries.

Merely telling the jury what result to reach in the manner of the oath-helpers of an earlier day is not a permissible function of an expert. Bowman, *Hawaii Rules of Evidence Manual*, § 702-2B at 421 (2d ed. 1998). Where the effect of the expert's opinion goes directly to the truthfulness of the complaining witness, such testimony invades the province of the jury. State

v. Batangan, 71 Haw. 552, 559, 799 P.2d 48 (1990).

In Yingling v. Hartwig, 925 S.W.2d 952, 956 (Mo. App. W.D. 1996), the Missouri Court of Appeals held that it was patently improper for a defense medical expert to comment upon the credibility of the plaintiff by volunteering his personal opinion that people in litigation tend to get better once the litigation is over.

> Dr. Neighbor's testimony was, in essence, a comment on a plaintiff's credibility; a statement that plaintiff's generally falsify their subjective complaints for the purpose of furthering their lawsuit and increasing their damages. Such a comment by an expert witness is inadmissible.
>
> \*    \*    \*
>
> Hartwig contends the opinion rendered by Dr. Neighbor regarding a plaintiff's subjective complaints were based on the doctor's personal knowledge and observations of patients over his many years as a physician. Although this may be true, Hartwig's argument misses the point. Hartwig overlooks the fact that the expert's testimony addressed people wholly unrelated to the instant case and essentially constituted the doctor's personal opinion as to whether the jury should believe a plaintiff like Christina Yingling, when she testifies about her injuries and complaints. Dr. Neighbor did not show how the alleged 'people involved in litigation who prolong their subjective complaints' had injuries and complaints similar to Christina, or how she otherwise might fall within the category of 'people' to which he had referred. Dr. Neighbor improperly injected (upon inquiry from defense counsel) his personal opinion for no apparent reason other than to attack Christina's credibility and to bias the jury against plain-

> tiffs. . . . Moreover, even if we could say the testimony had some logical relevance and some probative value, which we cannot, it would still be inadmissible because its prejudicial effect is wholly disproportionate to any value it might have.
>
> Finally, Dr. Neighbor's testimony is an attempt to discredit plaintiffs for exercising their right to utilize the judicial system to seek recovery for their injuries. This court has previously held such testimony prejudicial and reversible error. In <u>Carlyle v. Lai</u>, 783 S.W.2d 925 (Mo. App. W.D. 1989) we determined testimony as to when an injured person first hired an attorney was prejudicial error because it constituted an attempt to discredit the plaintiffs as avaricious for seeking legal advice shortly following their son's death. [Emphasis added.]

<i>Id.</i>, at 956-957.

C.  ANY TESTIMONY CONCERNING SECONDARY GAIN IS INADMISSIBLE AT TRIAL.

The mere inference, without any reliable expert scientific, medical or psychological foundation, that KATHY is motivated by other psychological or psychosocial factors is patently prejudicial and inadmissible. Even assuming Defendant STEVENS-VANGORDER is able to produce some evidence of such factors at play in this case, its probative weight is far outweighed by its prejudicial nature.

In <u>Rodgers v. CWR Construction, Inc.</u>, 343 Ark. 126, 33 S.W.3d 506, 511 (2000) the Arkansas Supreme Court held that the probative value of a defense expert's testimony regarding "secondary gain" was far outweighed by its highly prejudicial effect. Therefore, such testimony should have been excluded by

the trial court under Ark. R. Evid. 403 because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *Id.* The court further held that such testimony from the defense medical expert should have been excluded on relevance grounds under Ark. R. Evid. 401 as well since the defense expert admitted he was not saying that the plaintiff was ". . . malingering or implying that [the plaintiff] had secondary gain . . ." *Id.*

Likewise, in <u>Linden v. Huestis</u>, 247 Mont. 383, 807 P.2d 185, 189 (1991), the Montana Supreme Court found the admission of expert testimony regarding "secondary gain" manifestly prejudicial to the plaintiffs' right to a fair trial.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion In Limine #4 and bar Defendant STEVENS-VANGORDER, her attorney or her DME expert from ascribing any of Plaintiff KATHY's symptoms to "secondary gain" or any similar patently improper speculative and unreliable opinion.

DATED: Honolulu, Hawaii, JAN 20 2006    .

_____
BRUCE B. KIM
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon the following person at his last known address by depositing said copy, postage prepaid, in the United States mail or by hand delivery on the filing date hereof.

> RANDALL Y. S. CHUNG, ESQ.
> Matsui Chung Sumida & Tsuchiyama
> Suite 1400, Mauka Tower
> 737 Bishop Street
> Honolulu, Hawaii 96813
>
> Attorney for Defendant
> RACHEL STEVENS-VANGORDER

DATED: Honolulu, Hawaii, JAN 20 2006.

BRUCE B. KIM
Attorney for Plaintiffs