IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KATHY TOOZE-AGUIRRE,           )        CV. NO. 04-00619 BMK
                               )
            Plaintiff,         )
                               )
      vs.                      )
                               )
RACHEL ROXANNE WILKS,          )
                               )
            Defendant.         )
_____ )

## JURY INSTRUCTIONS

The jury instructions in the numerical order as read to the jury are

attached hereto.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 3, 2006

INSTRUCTION NO. 1

Members of the Jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

You are the judges of the facts. It is your duty to review the evidence and to decide the true facts. When you have decided the true facts, you must then apply the law to the facts.

I will tell you the law that applies to this case. You must apply that law, and only that law, in deciding this case, whether you personally agree or disagree with it.

The order in which I give you the instructions does not mean that one instruction is any more or less important than any other instruction. You must follow all the instructions I give you. You must not single out some instructions and ignore others. All the instructions are equally important and you must apply them as a whole to the facts.

## INSTRUCTION NO. 2

It is your duty and obligation as jurors to decide this case on the evidence presented in court and upon the law given to you.

You must perform your duty and obligation without favoritism, passion, or sympathy for any party in the case, and without prejudice against any of the parties.

Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 3

If any of these instructions, or anything I have said or done in this case makes you believe I have an opinion about the facts or issues in the case, the weight to be given to the evidence, or the credibility of any witness, then you must disregard such belief.  It is not my intention to create such an impression.  You, and you alone, must decide the facts of this case from the evidence presented in court and you must not be concerned about my opinion of the facts.

INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and the exhibits received in evidence.  The following are not evidence and you must not consider them as evidence in deciding the facts of this case.

1.     Attorneys' statements, arguments and remarks during opening statements, closing arguments, jury selection, and other times during the trial are not evidence, but may assist you in understanding the evidence and applying the law.

2.     Attorneys' questions and objections are not evidence.

3.     Excluded or stricken testimony or exhibits are not evidence and must not be considered for any purpose.

4.     Anything seen or heard when the court was not in session is not evidence.  You must decide this case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Even though you are required to decide this case only upon the evidence presented in court, you are allowed to consider the evidence in light of

your own observations, experiences, and common sense.  You may use your

common sense to make reasonable inferences from the facts.

INSTRUCTION NO. 6

You must not use any source outside the courtroom to assist you in deciding any question of fact. This means that you must not make an independent investigation of the facts or the law. For example, you must not visit the scene on your own, conduct experiments, or consult dictionaries, encyclopedias, textbooks, or other reference materials for additional information.

## INSTRUCTION NO. 7

Plaintiff has the burden of proving by a preponderance of the evidence every element of each claim that plaintiff asserts.  In these instructions, whenever I say that a party must prove a claim, that party must prove such claim by a preponderance of the evidence, unless I instruct you otherwise.

## INSTRUCTION NO. 8

To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so.  It means to prove by evidence which, in your opinion, convinces you that something is more probably true than not true.  It does not mean that a greater number of witnesses or a greater number of exhibits must be produced.

In deciding whether a claim or fact has been proven by a preponderance of the evidence, you must consider all of the evidence presented in court by both the plaintiff and the defendant.  Upon consideration of all the evidence, if you find that a particular claim or fact is more likely true than not true, then such claim or fact has been proven by a preponderance of the evidence.

If a preponderance of the evidence does not support each essential element of a claim or fact, then the jury should find against the Plaintiff with respect to that claim or fact.

## INSTRUCTION NO. 9

Where the attorneys for the parties have stipulated to a fact, you must consider the fact as having been conclusively proved.

<u>INSTRUCTION NO. 10</u>

The testimony of a witness has been read into evidence from a deposition.  A deposition is the testimony of a witness given under oath before the trial and preserved in written form.

You must consider and judge the deposition testimony of a witness in the same manner as if the witness actually appeared and testified in court in this trial.

<u>INSTRUCTION NO. 11</u>

There are two kinds of evidence from which you may decide the facts of a case:  direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, for example, the testimony of an eyewitness.

Circumstantial evidence is indirect proof of a fact, that is, when certain facts lead you to conclude that another fact also exists.

You may consider both direct evidence and circumstantial evidence when deciding the facts of this case.  You are allowed to give equal weight to both kinds of evidence.  The weight to be given any kind of evidence is for you to decide.

<u>INSTRUCTION NO. 12</u>

During the trial, I have ruled on objections made by the attorneys. Objections are based on rules of law designed to protect the jury from unreliable or irrelevant evidence.  It is an attorney's duty to object when he or she believes that the rules of law are not being followed.  These objections relate to questions of law for me to decide and with which you need not be concerned.

As to any questions to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.

You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken out by the court; such matter is to be treated as though you had never known of it.

You must never speculate as to be true any insinuation suggested by a question asked a witness.  A question is not evidence and may be considered only as it supplied meaning to the answer.

## INSTRUCTION NO. 13

I have said that you must consider all of the evidence. This does not mean , however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility of all witnesses who testified in this case. The weight their testimony deserves is for you to decide.

It is your exclusive right to determine whether and to what extent a witness should be believed and to give weight to that testimony according to your determination of the witness' credibility. In evaluating a witness, you may consider:

(1)    the witness' appearance and demeanor on the witness stand;

(2)    the manner in which a witness testified and the degree of intelligence shown;

(3)    the witness' degree of candor or frankness;

(4)    the witness' interest, if any, in the result of this case;

(5)    the witness' relationship to either party in the case;

(6)    any temper, feeling or bias shown by the witness;

(7)    the witness' character as shown by the evidence;

(8)    the witness' means and opportunity to acquire information;

(9)    the probability or improbability of the witness' testimony;

(10)   the extent to which the witness' testimony is supported or contradicted by other evidence;

(11)   the extent to which the witness made contradictory

statements; and

(12)   all other circumstances affecting the witness' credibility.

Inconsistencies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit the inconsistent testimony.  This is because two or more persons witnessing an event may see or hear the event differently.  An innocently mistaken recollection or failure to remember is not an uncommon experience.  In examining any inconsistent testimony, you should consider whether the inconsistency concerns important matters or unimportant details.

You should also consider whether inconsistent testimony is the result of an innocent mistake or a deliberate false statement.

You may, in short, accept or reject the testimony or any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.

You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

<u>INSTRUCTION NO. 14</u>

The testimony of a witness may be discredited by contradictory evidence or by evidence showing that at other times the witness made statements inconsistent with the witness' testimony in this trial.

If you believe that testimony of any witness has been discredited, you may give that testimony the degree of credibility you believe it deserves.

## INSTRUCTION NO. 15

You may reject the testimony of a witness if you find and believe from all of the evidence presented in this case that:

1.    The witness intentionally testified falsely in this trial about any important fact; or

2.    The witness intentionally exaggerated or concealed an important fact or circumstance in order to deceive or mislead you.

In giving you this instruction, I am not suggesting that any witness intentionally testified falsely or deliberately exaggerated or concealed an important fact or circumstance.  That is for you to decide.

## INSTRUCTION NO. 16

In this case, you heard testimony from witnesses described as experts. Experts are persons who, by education, experience, training or otherwise, have special knowledge which is not commonly held by people in general. Experts may state an opinion on matters in their field of special knowledge and may also state their reasons for the opinion.

The testimony of expert witnesses should be judged in the same manner as the testimony of any witness. You may accept or reject the testimony in whole or in part. You may give the testimony as much weight as you think it deserves in consideration of all of the evidence in this case.

## INSTRUCTION NO. 17

During this trial, items were received in evidence as exhibits.  These exhibits will be sent into the jury room with you when you begin to deliberate.

## INSTRUCTION NO. 18

A party is bound by his or her sworn answers to a request for admissions, and you should take the facts admitted in those answers as true for purposes of this case.

<u>INSTRUCTION NO. 19</u>

Evidence has been presented in the form of written answers given by a party in response to written questions from another party.  The written answers were given under oath by the party.  The written questions are called "interrogatories."

You must consider and judge a party's answers to interrogatories in the same manner as if the party actually appeared and testified in court in this trial.

<u>INSTRUCTION NO. 20</u>

In this case, defendant has admitted she was at fault in causing the March 26, 2003 accident.  You must determine whether the March 26, 2003 accident was a legal cause of an injury or damage to plaintiff.  If you find that the March 26, 2003 accident was a legal cause of an injury or damage, you must determine the total amount of plaintiff's damages.

<u>INSTRUCTION NO. 21</u>

An act or omission is a legal cause of an injury or damage if it was a substantial factor in bringing about the injury or damage.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage. In such a case, each may be a legal cause of the injury or damage.

## INSTRUCTION NO. 22

In determining the amount of damages, if any, to be awarded to plaintiff, you must determine whether plaintiff had an injury or condition which existed prior to the March 26, 2003 accident. If so, you must determine whether plaintiff was fully recovered from the pre-existing injury or condition or whether the pre-existing injury or condition was latent at the time of the subject accident. A pre-existing injury or condition is latent if it was not causing pain, suffering or disability at the time of the subject accident.

If you find that plaintiff was fully recovered from the pre-existing injury or condition or that such injury or condition was latent at the time of the subject accident, then you should not apportion any damages to the pre-existing injury or condition.

If you find that plaintiff was not fully recovered and that the pre-existing injury or condition was not latent at the time of the subject accident, you should make an apportionment of damages by determining what portion of the damages is attributable to the pre-existing injury or condition and limit your award to the damages attributable to the injury caused by defendant.

If you are unable to determine, by a preponderance of the evidence, what portion of the damages can be attributed to the pre-existing injury or condition, you may make a rough apportionment.

If you are unable to make a rough apportionment, then you must divide the damages equally between the pre-existing injury or condition and the injury caused by defendant.

## INSTRUCTION NO. 23

In determining the amount of damages, if any, to be awarded to plaintiff, you must also determine whether plaintiff was injured after the March 26, 2003 accident.  If plaintiff suffered injury after the subject accident, and such injury was not legally caused by the conduct of defendant, then you should make an apportionment of damages by determining what portion of the damages is attributable to the later injury and limit your award to the damages attributable to the injury caused by defendant.

If you are unable to determine, by a preponderance of the evidence, what portion of the damages can be attributed to the later injury, you may make a rough apportionment.

If you are unable to make a rough apportionment, then you must divide the damages equally between the later injury and the injury caused by defendant.

<u>INSTRUCTION NO. 24</u>

If you must apportion damages among (1) pre-existing injuries or conditions, (2) injuries caused by the March 26, 2003 accident, and (3) later injuries, and you are unable to determine apportionment by a preponderance of the evidence, you may make a rough apportionment. If you are unable to make a rough apportionment, then you must divide the damages equally among the injuries or conditions.

<u>INSTRUCTION NO. 25</u>

Instructions on damages are only a guide for an award of damages if you find defendant responsible to plaintiff.  The fact that the Court is instructing you on damages does not mean that defendant is responsible to plaintiff.  That is for you to decide.

<u>INSTRUCTION NO. 26</u>

Plaintiff is entitled to damages in such amount as in your judgment will fairly and adequately compensate her for the injuries which she suffered as a result of the March 26, 2003 accident.  In arriving at the amount of such damages, you should consider:

1.  The extent and nature of the injuries she received, and also the extent to which, if at all, the injuries she received are permanent;

2.  The reasonable value of the medical services, examinations, care by physicians, surgeons, chiropractors, physical therapists, hospitals, nurses, x-rays,  MRIs, skilled technicians, pain medication, supplies and ambulance services reasonably required and actually given in the treatment of Plaintiff and the reasonable value of all such medical services reasonably probable to be required in the treatment of Plaintiff in the future;

3.  The pain and suffering, and disability, which she has suffered and is reasonably probable to suffer in the future because of her injuries, if any;

4.  The loss of enjoyment of life she suffered as a result of her injuries and the loss of enjoyment of life she is reasonably probable to suffer in the future because of her injuries, if any;

5.   The lost income sustained by Plaintiff in the past and the lost income she is reasonably probable to sustain in the future; and

6.   The impairment of her earning capacity as a result of her injuries, if any.

INSTRUCTION NO. 27

Pain is subjective, and medical science may or may not be able to determine whether pain actually exists.  You are to decide, considering all the evidence, whether pain did, does and will exist.

## INSTRUCTION NO. 28

The life expectancy of plaintiff may be considered by you in determining the amount of damages, if any, which she should receive for permanent injuries and future expenses and losses.

INSTRUCTION NO. 29

Plaintiff is not required to present evidence of the monetary value of her pain and suffering.  It is only necessary that plaintiff prove the nature, extent and effect of her injury, pain and suffering.  It is for you, the jury, to determine the monetary value of such pain and suffering using your own judgment, common sense and experience.

INSTRUCTION NO. 30

Compensation must be reasonable.  You may award only such damages as will fairly and reasonably compensate plaintiff for the injuries or

damages legally caused by defendant's negligence.

You are not permitted to award a party speculative damages, which means compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

<u>INSTRUCTION NO. 31</u>

"Special damages" are often considered to be synonymous with pecuniary loss and include such items as medical and hospital expenses, loss of earnings, and diminished capacity to work.

<u>INSTRUCTION NO. 32</u>

"General damages" encompass all damages which naturally and necessarily result from a legal wrong done. Such damages follow by implication of law upon proof of a wrong, and include such items as physical pain and suffering, inconvenience, and loss of enjoyment of life.

INSTRUCTION NO. 33

Regarding any claim for damages for future pain and suffering, the test which is to be applied is whether or not future pain and suffering appears from the evidence to be reasonably probable.  However, the mere fear of contingent injury or suffering which may never occur, and the happening of which is speculative and uncertain, is not a showing of damage.

<u>INSTRUCTION NO. 34</u>

Impairment of earning capacity is the permanent diminution of the ability to earn money in the future.

INSTRUCTION NO. 35

The fact, if it be a fact, that any expenses incurred by Plaintiff because of the accident were paid by some other source than her own funds does not affect her right to recover for all such expenses and you are not to deduct such amounts, if any, from the total damages you find Plaintiff is entitled.

INSTRUCTION NO. 36

Your verdict must represent the considered judgment of each juror.

In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

When you retire to the jury room to begin your deliberations, your first duty will be selection of a foreperson to preside over the deliberations and to speak on your behalf in court.

The foreperson's duties are:

1.  To keep order during the deliberations and to make sure that every juror who wants to speak is heard;

2.  To represent the jury in communications you wish to make to me; and

3.  To sign, date and present the jury's verdict to me.

In deciding the verdict, all jurors are equal and the foreperson does not have any more power than any other juror.

After you select a foreperson, you will proceed to discuss the case with your fellow jurors and reach agreement on a verdict, if you can.  You may take as much time as you feel is necessary for your deliberations.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

Each of you must decide the case for yourself, but only after you have considered the views of your fellow jurors.  Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is a right decision, or simply to get the case over with.

INSTRUCTION NO. 37

Remember at all times that you are not partisans. You are judges - judges of the judges of the facts in this case. Your only interest is to seek the truth from the evidence presented.

From the time you retire to the jury room to begin your deliberations until you complete your deliberations, it is necessary that you remain together as a body. You should not discuss the case with anyone other than your fellow jurors. If it becomes necessary for you to communicate with me during your deliberations, you may send a note by the bailiff. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom.

Your verdict will consist of answers to the questions on the verdict form. You will answer the questions according to the instructions I have given you and according to the directions contained in the verdict form.

Your verdict must be unanimous. It is necessary that each of you agree on all answers required by the verdict form. Each of you must be able to state, when you return to the courtroom after a verdict is reached, that his or her vote is expressed in the answers on the verdict form.

As soon as all of you agree upon each answer required by the directions in the verdict form, the form should be dated and signed by your foreperson. The foreperson will then notify the bailiff by a written communication that the jury has reached a verdict. Thereafter, the bailiff will arrange to have you return with the verdict form to the courtroom.

Bear in mind that you are not to reveal to the court or anyone else how the jury stands on the verdict until all of you have agreed on it.