IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>　　　　Defendants. | CIVIL NO. 04 00619 BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.　INTRODUCTION:

　　　　This action arises out of a motor vehicle accident, involving vehicles driven by Defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter "this Defendant") and by Plaintiff KATHY TOOZE-AGUIRRE.

　　　　Plaintiffs filed a Complaint in the Circuit Court of the First Circuit, State of Hawai'i on May 21, 2004.

　　　　Thereafter, this case was removed to the United States District Court for the District of Hawai'i.

Trial in this matter commenced on January 31, 2006, and concluded on February 3, 2006. The jury's verdict was filed on February 3, 2006.

As set forth in the Special Verdict Form, liability was found in favor of Plaintiff, in the total amount of $82,500.00. See Exhibit "A" attached hereto.

By this Motion, this Defendant requests that this Court enter an Order that any Judgment apply the covered loss deductible ("CLD") to the jury's verdict. As discussed further below, HRS § 431:10C-301.5 requires that any Judgment in this case be reduced by the CLD amount of $10,000.00. Accordingly, this Defendant respectfully submits that should a Judgment arise from the Jury Verdict of $82,500.00, such amount must be reduced, to reflect a deduction for the CLD amount of $10,000.00, resulting in a net Judgment of **$72,500.00**.

III.    ARGUMENT

A.    The Clear and Unambiguous Language of HRS § 431:10C-301.5 Requires a Reduction of the Judgment by the CLD.

At the time of the Subject Accident, HRS § 431:10C-301.5 provided in relevant part, as follows:

> **§431:10C-301.5 Covered loss deductible.** Whenever a person effects a recovery for bodily injury, whether by suit, arbitration, or settlement, and it is determined that the person is entitled to recover damages, the judgment, settlement, or award shall be reduced by $5,000 or the amount of personal injury protection benefits incurred, whichever is greater, up to the maximum limit.

(Emphases added).

2

Where language in a statute is plain and unambiguous, the Court must give effect to the plain and obvious meaning of the statute. Walsh v. Chan, 80 Hawai`i 188, 192, 907 P.2d 774, 778 (1995). In State Farm Mutual Automobile Insurance Co. v. Gepaya, 103 Hawai`i 142, 146, 80 P.3d 321, 325 (2003), the Hawai`i Supreme Court ruled that HRS § 431:10C-301.5 was clear and unambiguous. The Gepaya Court noted that the statute's lack of ambiguity "is both confirmed and explained by a review of its statutory history within the context of Hawaii's motor vehicle insurance law." Id. The Court explained that the avowed purpose of the CLD was to discourage frivolous lawsuits, while at the same time setting a reasonable standard for litigation on a legitimate claim. Id. at 147, 80 P.3d at 326 (quoting 1997 Senate Journal, at 798). As such, the specific role of HRS § 431:10C-301.5 was to preclude a plaintiff from receiving a double recovery for medical expenses which had been paid as Personal Injury Protection ("PIP") coverage benefits, by reducing a recovery of damages for bodily injury by the greater of $5,000.00, or the amount of PIP benefits incurred, up to a maximum reduction of $10,000.00. Id. at 148.

Here, the Complaint sought recovery for bodily injury arising from a motor vehicle accident. The matter was tried before the Honorable Barry M. Kurren, with a jury who issued a Special Verdict. There is no dispute that Plaintiff received PIP benefits totaling $10,000.00 from DTRIC Insurance Company. See

Exhibit "B", attached hereto. Therefore, the CLD amount in this case is $10,000.00. Consequently, under HRS § 431:10C-301.5, any Judgment must be reduced by this amount. If a Judgment should be issued from the Special Verdict, the net Judgment should be **$72,500.00**, as follows:

|  |  |
|---|---|
| $ 82,500.00 | Total Amount of Jury Verdict |
| ( 10,000.00) | **Less** the CLD |
| **$ 72,500.00** | **NET JUDGMENT** after reduction for the CLD |

Otherwise, and contrary to the legislative intent of the statute, Plaintiff will receive a windfall by obtaining a double recovery for medical expenses paid on her behalf. Accordingly, the instant Motion should be granted, and any Judgment reflect a deduction for the CLD in the amount of $10,000.

III. CONCLUSION:

Based upon the foregoing, this Defendant respectfully requests that the instant motion be **GRANTED**, and that any Judgment reflect a deduction for the covered loss deductible amount of $10,000.00.

DATED: HONOLULU, HAWAI'I, FEB 0 8 2006

RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

4