IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, | ) Civil No. 04-00619 BMK |
| | ) |
| | ) MEMORANDUM IN SUPPORT OF MOTION |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

This claim arises from injuries suffered by Plaintiff
KATHY TOOZE-AGUIRRE ("KATHY") after her 1997 Nissan Maxima was
hit from the rear by a Jeep Wrangler driven by Defendant RACHEL
STEVENS-VANGORDER ("STEVENS-VANGORDER") while KATHY was stopped
in traffic on Kalanianaole Highway on March 26, 2003.  Defendant
STEVENS-VANGORDER was visiting Honolulu from her residence in
Oregon at the time of the collision.

According to Defendant STEVENS-VANGORDER's December 2,
2005 response to Plaintiffs' First Request For Admissions and
Request for Answers to Interrogatories to Defendant STEVENS-
VANGORDER, she was lost, going 40 miles per hour and reading a
road map when she hit KATHY's vehicle.

If #1 means the car I was driving, and #2

means the car driven by Plaintiff [KATHY], I
admit that:

1.  I informed State Farm of the Subject
    Collision after it occurred

2.  I informed State Farm that I was on the
    highway

3.  I informed State Farm that I was lost

4.  I informed State Farm that I was looking,
    alternately, between a map and at the road

5.  I was traveling approximately 40 mph
    before the Subject Collision

6.  The vehicle I was driving bumped into
    the rear of the vehicle driven by
    Plaintiff [KATHY]

> A true and correct copy
> of Pages 64 and 65 of
> Defendant STEVENS-VANGORDER'S
> First Amended Response to
> Plaintiffs' First Request For
> Admissions and Request for
> Answers to Interrogatories to
> Defendant STEVENS-VANGORDER is
> attached to and made a part
> hereof as
> Exhibit "A".

As a result of the collision, KATHY sustained serious

permanent injuries to her neck and back which were verified

through objective diagnostic testing, including MRI and EMG/NCV

examination.

Following a four day trial, the jury returned a Special

Verdict in favor of KATHY on February 3, 2006 and awarded her

$82,500.00 in damages.  KATHY now requests that the Court assess

prejudgment interest on the Judgment entered herein on February

7, 2006 from the date of the subject collision on March 26, 2003.

II.  <u>STATEMENT OF RELEVANT FACTS</u>.

On March 11, 2004, KATHY made a policy limits demand on State Farm Insurance Co. ("State Farm"), Defendant STEVENS-VANGORDER's auto insurer, for its policy limits of $100,000.00 on March 11, 2004.  A true and correct copy of the settlement demand is attached to and made a part hereof as Exhibit "B".

After a delay of two months, State Farm's adjuster finally responded to the demand on May 11, 2004 with a counteroffer of $14,000.00.  A true and correct copy of the adjuster's letter dated May 11, 2004 is attached to and made a part hereof as Exhibit "C".  No further offers were exchanged prior to the filing of the lawsuit even though KATHY provided the adjuster with additional documents at the adjuster's request, including Dr. Tyronne Dang's pre-collision medical records and income tax returns verifying income from her business prior to the subject collision.

The adjuster further declined to accept service of the Complaint for its insured forcing KATHY to incur additional delay and expense in securing service of the Complaint upon Defendant STEVENS-VANGORDER in the State of Oregon.  A true and correct copy of the letter from State Farm's adjuster dated July 21, 2004 is attached to and made a part hereof as Exhibit "D".

After a costly four-month delay searching for Defendant

-3-

STEVENS-VANGORDER in Oregon, Defendant STEVENS-VANGORDER was
served at her Oregon residence on September 30, 2004.  A true and
correct copy of the Affidavit of Dorothy Johnston dated October
4, 2004 is attached to and made a part hereof as Exhibit "E".

On October 19, 2004, Defendant STEVENS-VANGORDER filed
her Answer to the Complaint denying that she caused the subject
collision and further alleging that KATHY was responsible for her
own injuries.  A copy of Defendant STEVENS-VANGORDER's Answer to
Complaint filed on October 19, 2004 is attached to and made a
part hereof as Exhibit "F".

After the case was removed to this Court at Defendant
STEVENS-VANGORDER's request, thereby avoiding the Hawaii CAAP
program, substantial, prolonged and costly discovery ensued.
Defendant STEVENS-VANGORDER's attorney even insisted on having
KATHY submit to a separate defense medical examination despite
the fact that KATHY had already gone through an independent
examination by Peter E. Diamond, M.D., a well-known and respected
medical examiner, back in March 2005 at the request of her no-
fault carrier.

As the Court is aware, even Defendant STEVENS-
VANGORDER's examiner, Dr. Scoggin, conceded at trial that KATHY
had sustained injuries to her neck and back in the 2003
collision.

The Court also conducted several settlement conferences

-4-

in an attempt to resolve this matter short of trial.  In response

thereto, Defendant STEVENS-VANGORDER filed an Offer of Settlement

on June 23, 2005 offering to settle KATHY's claims for a net of

$18,000.00, after deducting for the covered loss deductible of

$10,000.00.

III.  <u>ARGUMENT</u>.

    A.  <u>PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST
        IN THIS CASE.</u>

    Under H.R.S. § 636-16, as amended, the Court may

designate the commencement date for legal interest on the

judgment to ". . . conform to the circumstances of each case, . .

." The earliest commencement date in cases arising in tort may

be the date when the injury first occurred.  H.R.S. § 636-16.

    The legislative history to § 636-16 clearly explains

the rationale behind its adoption:

> Your Committee understands that at the
> present time interest is generally awarded
> commencing on the day judgment is rendered.
> **Where the issuance of a judgment is greatly
> delayed for any reason, such fixed commence-
> ment date can result in substantial injustice.
> Allowing the trial judge to designate the
> commencement date will permit more equitable
> results.  Also, it is expected that party
> litigants will give serious regard to this
> discretion on the part of the trial judge
> so that those who may have had an unfair
> leverage by the arbitrariness of the prior
> rule will arrive at the realization that
> recalcitrance or unwarranted delays in cases
> which should be more speedily resolved will
> not enhance their position or assure them of
> a favorable award.**  [Emphasis added.]

Conf. Com. Rep. No. 67
on S.B. No. 1043, 1979
Sen. Journ. at 984.

The Hawaii Supreme Court has consistently relied upon the legislature's stated purposes in affirming awards of prejudgment interest in cases interpreting § 636-16. <u>Metcalf v. Voluntary Employees' Beneficial Association</u>, 99 Haw. 53, 61, 52 P.3d 823 (2002); <u>Calleon v. Miyagi</u>, 76 Haw. 310, 322, 876 P.2d 1278 (1994)(the purpose of prejudgment interest is to discourage 'recalcitrance and unwarranted delays in cases which should be more speedily resolved'); and <u>Wiegand v. Colbert</u>, 68 Haw. 472, 477-478, 718 P.2d 1080 (1986).

The Court may award prejudgment interest to KATHY in this case under § 636-16. <u>Eckard Brandes, Inc. v. Riley</u>, 338 F.3d 1082, 1088 (9th Cir. 2003)(prejudgment interest awarded where issuance of judgment was materially delayed); <u>Kinoshita v. Canadian Pacific Airlines, Limited</u>, 1987 U.S. Dist. LEXIS 15024.

KATHY submits that Defendant STEVENS-VANGORDER had ample opportunity to settle this matter before trial but chose to delay the inevitable and drive up KATHY's litigation costs substantially by forcing her to trial. Unfortunately, the jury did not agree with Defendant STEVENS-VANGORDER's unrealistic assessment of the value of this case. Accordingly, the Court should award prejudgment interest to KATHY consistent with the purposes of § 636-16.

-6-

IV.   <u>CONCLUSION</u>.

      KATHY respectfully requests that the Motion For Prejudgment Interest be granted and that the Court order legal interest to commence on the Judgment entered herein from the date of the subject collision pursuant to H.R.S. § 636-16.

      DATED: Honolulu, Hawaii, _____FEB - 8 2006_____.

                     _____

                     BRUCE B. KIM
                     JANICE P. KIM
                     Attorneys for Plaintiff
                     KATHY