IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, | ) | Civil No. 04-00619 BMK |
| | ) | |
| | ) | MEMORANDUM IN SUPPORT OF MOTION |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORA-TIONS 1-10, and DOE ENTITIES 1-10, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

        This claim arises from injuries suffered by Plaintiff

KATHY TOOZE-AGUIRRE ("KATHY") after her 1997 Nissan Maxima was

struck from the rear by a Jeep Wrangler driven by Defendant

RACHEL STEVENS-VANGORDER ("STEVENS-VANGORDER") while KATHY was

stopped in traffic on Kalanianaole Highway on March 26, 2003.

        This matter was tried to a jury commencing on January

31, 2006.  On February 3, 2006, the jury returned a Special

Verdict in favor of KATHY and against Defendant RACHEL STEVENS-

VANGORDER awarding KATHY special and general damages totaling

$82,500.00.

        KATHY requests that the Court award her attorneys' fees

and certain costs incurred since December 3, 2005 pursuant to

Fed. R. Civ. P. Rule 37(c)(2) on the grounds that Defendant

STEVENS-VANGORDER failed to admit the causation, reasonableness and/or necessity of a single ambulance, hospital, medical and or therapy bill that KATHY incurred after being hit by Defendant STEVENS-VANGORDER in her written responses to Plaintiffs' First Request for Admissions and Request For Answers to Interrogatories.

II.  STATEMENT OF RELEVANT FACTS.

On November 1, 2005, Plaintiff KATHY served Defendant STEVENS-VANGORDER with Plaintiffs' First Request For Admissions and Request For Answers to Interrogatories to Defendant STEVENS-VANGORDER ("Request").  A true and correct copy of the  Request, together with pages 9-18 of the Request For Admissions and Interrogatories and Exhibits "B" and "C" which were attached to and made a part of the Request are attached to and made a part hereof as Exhibit "A".

Defendant STEVENS-VANGORDER was specifically asked to admit that:

| REQUEST FOR ADMISSION NO. | DESCRIPTION |
|---|---|
| 8 | Do you admit that the statements and bills attached hereto as Exhibit "B" are true and accurate copies of statements and bills for ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation incurred by KATHY TOOZE-AGUIRRE following the Subject Collision? |

| | |
|---|---|
| 9 | Do you admit that the statements and bills attached hereto as Exhibit "B" reflect treatment Plaintiff KATHY TOOZE-AGUIRRE received from each listed health care provider for ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation following the Subject Collision? |
| 10 | Do you admit to the admissibility of the statements and bills attached hereto as Exhibit "B" at trial? |
| 11 | Do you admit that the treatment and other services reflected in the statements or bills for ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and consultation attached hereto as Exhibit "B" were reasonably and necessarily incurred by Plaintiff KATHY TOOZE-AGUIRRE to treat her physical condition following the Subject Collision? |
| 12 | Do you admit that Plaintiff KATHY TOOZE-AGUIRRE's physical condition which necessitated the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation recorded in the statements and bills attached hereto as Exhibit "B" (and which you admit was reasonably and necessarily incurred) was caused by the Subject Collision? |
| 13 | Do you admit that the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation recorded in the statements and bills attached hereto as Exhibit "B" resulted in charges totaling $29,322.31, as reflected in attached Exhibit "C"? |

| | |
|---|---|
| 14 | Do you admit that the charges totaling $29,322.31 which resulted from the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, and/or consultation recorded in Exhibit "B" are reasonable and customary for the amount and type of ambulance services, treatment, testing, studies and/or consultation provided to Plaintiff KATHY TOOZE-AGUIRRE (as recorded in Exhibit "B")? |

All of the bills set forth in Exhibits "B" and "C" of the Request were admitted into evidence at trial except for a single $343.03 charge in The Emergency Group bill and the bill for Jordan Popper, M.D. for $262.65. The total amount of medical bills and expenses admitted into evidence at trial was $28,716.63.

KATHY received Defendant STEVENS-VANGORDER's First Amended Response to Plaintiffs' First Request For Admissions and Answers to Interrogatories to Defendant STEVENS-VANGORDER, Dated 11/1/05 on December 3, 2005. A true and correct copy of pages 24-54 of Defendant STEVENS-VANGORDER's First Amended Response to Plaintiffs' First Request For Admissions and Answers to Interrogatories to Defendant RACHEL STEVENS-VANGORDER, Dated 11/1/05 are attached to and made a part hereof as Exhibit "B".

As reflected in Exhibit "B", Defendant STEVENS-VANGORDER denied each and every one of KATHY's Requests for Admissions Nos. 8-14. She refused to admit to the admissibility of a single bill set forth in Exhibits "B" and "C" of KATHY's

-4-

Request.  These included the EMS ambulance bill and the Queen's
Medical Center Emergency Room bill for treatment incurred on the
day of the collision.

As Defendant STEVENS-VANGORDER's own defense medical
examiner, Dr. Scoggin, conceded at trial, KATHY sustained a neck
and back injury in the subject collision and that she suffered
from such injuries until some time just prior to the date of the
second accident in May 2004.

Even Dr. Scoggin acknowledged in his November 28, 2005
DME report that the treatment KATHY received from the date of the
subject collision through the May 2004 accident was **"consistent"**
with her injuries, **"appropriate"** and **"necessarily"** incurred
following the collision.

5.    Are the type, intensity, frequency, and
      duration of the provided treatment/services/
      products consistent with the severity of
      the documented injuries or conditions?

      **Yes.**

6.    Was the usage and/or timing of the diag-
      nostic tests appropriate for the specific
      conditions being evaluated and treated?

      The usage and timing of diagnostic tests
      was appropriate, given the complex and com-
      plicated history, and particularly given
      a pre-existing history of shoulder and
      low back pain, with 3 motor vehicle
      accidents and the onset of bilateral carpel
      tunnel syndrome.

              *          *          *

8.    Was the provided treatment necessary for

-5-

the patient to achieve maximum medical
improvement for the documented injuries
and/or conditions?

**Yes.** [Emphasis added.]

> A true and correct copy of
> pages 83 and 84 of Dr.
> Scoggin's 11/28/05 DME are
> attached to and made a part
> hereof as Exhibit "C".

III.  <u>ARGUMENT</u>.

A.  DEFENDANT STEVENS-VANGORDER'S BLANKET DENIAL
OF THE ADMISSIBILITY OF A SINGLE MEDICAL BILL
INCURRED BY KATHY MERITS THE AWARD OF THE
<u>ATTORNEYS' FEES AND COSTS REQUESTED HEREIN.</u>

Under Fed. R. Civ. P. Rule 37(c)(2), the award of
attorneys' fees and costs incurred as a result of a party's
failure to admit ". . . the genuineness of any document or the
truth of any matter as requested under Rule 36 . . ." is
mandatory.  The only grounds to avoid the imposition of fees and
costs incurred are if the request was,

> . . . (A) . . . held objectionable pursuant
> to Rule 36(a), or (B) the admission sought was
> of no substantial importance, or (C) the party
> failing to admit had reasonable ground to believe
> that the party might prevail on the matter, or
> (D) there was other good reason for the failure
> to admit.

Fed. R. Civ. P. Rule 37(c)(2).

Rule 37(c) is intended to provide post-trial relief in
the form of a requirement that the party improperly refusing the
admission pay the expenses of the other side in making the
necessary proof at trial.  Notes of Advisory Committee to 1970

-6-

Amendments to Rule 37.

Defendant STEVENS-VANGORDER cannot meet any of the four grounds listed in Rule 37(c)(2) to escape the imposition of attorneys' fees and costs in this case.

The requested admissions were not objectionable on their face; the admissions sought were important because the $29,322.21 in medical bills incurred by KATHY prior to the second accident in 2004 were a substantial part of the damages she incurred following the subject collision; there was no good faith basis for Defendant STEVENS-VANGORDER or her attorneys to believe they "might" prevail on the matter; and there was absolutely no other good reason for her failure to admit or deny the admissibility of a single medical bill, including the EMS ambulance bill and the Queen's Emergency Room bill from the day of the subject collision. As noted above, Defendant STEVENS-VANGORDER's own defense medical examiner conceded the treatment KATHY received following the collision was "consistent" with her injuries, "appropriate" and "necessarily" incurred to treat her injuries. Dr. Scoggin further admitted in his DME report and again at trial that the collision did cause injuries to KATHY's neck and back. Exhibit "C".

In <u>Marchand v. Mercy Medical Center</u>, 22 F.3d 933 (9th Cir. 1994), a medical malpractice action, the Ninth Circuit ruled that Rule 37(c)(2) mandates an award of expenses unless an

exception applies.

> **The Rule mandates an award of expenses unless an exception applies. Enforcement encourages attorneys and parties to identify undisputed issues early to avoid unnecessary costs. Failure to identify those issues wastes the resources of the parties and courts.**
>
> *        *        *
>
> **. . . Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and wordplay.** [Emphasis added.]

Marchand, 22 F.3d at 936.

In House v. Giant of Maryland, LLC, 2005 U.S. Dist. LEXIS 27058 (E.D. Virginia 2005), the District Court awarded the prevailing plaintiff his attorney's fees and expert witness costs associated with proving nearly $20,000.00 in medical bills he incurred following a motor vehicle collision caused by the defendant. The defendant claimed in its responses to the plaintiff's request for admissions that it was unable to admit or deny the authenticity of the plaintiff's medical bills, the reasonableness of said bills or whether the bills were causally related to the accident. The District Judge awarded plaintiff his attorney's fees and expert witness fees incurred in proving the reasonableness of his medical bills and their causal connection to the accident. He further noted that Fed. R. Civ. P. Rule 36(a) imposes a duty upon the party responding to a

-8-

request for admissions to make "reasonable inquiry" prior to
responding to the request.

> The answer shall specifically deny the matter
> or set forth in detail the reasons why the
> answering party cannot truthfully admit or
> deny the matter. **A denial shall fairly meet
> the substance of the requested admission and
> when good faith requires that a party qualify
> an answer or deny only part of the matter of
> which an admission is requested, the party
> shall specify so much of it as is true and
> qualify or deny the remainder. An answering
> party may not give lack of information or
> knowledge as a reason for failure to admit
> or deny unless the party states that it has
> made reasonable inquiry and that the informa-
> tion known or readily obtainable by the party
> is insufficient to enable the party to admit
> or deny.** A party who considers that a matter
> of which an admission has been requested
> presents a genuine issue for trial may not, on
> that ground alone, object to the request; . . .
> [Emphasis added.]

> Fed. R. Civ. P. Rule 36(a).

The District Judge further stated that "gamesmanship"
in responding to requests for admissions should not be tolerated.

> If the responding party is not sure whether
> to admit or deny, he must make 'reasonable
> inquiry' into the subject matter of the request
> and state in his answer the steps taken to
> satisfy this obligation. [Cit. omit.] If
> the responding party finds the wording of the
> request for admission imprecise, he should
> set forth a qualified answer that fairly meets
> the substance of the request. [Cit. omit.]
> Requests for admissions are not games of
> "Battleship" in which the propounding party
> must guess the precise language coordinates
> that the responding party deems answerable.

> <u>House</u>, 2005 U.S. Dist. LEXIS

27058 at *16-*17.

Under Rule 37(c)(2), the propounding party is not required to move to compel an answer prior to trial as a prerequisite to seeking recovery of fees and costs after trial. Marchand, 22 F.3d at 938; House, 2005 U.S. Dist. LEXIS at *9-*10; Advisory Committee Notes to Rule 37. The fact that the responding party objected to the request and the objection was never ruled upon prior to trial does not preclude an award of attorneys' fees and costs under the Rule. *Id.*

   B.    THE ATTORNEYS' FEES AND COSTS REQUESTED
         ARE REASONABLE.

As noted in the Schedule of Attorneys' Hours attached to and made a part hereof as Exhibit "D", the fees requested are reasonably related to preparing for and proving the $28,716.63 in medical bills which were admitted into evidence at trial. Furthermore, the expenses for expert witness fees incurred as well as deposition costs for the deposition of Edwin Muranaka, M.D. were also reasonably incurred as a result of Defendant STEVENS-VANGORDER's refusal to admit the admissibility of a single medical bill KATHY incurred following the collision. Attached to and made a part hereof as Exhibits "E" - "I" are true and correct copies of the expert witness bills of Drs. Dang, Diamond and Muranaka and the deposition costs of Dr. Muranaka's video deposition from Carnazzo Court Reporting Company and Certified Legal Video, respectively.

-10-

IV.  CONCLUSION.

KATHY respectfully requests that the Court award her the following fees and expenses reasonably incurred in proving the $28,716.63 in medical bills admitted at trial.

| FEES & COSTS | AMOUNT |
|---|---|
| **Attorneys' Fees:** | |
| Bruce B. Kim:  Preparation: 40.3 hours x $250.00/hr. | $10,075.00 |
| Trial: 30.5 x $300.00/hr. | 9,150.00 |
| HI GE Tax @ 4.166% | 800.91 |
| Janice P. Kim:  Preparation: 43.5 hours x $250.00/hr. | 10,875.00 |
| Trial:  27 hours x $325.00/hr. | 8,775.00 |
| HI GE Tax @ 4.166% | 818.62 |
| **Expert Witness Fees:** | |
| Tyronne Dang, M.D. | 1,200.00 |
| Peter E. Diamond, M.D. | 833.33 |
| Edwin T. Muranaka, M.D. | 1,200.00 |
| **Deposition Costs:** | |
| Carnazzo Court Reporting Co. | 211.66 |
| Certified Legal Video | 420.57 |
| **TOTAL:** | **$44,360.09** |

KATHY further requests that the Court award her such other and further relief in connection with the Motion for Attorneys' Fees and Costs as it deems just in the premises.

-11-

DATED: Honolulu, Hawaii, _____FEB 1 6 2006_____.

_____
BRUCE B. KIM
JANICE P. KIM
Attorneys for Plaintiff
KATHY TOOZE-AGUIRRE

_____

Tooze-Aguirre v. Stevens-Vangorder, Civil No. 04-00619 BMK,
Memorandum In Support of Motion.