Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

RANDALL Y.S. CHUNG    2929-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com

Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>         Plaintiffs,<br><br>    vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 04 00619 BMK<br><br>DEFENDANT RACHAEL ROXXANN WILKS' FIRST AMENDED RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS AND ANSWERS TO INTERROGATORIES TO DEFENDANT RACHEL STEVENS-VANGORDER, DATED 11/01/05 |

EXHIBIT B

### DEFENDANT RACHAEL ROXXANN WILKS' FIRST AMENDED RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS AND ANSWERS TO INTERROGATORIES TO DEFENDANT RACHEL STEVENS-VANGORDER, DATED 11/01/05

Comes now defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) ("this Defendant"), by her attorneys, and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby amends her responses and/or objections to PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS AND ANSWERS TO INTERROGATORIES TO DEFENDANT RACHEL STEVENS-VANGORDER, served upon her on or about November 2, 2005, numbered 1, 2, 11, 12, and 14. This Defendant reserves the right to amend and/or supplement said responses during further proceedings in this action.

DATED: HONOLULU, HAWAII, _____ DEC 0 2 2005 _____

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

<u>Request for Admission No. 8</u>

Do you admit that the statements and bills attached hereto as Exhibit "B" are true and accurate copies of statements and bills for ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation incurred by KATHY TOOZE-AGUIRRE following the Subject Collision?

<u>OBJECTION:</u>

This Defendant objects to this request to the extent that it is vague and ambiguous as to the terms "statements and bills", "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation incurred". This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

Subject to the foregoing objections, this Defendant responds as follows:

Admit: _____     Deny: _____X_____

This Defendant admits that Exhibit "B" contains a true and correct copy of Statements by Yeoh & Muranaka. This Defendant also admits that Exhibit "B" appears to contain a copy of Health Insurance Claim Forms by Dr. Tyronne Dang, Dr. Jordan Popper, and Radiology Associates. This Defendant also admits that Exhibit "B" appears to contain ledgers from Dr. David Suzuki, Yoshimoto Physical Therapy, from an unknown provider for services on April 23, 2003, June 16, 2003, and

August 21, 2003. This Defendant also admits that Exhibit "B" appears to contain Statements by Hawai'i Neurosurgery Group, LLP, David Suzuki, D.C., The Emergency Group, Inc., and The Queen's Medical Center, Care Rehab & Orthopaedic, and Emerg Medical Services System, and admits that the dates of service noted on such forms, ledgers, and Statements are for dates from and after March 26, 2003, but makes no other admission.

This Defendant is unable to admit or deny the authenticity of the copies attached as Exhibit "B", because there is no sworn statement as to the authenticity of such records by the persons issuing said forms, ledgers, and requests.

Although the records of Dr. Tyronne Dang were produced on March 14, 2005, pursuant to a subpoena duces tecum, Dr. Dang did not include the Health Insurance Claim Forms included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of The Emergency Group were produced on March 14, 2005, pursuant to a subpoena duces tecum, the Statement from The Emergency Group included in Exhibit "B" was not included in the records produced pursuant to the subpoena duces tecum.

Although the records of The Queen's Medical Center, Billing Department were produced on March 24, 2005, pursuant to a subpoena duces tecum, the Statement from The Queen's Medical Center included in Exhibit "B" was not included in the records produced pursuant to the subpoena duces tecum.

Although the records of Radiology Associates were produced on March 16, 2005, pursuant to a subpoena duces tecum, Radiology Associates did not include the Health Insurance Claim Forms included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of City & County of Honolulu, Department of Health, Emergency Medical Services Division

were produced on March 14, 2005, pursuant to a subpoena duces tecum, the Statement from Emerg Medical Services System included in Exhibit "B" was not included in the records produced pursuant to the subpoena duces tecum.

Although the records of Dr. David Suzuki were produced on March 14, 2005, pursuant to a subpoena duces tecum, Dr. Suzuki did not include the ledger included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of Yoshimoto Physical Therapy were produced on March 15, 2005, pursuant to a subpoena duces tecum, Yoshimoto Physical Therapy did not include the ledger included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of Dr. Leon Liem were produced on June 21, 2005, pursuant to Plaintiff's authorization, Dr. Liem did not produce the request for payment included in Exhibit "B", even though such "billing records" were specifically requested.

Although the records of Dr. Jordan Popper were produced on June 22, 2005, pursuant to Plaintiff's authorization, Dr. Popper did not produce the request for payment included in Exhibit "B", even though such "billing records" were specifically requested.

If your answer to the immediately preceding request for admission is anything but an unqualified admission, state all the facts you claim support your response.

<u>Answer</u>:

<u>OBJECTION</u>:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.  This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

(a)    Identify all witnesses to such facts:

<u>Answer</u>:

<u>OBJECTION</u>:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

(b)    Identify all documents you rely on to assert such facts:

<u>Answer</u>:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure. It is also vague and ambiguous as to the terms "rely" and "assert".

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

If you did not admit to the preceding request for admission but admit that some or a portion of the statements and bills attached hereto in Exhibit "B" are true and correct copies of statements and bills incurred by Plaintiff KATHY TOOZE-AGUIRRE for ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation following the Subject Collision, please identify which portions of Exhibit "B" you admit are true and correct by date, page number and name(s) of the provider(s).

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure. This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.


_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

## Request for Admission No. 9

Do you admit that the statements and bills attached hereto as Exhibit "B" reflect treatment Plaintiff KATHY TOOZE-AGUIRRE received from each listed health care provider for ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation following the Subject Collision?

OBJECTION:

This Defendant objects to this request to the extent that it is vague and ambiguous as to the terms "statements and bills", "listed health care provider", and "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation". This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

Subject to the foregoing objections, this Defendant responds as follows:

Admit: _____ Deny: ____X____

This Defendant admits that the dates of service in the records attached as Exhibit "B" reflect services to Plaintiff from and after March 26, 2003, but makes no other admission.

If your answer to the immediately preceding request for admission is anything but an unqualified admission, state all the facts you claim support your response.

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

(a)    Identify all witnesses to such facts:

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

(b)    Identify all documents you rely on to assert such facts:

<u>Answer</u>:

    <u>OBJECTION</u>:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.  It is also vague and ambiguous as to the terms "rely" and "assert".

                                                  _____
                                             RANDALL Y.S. CHUNG
                                             Attorney for Defendant
                                           RACHAEL ROXXANN WILKS
                                           (incorrectly named as
                                           RACHEL STEVENS-VANGORDER)

## Request for Admission No. 10

Do you admit to the admissibility of the statements and bills attached hereto as Exhibit "B" at trial?

OBJECTION:

This Defendant objects to this request to the extent that it is vague and ambiguous as to the term "statements and bills". This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

Subject to the foregoing objections, this Defendant responds as follows:

    Admit: _____    Deny: _____X_____

This Defendant admits that Exhibit "B" contains a true and correct copy of Statements by Yeoh & Muranaka. This Defendant also admits that Exhibit "B" appears to contain a copy of Health Insurance Claim Forms by Dr. Tyronne Dang, Dr. Jordan Popper, and Radiology Associates. This Defendant also admits that Exhibit "B" appears to contain ledgers from Dr. David Suzuki, Yoshimoto Physical Therapy, from an unknown provider for services on April 23, 2003, June 16, 2003, and August 21, 2003. This Defendant also admits that Exhibit "B" appears to contain Statements by Hawai'i Neurosurgery Group, LLP, David Suzuki, D.C., The Emergency Group, Inc., and The Queen's Medical Center, Care Rehab & Orthopaedic, and Emerg Medical Services System, and admits that the dates of service noted on such forms, ledgers, and Statements are for

dates from and after March 26, 2003, but makes no other admission.

This Defendant is unable to admit or deny the authenticity of the copies attached as Exhibit "B", because there is no sworn statement as to the authenticity of such records by the persons issuing said forms, ledgers, and requests.

Although the records of Dr. Tyronne Dang were produced on March 14, 2005, pursuant to a subpoena duces tecum, Dr. Dang did not include the Health Insurance Claim Forms included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of The Emergency Group were produced on March 14, 2005, pursuant to a subpoena duces tecum, the Statement from The Emergency Group included in Exhibit "B" was not included in the records produced pursuant to the subpoena duces tecum.

Although the records of The Queen's Medical Center, Billing Department were produced on March 24, 2005, pursuant to a subpoena duces tecum, the Statement from The Queen's Medical Center included in Exhibit "B" was not included in the records produced pursuant to the subpoena duces tecum.

Although the records of Radiology Associates were produced on March 16, 2005, pursuant to a subpoena duces tecum, Radiology Associates did not include the Health Insurance Claim Forms included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of City & County of Honolulu, Department of Health, Emergency Medical Services Division were produced on March 14, 2005, pursuant to a subpoena duces tecum, the Statement from Emerg Medical Services System included in Exhibit "B" was not included in the records produced pursuant to the subpoena duces tecum.

Although the records of Dr. David Suzuki were produced on March 14, 2005, pursuant to a subpoena duces tecum, Dr. Suzuki did not include the ledger included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of Yoshimoto Physical Therapy were produced on March 15, 2005, pursuant to a subpoena duces tecum, Yoshimoto Physical Therapy did not include the ledger included in Exhibit "B", even though "billings" were specifically subpoenaed.

Although the records of Dr. Leon Liem were produced on June 21, 2005, pursuant to Plaintiff's authorization, Dr. Liem did not produce the request for payment included in Exhibit "B", even though such "billing records" were specifically requested.

Although the records of Dr. Jordan Popper were produced on June 22, 2005, pursuant to Plaintiff's authorization, Dr. Popper did not produce the request for payment included in Exhibit "B", even though such "billing records" were specifically requested.

However, this Defendant leaves Plaintiffs to their proof as to admissibility, because this Defendant does not have personal knowledge of the matter requested. There is no sworn testimony as to the authenticity of the information attached as Exhibit "B".

If your answer to the preceding request for admission is anything other than an unqualified admission, please state all facts upon which you refuse to admit any of statements and bills set forth in Exhibit "B" into evidence at trial.

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

If you did not admit to the preceding request for admission but admit that some or a portion of the statements or bills attached as Exhibit "B" are admissible, please identify which portions of Exhibits "B" you admit are admissible by date, page number and name(s) of provider(s).

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

**Request for Admission No. 11**

Do you admit that the treatment and other services reflected in the statements or bills for ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and consultation attached hereto as Exhibit "B" were reasonably and necessarily incurred by Plaintiff KATHY TOOZE-AGUIRRE to treat her physical condition following the Subject Collision?

OBJECTION:

This Defendant objects to this request to the extent that it is vague and ambiguous as to the terms "statements or bills", "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and consultation", and "reasonably and necessarily incurred", and "treat her physical condition". This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

Subject to the foregoing objections, this Defendant responds as follows:

Admit: _____    Deny: _____X_____

**This Defendant admits that Plaintiff sustained temporary aggravations to her pre-existing low back and cervical spine, in the form of cervical and lumbar strains, which resolved before May 24, 2004. Treatment and other services from and after May 24, 2004, therefore, were not reasonably and necessarily incurred as a result of the**

**March 26, 2003 accident. This Defendant leaves Plaintiff to her proof as to whether treatment and other services from and after March 26, 2003, and before May 24, 2004, were reasonably and necessarily incurred as a result of the March 26, 2003 accident.** This Defendant **also** admits that the dates of service noted on such forms, ledgers, and Statements included in Exhibit "B" are for dates from and after March 26, 2003, but makes no other admission.

~~This Defendant is not able to otherwise admit to this request for admission because Plaintiff was examined by Dr. James Scoggin III on November 9, 2005, and Dr. Scoggin's report has not yet been received. Reasonable inquiry as to the status of Dr. Scoggin's report was made on November 15, 2005, whereupon this Defendant was advised that Dr. Scoggin's report would likely not be prepared before the date on which this Defendant's responses to these discovery requests are due, because Dr. Scoggin would be out of the office from November 21, 2005, and would not return to his Honolulu office until December 6, 2005. The information known or readily available to this Defendant is insufficient to enable her to admit or deny.~~

If your answer to the preceding request for admission is anything other than an unqualified admission, please state all facts you rely on in refusing to admit that the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and consultation recorded in the statements and bills attached hereto as Exhibit "B" were reasonably and necessarily incurred by Plaintiff KATHY TOOZE-AGUIRRE to treat her physical condition following the Subject Collision.

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure. This Defendant also objects to this interrogatory to the extent that it is vague and

ambiguous as to the terms "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing,

imaging studies and consultation", and "reasonably and necessarily incurred", and "treat her physical condition".

_____

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

If you did not admit to the preceding request for admission but admit that some of the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and consultation reflected in the statements and bills attached hereto as Exhibit "B" was reasonably and necessarily incurred by Plaintiff KATHY TOOZE-AGUIRRE to treat her physical condition following the Subject Collision, please indicate below which statements or bills you admit were reasonably and necessarily incurred by stating the date, page number and name(s) of provider(s).

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure. This Defendant also objects to this interrogatory to the extent that it is vague and ambiguous as to the terms "statements or bills", "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and consultation", and

"reasonably and necessarily incurred", and "treat her physical condition".


RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

**Request for Admission No. 12**

Do you admit that Plaintiff KATHY TOOZE-AGUIRRE's physical condition which necessitated the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation recorded in the statements and bills attached hereto as Exhibit "B" (and which you admit was reasonably and necessarily incurred) was caused by the Subject Collision?

OBJECTION:

This Defendant objects to this request to the extent that it is vague and ambiguous as to the terms "physical condition", "necessitated", "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and consultation", and "statements and bills", "reasonably and necessarily incurred", and "caused by the Subject Collision". This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

_____

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

Subject to the foregoing objections, this Defendant responds as follows:

Admit: _____    Deny: _____X_____

**This Defendant admits that Plaintiff sustained temporary aggravations to her pre-existing low back and cervical spine, in the form of cervical and lumbar strains, which resolved before May 24, 2004. Treatment and other services from and after May 24, 2004, therefore, were not reasonably and necessarily incurred as a result of the March 26, 2003**

**accident.  This Defendant leaves Plaintiff to her proof as to whether treatment and other services from and after March 26, 2003, and before May 24, 2004, were reasonably and necessarily incurred as a result of the March 26, 2003 accident.**  This Defendant **also** admits that the dates of service noted on such forms, ledgers, and Statements included in Exhibit "B" are for dates from and after March 26, 2003, but makes no other admission.

~~This Defendant is not able to otherwise admit to this request for admission because Plaintiff was examined by Dr. James Scoggin III on November 9, 2005, and Dr. Scoggin's report has not yet been received.  Reasonable inquiry as to the status of Dr. Scoggin's report was made on November 15, 2005, whereupon this Defendant was advised that Dr. Scoggin's report would likely not be prepared before the date on which this Defendant's responses to these discovery requests are due, because Dr. Scoggin would be out of the office from November 21, 2005, and would not return to his Honolulu office until December 6, 2005.  The information known or readily available to this Defendant is insufficient to enable her to admit or deny.~~

If your answer to the preceding request for admission is anything other than an unqualified admission, please state all facts you rely on in refusing to admit that Plaintiff KATHY TOOZE-AGUIRRE's physical condition which necessitated the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation recorded in the statements and bills attached hereto as Exhibit "B" were caused by the Subject Collision.

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.  This Defendant also objects to this request to the extent that it is vague and ambiguous as to the terms "physical condition", "necessitated", "ambulance

services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and

consultation", and "statements and bills", and "caused by the Subject Collision".

_____

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

If you did not admit to the preceding request for admission but admit that the Subject Collision caused some or a portion of Plaintiff KATHY TOOZE-AGUIRRE's physical condition which in turn necessitated the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation recorded in the statements and bills attached hereto in Exhibit "B" (which you admit was reasonably and necessarily incurred), please identify which portion of Plaintiff KATHY TOOZE-AGUIRRE's physical condition you admit was caused by the Subject Collision.

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure. This Defendant also objects to this request to the extent that it is vague and ambiguous as to the terms "physical condition", "necessitated", "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and

consultation", and "statements and bills", "reasonably and necessarily incurred", and "caused by the Subject Collision".

 

 

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

**Request for Admission No. 13**

Do you admit that the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation recorded in the statements and bills attached hereto as Exhibit "B" resulted in charges totaling $29,322.31, as reflected in attached Exhibit "C"?

OBJECTION:

This Defendant objects to this request to the extent that it is vague and ambiguous as to the terms "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation", and "statements and bills", and "resulted in charges". Further, the information in Exhibit "B" speaks for itself. This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

Subject to the foregoing objections, this Defendant responds as follows:

Admit: _____    Deny: _____X_____

This Defendant admits that the sum of the amounts noted on Exhibit "C" equals $29,322.31, but makes no other admission. Inasmuch as Exhibit "B" contains Health Insurance Claim Forms, Statements, Ledgers, and requests for payment, Exhibit "C" does not accurately reflect the "statements and bills" included in Exhibit "B".

If your answer to the immediately preceding request for admission is anything but an unqualified admission, state all the facts you claim support your response.

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure. This Defendant objects to this interrogatory to the extent that it is irrelevant and not calculated to lead the discovery of admissible evidence.

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

(a)    Identify all witnesses to such facts:

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure.

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

(b)    Identify all documents you rely on to assert such facts:

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it
exceeds the number of interrogatories permitted, without leave of
court, by Rule 33, Federal Rules of Civil Procedure.  It is also vague
and ambiguous as to the terms "rely" and "assert".


RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

If you did not admit to the preceding request for admission but admit that
some or a portion of the charges reflected in Exhibits "C" are related to the
ambulance services, hospital care, medical treatment, chiropractic treatment,
physical therapy, diagnostic testing, imaging studies and/or consultation
recorded in the statements and bills attached hereto as Exhibit "B", please
identify which charges in Exhibit "C" are related to such treatment, therapy,
diagnostic tests, imaging studies and/or consultation.

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it
exceeds the number of interrogatories permitted, without leave of
court, by Rule 33, Federal Rules of Civil Procedure.  This Defendant
objects to this request to the extent that it is vague and ambiguous as
to the terms "ambulance services, hospital care, medical treatment,
chiropractic treatment, physical therapy, diagnostic testing, imaging
studies and/or consultation", "recorded", "statements and bills",

"charges", and "such treatment, therapy, diagnostic tests, imaging studies and/or consultation". Further, the information in Exhibit "B" speaks for itself. This Defendant also objects to this request, to the extent that it does not appear to be reasonably calculated to lead to the discovery of admissible evidence.


_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

**Request for Admission No. 14**

Do you admit that the charges totaling $29,322.31 which resulted from the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, and/or consultation recorded in Exhibit "B" are reasonable and customary for the amount and type of ambulance services, treatment, testing, studies and/or consultation provided to Plaintiff KATHY TOOZE-AGUIRRE (as recorded in Exhibit "B")?

OBJECTION:

This Defendant objects to this request to the extent that it is vague and ambiguous as to the terms "charges", "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation", "recorded", "reasonable and customary", "the amount and type of ambulance services, treatment, testing, studies, and/or consultation", and "provided."

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

Subject to the foregoing objections, this Defendant responds as follows:

Admit: _____     Deny: _____X_____

**This Defendant admits that Plaintiff sustained temporary aggravations to her pre-existing low back and cervical spine, in the form of cervical and lumbar strains, which resolved before May 24, 2004. Treatment and other services from and after May 24, 2004, therefore, were not reasonably and necessarily incurred as a result of the March 26, 2003 accident. This Defendant leaves Plaintiff to her proof as to whether treatment and other services from and after March**

**26, 2003, and before May 24, 2004, were reasonably and
necessarily incurred as a result of the March 26, 2003
accident, and whether such charges were reasonable and
customary for the services provided.**

~~This Defendant is not able to admit to this request for admission
because Plaintiff was examined by Dr. James Scoggin III on
November 9, 2005, and Dr. Scoggin's report has not yet been
received. Reasonable inquiry as to the status of Dr. Scoggin's
report was made on November 15, 2005, whereupon this
Defendant was advised that Dr. Scoggin's report would likely
not be prepared before the date on which this Defendant's
responses to these discovery requests are due, because Dr.
Scoggin would be out of the office from November 21, 2005,
and would not return to his Honolulu office until December 6,
2005. The information known or readily available to this
Defendant is insufficient to enable her to admit or deny.
Further, as yet, there is no expert testimony as to the
reasonableness of the amounts reflected in the information
contained in Exhibit "B".~~

If your answer to the immediately preceding request for admission is
anything but an unqualified admission, state all the facts you claim support
your response.

Answer:

       OBJECTION:

This Defendant objects to this interrogatory to the extent that it
exceeds the number of interrogatories permitted, without leave of
court, by Rule 33, Federal Rules of Civil Procedure.

                          _____

                         RANDALL Y.S. CHUNG
                         Attorney for Defendant
                         RACHAEL ROXXANN WILKS
                         (incorrectly named as

RACHEL STEVENS-VANGORDER)

(a)    Identify all witnesses to such facts:

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it
exceeds the number of interrogatories permitted, without leave of
court, by Rule 33, Federal Rules of Civil Procedure.

_____

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

(b)    Identify all documents you rely on to assert such facts:

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it
exceeds the number of interrogatories permitted, without leave of
court, by Rule 33, Federal Rules of Civil Procedure.  It is also vague
and ambiguous as to the terms "rely" and "assert".

_____

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

If you did not admit to the preceding request for admission but admit that some or a portion of the charges totaling $29,322.31 which resulted from the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, and/or consultation recorded in Exhibit "B" were reasonable and customary, please identify in the space below which or what portion of the charges you admit are reasonable and customary for the ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation provided to Plaintiff KATHY TOOZE-AGUIRRE (as reflected in Exhibit "C").

Answer:

OBJECTION:

This Defendant objects to this interrogatory to the extent that it exceeds the number of interrogatories permitted, without leave of court, by Rule 33, Federal Rules of Civil Procedure. This Defendant also objects to this interrogatory to the extent that it is vague and ambiguous as to the terms "charges", "ambulance services, hospital care, medical treatment, chiropractic treatment, physical therapy, diagnostic testing, imaging studies and/or consultation", "recorded", "reasonable and customary", "the amount and type of ambulance services, treatment, testing, studies, and/or consultation", and "provided."

RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)