

Of Counsel:
MATSUI CHUNG
A Law Corporation
RANDALL Y.S. CHUNG    2929-0
MELANIE S. MATSUI     5851-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 17 2006

at __1__ o'clock and __16__ min. __P__M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE,<br><br>Plaintiff,<br><br>vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 04 00619 BMK<br><br>DEFENDANT RACHAEL ROXXANN WILKS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST, FILED ON FEBRUARY 9, 2006; DECLARATION OF DEBORAH HORIO; DECLARATION OF RANDALL Y.S. CHUNG; EXHIBITS "A" – "FF" (EXHIBITS "DD" & "EE" FILED UNDER SEAL); CERTIFICATE OF SERVICE<br><br>Date: March 10, 2006<br>Time: 2:00 p.m.<br>Judge: Barry M. Kurren<br><br>Trial: January 31, 2006 |

DEFENDANT RACHAEL ROXXANN WILKS'
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PREJUDGMENT INTEREST, FILED ON FEBRUARY 9, 2006

Comes now defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter referred to as "this Defendant"), by her attorneys, and hereby submits her Memorandum in Opposition to Plaintiff KATHY TOOZE-AGUIRRE's (hereinafter "Plaintiff") Motion for Prejudgment Interest, filed herein on February 9, 2006.

I.    INTRODUCTION/SUMMARY OF ARGUMENT:

This action arises out of disputes in connection with a motor vehicle accident occurring on Wednesday, March 26, 2003, at approximately 3:40 p.m. in which a 2002 Jeep driven by this Defendant collided with a 1997 Nissan Maxima four-door sedan operated by Plaintiff in the west bound lanes on Kalanianaole Highway, near the intersection of Hawaii Kai Drive, in the City and County of Honolulu, State of Hawaii.

This Defendant admitted that her actions were a cause of the subject accident, but disputed the nature and extent of Plaintiff's alleged damages, based on defenses including superseding causation, alternative causation, apportionment of damages, failure to mitigate damages, and/or other defenses.

The trial in this matter commenced on January 31, 2006.

The Special Verdict Form, a copy of which is attached hereto as

Exhibit "A", awarded Plaintiff the following:

        Special Damages    $61,000.00
        General Damages   $21,500.00

A Judgment, based upon the foregoing Special Verdict, was filed on February 7, 2006. (See Exhibit "B".)

In the Subject Motion, Plaintiff seeks prejudgment interest upon the judgment entered on February 7, 2006, at the "legal rate" (See Plaintiff's Motion for Prejudgment Interest), running from the date of the subject accident, March 26, 2003.

However, as more fully set forth below, the Subject Motion should be denied.

II.    PROCEDURAL BACKGROUND:

The procedural history of this case confirms (1) that there were no significant delays in this case, and (2), even if there were delays, they were not caused by Defendant.

The subject accident occurred on March 26, 2003. (See Exhibit "C").

By letter dated May 12, 2003, Bruce Kim informed State Farm Insurance Companies that he would be representing Kathy Tooze-Aguire, Sonya Aguirre, Alexandria Aguirre, and Andrea Aguirre. (See Exhibit "D").

By letter dated May 14, 2003, State Farm Insurance Companies

informed Mr. Kim that should a bodily injury claim be presented, the medical records of his clients would be required. Mr. Kim was offered the option of having State Farm Insurance Companies obtain the records, with his client's signed authorization. (See Exhibit "E").

By letter dated April 27, 2004, Plaintiff, through her attorney, made a policy limit demand. (See Exhibit "F").

By letter dated May 11, 2004, State Farm Insurance Companies confirmed its offer to settle the subject case for $14,000.00, general damages only. Plaintiff was informed that State Farm Insurance Companies was unable to consider any wage loss, because of the lack of supporting documentation. (See Exhibit "G").

In response, by letter dated May 13, 2004, Plaintiff rejected the settlement offer, and withdrew her demand for the policy limit. (See Exhibit "H").

Plaintiff and her husband, David Aguirre, (hereinafter, collectively, "Plaintiffs") filed a Complaint and Summons on May 21, 2004 in the Circuit Court of the First Circuit, State of Hawai'i. (See Exhibit "I"). Their claims in this lawsuit included negligence, loss of consortium, and punitive damages.

However, a Stipulation for Withdrawal of Punitive Damages Claim was filed on January 31, 2006 (See Exhibit "J"), and a Stipulation to Dismiss

Plaintiff David A. Aguirre with Prejudice was filed on February 6, 2006. (See Exhibit "K").

The case was removed to this Court on October 18, 2006 (See Exhibit "L"), and this Defendant answered the Complaint on October 19, 2004 (See Exhibit "M").

This Defendant served discovery requests upon Plaintiffs on November 10, 2004. (See Exhibit "N").

By letter dated December 6, 2004, this Defendant requested that Plaintiff sign authorizations to release her medical and employment records. (See Exhibit "O").

In response, by letter dated December 8, 2004, Plaintiff requested that this Defendant enter into a Stipulated Qualified Protective Order. (See Exhibit "P").

This Defendant proposed revisions to Plaintiffs' draft Stipulated Qualified Protective Order, by letter dated December 29, 2004. (See Exhibit "Q").

By letter dated January 3, 2005, this Defendant inquired as to the status of the authorizations for the release of medical and employment authorizations, which had been forwarded nearly a month prior. (See Exhibit "R").

Plaintiff provided "Limited Authorizations For Release of Protected Health Information". (See Exhibit "S").

After further revisions, a Stipulated Qualified Protective Order was entered on January 20, 2005.  (See Exhibit "T").

The Rule 16 Scheduling Order, dated January 11, 2005, scheduled trial in the subject case on January 31, 2006, before The Honorable Helen Gilmore. (See Exhibit "U").

Subsequently, the parties agreed that trial would proceed before The Honorable Barry M. Kurren.  (See Declaration of Randall Y.S. Chung).

Plaintiff's deposition was taken on May 26, 2005.  (See Exhibit "V").

By letter dated June 22, 2005, this Defendant proposed three dates for a Rule 35 medical examination with Dr. James F. Scoggin III.  (See Exhibit "W").

By letter dated July 8, 2005, having had no response, this Defendant again informed Plaintiff as to three dates for a Rule 35 medical examination with Dr. Scoggin.  (See Exhibit "X").

Still without a response, this Defendant informed Plaintiff of three alternate dates for Dr. Scoggin's Rule 35 medical examination, by letter dated July 14, 2005.  (See Exhibit "Y").

Dr. Peter Diamond's deposition was taken on September 8, 2005. (See Exhibit "Z").

By letter dated October 3, 2005, this Defendant inquired as to whether

6

Plaintiff would attend a Rule 35 examination with Dr. Scoggin. (See Exhibit "AA").

By letter dated October 4, 2005, Plaintiff responded that she would attend the Rule 35 medical examination with Dr. Scoggin on October 19, 1005 [sic]. (See Exhibit "BB").

On October 14, 2005, Plaintiff's counsel's office contacted this Defendant's counsel's office to advise that Plaintiff was scheduled for surgery, and may not be able to attend the examination as scheduled. During the course of the conversation, it was agreed that the examination would be rescheduled. (See Declaration of Deborah Horio).

During a pre-trial meeting on January 10, 2006, this Defendant proposed that the parties stipulate as to the authenticity of the various proposed exhibits. (See Exhibit "CC").

Trial in this case commenced on January 31, 2006.

On February 2, 2006, Plaintiff demanded $90,000.00, general damages only, to settle the subject case. (See Declaration of Randall Y.S. Chung.)

On February 3, 2006, the jury entered a Special Verdict. (See Exhibit "A").

   III.   ARGUMENT:

      A.   **Defendant Did Not Cause Any Undue Delay.**

The Subject Motion for Prejudgment Interest should be denied because this Defendant did not cause any significant delay in the case.

The well-established purpose of the prejudgment interest statute, HRS § 636-16 is "to allow the court to designate the commencement date of interest in order to <u>correct injustice</u> when a judgment is delayed for a <u>long period of time</u> for any reason, including litigation delays." <u>Page v. Domino's Pizza, Inc.</u>, 80 Hawai`i 204, 209, 908 P.2d 552, 557 (Ct. App. 1995) (emphasis added).

As noted in <u>City and County of Honolulu v. Churchill</u>, 167 F.Supp.2d 1143 (D. Hawai'i, 2000):

> The purpose of an award of prejudgment interest is to avoid substantial injustice due to litigation delay, or other delay in judgment. . . . A denial of prejudgment interest is proper where there is no showing that the non-moving party's conduct unduly delayed the proceeds of the case.

167 F.Supp.2d at 1158. (Quotations and citations omitted.).

Prejudgment interest can, and should, be denied where the party requesting the award is found to have caused the delay or if there is no showing that the non-moving party's conduct unduly delayed the proceedings of the case. <u>Id</u>. Prejudgment interest should also be denied where delays result from reasonable disputes as to liability and damages and are not caused by either party to the proceedings. See <u>Page</u> at 210, 908 P.2d at 558 (affirming denial of

prejudgment interest where the three year delay between complaint and judgment was not caused by either party). See also Schmidt v. Board of Directors of the Association of Apartment Owners of the Marco Polo Apartments, 73 Hawai`i 526, 534-35, 836 P.2d 479, 484 (1992) (prejudgment interest should be denied where litigation delays were caused by movant); Amfac, Inc. v. Waikiki Beachcomber Investment Co., 74 Hawai`i 85, 137, 839 P.2d 10, 36 (1992) (prejudgment interest should be denied where movant fails to establish that non-moving party caused any undue delay in the case).

In Page, the Intermediate Court of Appeals ("ICA") considered the trial court's denial of prejudgment interest. The ICA noted that the accident occurred on March 7, 1989, the Complaint was filed on October 3, 1989, and discovery commenced two months later. Trial began on August 10, 1992, and ended with a jury verdict in favor of the plaintiff two weeks later. Judgment was entered on September 9, 1992. The defendant did not offer more than $25,000 in settlement. The Judgment was $645,000.00 in special damages, and $195,000.00 in general damages.

> The trial judge considered the totality of the case in denying prejudgment interest, noting that, "the period of time [was] not extraordinary when you consider discovery and all of that. It would appear to the Court the amounts offered, even though the final amount is quite a bit larger is a situation that the defendants did believe apportionment could play a part in this matter because of the discovery and the defendant's previous accident."

9

(Emphases omitted). Id.

The ICA found no evidence to indicate any delays in the proceedings on the part of either the plaintiff or defendant, and affirmed the trial court's denial of prejudgment interest.

This Defendant clearly did not prolong the litigation, and there is no evidence that she did so. The subject motor vehicle accident occurred on March 26, 2003, and Plaintiff filed suit on May 21, 2004. (Plaintiff actually reached the $5,000 tort threshold on October 15, 2003, and became suit-eligible as of that date. See Exhibit "DD".) Trial was scheduled for the week of January 31, 2006, and no continuances were requested. The jury verdict in this case was issued less than two years after Plaintiff filed her Complaint.

If 42 months from the time of the accident to the judgment in the Page case was not considered substantially delayed, then the 35 months in this case cannot be considered substantially delayed.

Further, only in her closing argument, did Plaintiff "suspend" her claim for any damages related to her low back. Her attorney argued:

> You'll notice I did not impose upon you regarding the
> back injury. You know, folks, we know she had one.
> We know it preexisted. We, I think, pretty much know
> there wasn't radiculopathy before, and there is now after.
> But in consultation with Kathy and Bruce we just kind of
> felt like we would leave that to your discretion because
> so clearly to us the issue here is so clear when it comes to

>the neck pain and its radiculopathy that we would just
>suspend that and we would focus on Kathy's neck, where
>you don't have to have controversy, where you don't
>have to have credibility issues, and we would just take
>that as our responsibility so that you wouldn't feel like
>we were imposing on you and you wouldn't feel like we
>have tried to do anything to mislead you.

Transcript of Plaintiff's Closing Argument, at page 29, lines 7-20. (See Exhibit "EE").

In the instant case, Plaintiff has not and cannot meet her burden of establishing any undue delay caused by this Defendant. Plaintiff's prelitigation delay in commencing this action is not attributable to this Defendant.

In fact, Plaintiff's April 27, 2004 demand (See Exhibit "F") implied that Plaintiff's medical history was irrelevant to her injuries in the subject accident. However, subsequent discovery by this Defendant showed that Plaintiff had a long history of low back and shoulder complaints. That discovery by this Defendant subsequently led to Plaintiff "suspending" her claim for her low back injuries at trial. Therefore, her medical history was, in fact, relevant.

Although she continued to claim exorbitant amounts of wage loss, she did not produce her composition book (Plaintiff's Trial Exhibit 58), and her State of Hawai'i, Department of Taxation Form G-49 for the years 2001 – 2004, until June 17, 2005. (See Exhibit "FF").

Plaintiff demanded a Qualified Protective Order, prior to allowing her

11

medical and other records to be released to this Defendant.

Further, Plaintiff refused to voluntarily attend a Rule 35 medical examination until the Court encouraged her to do so, and, thereafter, the examination was postponed pursuant to a telephone call made on her behalf. Although Plaintiff asserts that her attendance at a Rule 35 medical examination was part of the alleged delay by this Defendant, it should be noted that any delay in the process was due to her refusal to attend the examination, and the agreement that the examination be re-scheduled, because of a surgery.

Also, only after trial began did Plaintiff withdraw her claim for punitive damages, and dismiss her husband as a party plaintiff, and only in her closing argument did she "suspend" her claim for injuries to her low back.

It is Plaintiff's responsibility to ensure that service was properly made upon this Defendant, and her attempts to circumvent this responsibility should not be held against this Defendant. Likewise, there is no evidence that this equated to undue or substantial delay. There is also no evidence that the removal of the case to this Court constituted undue or substantial delay.

Because this Defendant did not cause any undue delay, and because there was no prior opportunity to settle for the judgment amount, this Defendant respectfully submits that Plaintiff's Motion should be denied.

  **B.** **This Defendant Negotiated in Good Faith**

The fact that the jury's award to the Plaintiff was more than this Defendant's settlement offer is not a sufficient basis to award prejudgment interest. (See e.g., Azer v. Meyers, 8 Haw. App. 86, 121, 793 P.2d 1189, 1211 (1990).

Before awarding prejudgment interest, the Court should also consider Plaintiff's pretrial settlement position to determine whether there was an opportunity to speedily resolve the case. Wiegand v. Colbert, 68 Hawai`i 472, 718 P.2d 1080 (1986).

In Wiegand, plaintiffs served an early settlement demand for $25,000 that was rejected by defendant. The demand was repeated twice and rejected twice. Plaintiffs ultimately recovered $445,852.42 for the death of their minor child. Under such circumstances, the court held that the defendant caused a delay in the proceedings by refusing to accept plaintiffs' settlement demand, and fixed the date of demand as the commencement date for prejudgment interest.

Unlike plaintiffs in Wiegand, Plaintiff here never served a settlement demand for an amount less than the Judgment. There was never an opportunity to settle for $72,500 or less. Throughout the case, Plaintiff's settlement demand remained at $100,000.00. Although there was some indication at a settlement conference that Plaintiff may have been willing to "move off" of the $100,000.00 demand, there was no formal offer by Plaintiff to do so. Only on January 2, 2006, the third day of trial, did Plaintiff propose a settlement of $90,000.00, which was

13

still $17,500.00 more than she would be entitled as a result of the jury verdict.

It is not abuse of discretion for a trial court to deny a request for prejudgment interest where the defendant made good faith efforts to settle the claims. (See Azer v. Wassef, 8 Haw. App. 86, 793 P.32d 1189 (1990)). Even though the jury's award was greater than the settlement offers by this Defendant, it would not be abuse of discretion to deny Plaintiff's request for prejudgment interest. Id. (See also, Page, 80 Hawai`i 204, 908 P.2d 552).

Under these circumstances, the Subject Motion should be denied in its entirety.

### C. The Earliest Reasonable Commencement Date for Prejudgment Interest Is February 2, 2006.

Without waiving any of the foregoing arguments or positions, this Defendant notes that the Subject Motion seeks to fix the commencement date for prejudgment interest on the date of the subject accident, March 26, 2003. However, as discussed above, Plaintiff has never submitted any settlement demand for any amount less than the jury award. The first indication of a willingness to negotiate came on February 2, 2006, when Plaintiff reduced her demand to $90,000.00. Although this Defendant maintains that Plaintiff is not entitled to prejudgment interest, if the Court is inclined to grant Plaintiff's motion, February 2, 2006 is the earliest reasonable commencement date for prejudgment interest in this case.

Utilizing the delay between February 2, 2006 and February 7, 2006 (5 days), an interest rate of 10% per annum, and a principal amount of $72,500.00[1], the maximum amount of prejudgment interest that can reasonably be awarded by the Court is, therefore, $99.32.

IV. CONCLUSION:

Under these circumstances, and based on all the foregoing authorities and reasons, and, it is respectfully submitted that the Subject Motion should be denied in its entirety. Subject to and without waiver of this position, the maximum amount of prejudgment interest that can be reasonably awarded is $99.32.

DATED: HONOLULU, HAWAII, Feb. 17, 2006

RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-
VANGORDER)

---

[1] The jury verdict of $82,500 must be reduced by $10,000 to account for the statutorily provided covered loss deductible.

15