*Law Offices of*
## BRUCE B. KIM

APR 2 8 2004

April 27, 2004

Ms. Jamie Miranda
State Farm Insurance Companies
P.O. Box 29400
Honolulu, Hawaii 96820

       Re: Our Client:   Kathy Tooze-Aguirre
           Your Insured:  Rachel Stevens-Van Gorder
           Claim No.:     37-3370-514
           D/Acc.:        March 26, 2003

Dear Ms. Miranda:

      At your request, I am enclosing copies of the following documents:

      1. Current PIP recap sheet from DTRIC, which includes medical, chiropractic and wage loss paid by DTRIC; and

      2. Copy of Ms. Tooze-Aguirre's past medical records from Tyronne Dang, M.D. covering the period February 22, 2000 through the date of our accident.

      You now have a complete copy of Dr. Dang's records regarding my client. This will further confirm that Dr. David Suzuki never treated Ms. Tooze-Aguirre prior to this motor vehicle accident as we already disclosed to you in our earlier letter.

      I am providing the enclosed records to you in a good faith effort to comply with your request for additional medical information on our client. As you can see, the medical matters revealed in the enclosed records are clearly not relevant to the injuries Ms. Tooze-Aguirre sustained as a result of your insured's negligence. In light of the prohibitions surrounding disclosure of such protected health care information under the federal Health Insurance Portability and Accountability Act ("HIPAA"), you are **not** authorized to disclose the enclosed medical records or any information contained therein to any other person or entity without my client's express written permission. Disclosure of such information in the future without my client's prior written permission may constitute a violation of HIPAA which could lead to civil and criminal penalties against any person or entity who violates this statute and its accompanying regulations. In order to avoid any possible complications should you or your company violate HIPAA provisions by disclosing this information without my client's consent, I am enclosing a Confidentiality Agreement which covers pre-suit disclosure of this protected health information. Please sign and date the Agreement where indicated and return it to me at your earliest convenience. In any event, we assume you will comply with HIPAA in returning the enclosed records to our office as soon as this matter is concluded.



EXHIBIT "F"

00041

Suite 206 • One Kapiolani Building • 600 Kapiolani Boulevard • Honolulu, Hawaii 96813

APR 28 2004

Ms. Jamie Miranda
April 27, 2004
Page Two

     I believe you now possess more than adequate information to evaluate our policy limits demand. As you know, under H.R.S. § 431:13-103(a)(11)(H), you have a duty to evaluate our demand in good faith and in a prompt manner. As an accommodation to you, I will give you an additional fifteen (15) days from today's date to respond to the demand. If I do not hear from you by that date, our previous offer to settle this my client's claim will expire and I will proceed accordingly.

     Finally, I am requesting that you send me copies of all witness statements, including your insured's, taken or obtained by your office from any source, together with any and all photographs of your insured's vehicle and my client's vehicle. As you know, we would be entitled to these documents in the event a suit is filed in this matter.

     If you have any further questions regarding this matter, please call me.

Sincerely,

BRUCE B. KIM

BBK/dw

Enclosures

00042