Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

RANDALL Y.S. CHUNG    2929-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com

Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, | CIVIL NO. 04 00619 HG BMK |
| Plaintiffs, | |
| vs. | |
| RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, | STIPULATED QUALIFIED PROTECTIVE ORDER |
| Defendants. | |

## STIPULATED QUALIFIED PROTECTIVE ORDER

During discovery in this action, the parties may be required to produce documents, answer interrogatories, and provide testimony that might reveal confidential, personal and/or protected healthcare information that should not be disclosed except in a restricted fashion.



EXHIBIT "T"

IT IS THEREFORE STIPULATED AND ORDERED, that copies of specifically identified confidential income tax, protected

medical and/or psychological information, employment, or other personnel information hereafter so identified by the parties at the time of production, or so identified and agreed upon by the parties thereafter, which has been or will be disclosed during discovery in this action, will be subject to the following terms and conditions:

1. All Protected Documents or Confidential Information, in whatever form disclosed, furnished, or submitted, by or on behalf of any party to any other party to this litigation, shall be used exclusively in connection with pretrial proceedings, preparation for trial, settlement negotiations and/or private mediation, trial, or other proceedings in this litigation.

2. The term "Protected Documents" or "Confidential Documents" shall be deemed to refer to all insurance records; financial and income tax records of the respective parties; the employment, personnel, and/or disciplinary records of the respective parties from any source or employer, whether or not directly pertaining to the incidents which are the subject matter of the Complaint filed herein; and protected health information records. In the case of documents, each document shall be endorsed "CONFIDENTIAL" or "PROTECTED DOCUMENT" on the first page or cover thereof. In the case of written discovery responses, each individual response containing confidential information.

3. Material that is specifically designated as "Confidential" or "Protected Document" by any party shall be used solely for the purpose of this action and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order. Any party who executes this Stipulated Protective Order may apply to Court for a determination as to whether any documents or information should in fact be

deemed "Confidential" or "Subject to Protective Order" for purposes of this Stipulated Protective Order, notwithstanding the producing party's characterization as such. If any party challenges the characterization of documents or information as "Confidential" or "Subject to Protective Order", said documents or information shall be treated as "Confidential" or "Subject to Protective Order" pending the Court's ruling or agreement of the parties.

        4.    Access to materials designated "Confidential" or "Protected Document" and to the information contained therein (including extracts and summaries derived from such materials) shall be restricted to:

        (a)    the attorneys appearing in this action for the present parties and personnel who are directly employed by those attorneys and their firms and are assisting the attorneys working on this action, and the insurance companies and adjusters directly involved in this matter, and those court reporting and copying firms directly retained by those attorneys and their firms to perform court reporting and copying services;

        (b)    those parties, officers, directors, and witnesses or potential witnesses, if any, whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render this assistance;

        (c)    experts or consultants retained by any of the parties in connection with this action;

        (d)    the Court and its personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this litigation, and jurors, venire members, and witnesses at trial of this litigation;

        (e)    private mediators retained by the parties to mediate this matter, if any, and

(f) such other persons as the parties shall agree to in writing, or the Court shall determine.

5. Each qualified person described in subparagraphs (b), (c), (e) and (f) of the preceding paragraph to whom confidential, or protected materials are to be furnished, shown, or disclosed shall first be shown a copy of this Order by the disclosing party. All such persons shall be bound by the terms of this Order and shall not permit disclosure of the documents or the information contained therein other than pursuant to the terms of this Order.

6. In accordance with the federal Health Insurance Portability and Accountability Act ("HIPAA") privacy regulations which are described in 45 Code of Federal Regulations ("CFR") §164.512(e), it is further stipulated and agreed by and between the respective parties hereto that Plaintiff KATHY TOOZE AGUIRRE's ("TOOZE-AGUIRRE") health information is protected pursuant to HIPAA and, therefore, the disclosure of this information shall be conducted pursuant to the following additional terms, restrictions and conditions:

a. Plaintiff TOOZE-AGUIRRE's protected health information has been and shall continue to be disclosed only to each counsel of record for Plaintiffs and/or for Defendants in this action, and to other individuals, including other attorneys, employees, agents, insurance company personnel, witnesses, court reporting and copying firms, and retained experts, who are employed by or assist the counsel of record, in the preparation for, and/or at the trial of this action. Plaintiff TOOZE-AGUIRRE's protected health information has been and may also be disclosed as reasonably necessary and/or required to mediators, the Court, authorized Court personnel, witnesses, and to members of an empaneled jury in this proceeding.

4

    b. As a condition for access and/or continued access to Plaintiff TOOZE-AGUIRRE's protected health information, all individuals and entities, including those identified in paragraph 4, other than empaneled jurors and the Court and its authorized personnel, shall be subject to and bound by the terms of this Order as specified in paragraph 5 above.

    c. Within thirty (30) days following the conclusion of this action, including the exhaustion of any appeals, Defendants' counsel, upon the written request by Plaintiff's counsel, shall return all copies of Plaintiff TOOZE-AGUIRRE's protected health information records to Plaintiffs' counsel, or to each respective health care provider from whom such records or information were obtained for use in this proceeding, or shall provide Plaintiff's counsel reasonable assurance that all copies of such records have been destroyed.

    d. The production of Plaintiff TOOZE-AGUIRRE's protected health information shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that she may have.

    7. The terms and conditions of this Order shall continue even after the termination of this action (whether by judgment, settlement, or otherwise) unless otherwise ordered by the Court.

    8. Nothing in this Order shall be deemed to restrict in any manner any party or their attorneys with respect to that party's own documents.

    9. This Order shall also cover and protect all confidential or protected documents offered, introduced, or admitted at trial or on any motion to the Court.

    10. Upon settlement or final judgment, all copies of confidential or protected documents introduced into evidence in this action may be withdrawn from evidence by and at the request of the party from whom they originated. All copies of confidential or protected

documents, upon the written request of the producing party's counsel, shall be returned to the producing party within thirty (30) days of the final resolution of this action and the running of any appeal periods.

11.     The Court shall retain jurisdiction for purposes of enforcement of this Order. No citation of contempt or other sanction shall be imposed without a hearing and proof to the satisfaction of the Court that the material improperly disclosed was confidential or protected under the terms of this Order, or was otherwise protected by law.

12.     Any party may apply to the Court for a modification of this Order, and nothing in this Order shall be deemed to prejudice any party's rights to seek modification.

DATED: HONOLULU, HAWAII,    JAN 1 3 2005

_____
BRUCE B. KIM
Attorney for Plaintiffs
KATHY TOOZE-AGUIRRE and DAVID A. AGUIRRE

DATED: HONOLULU, HAWAII,    JAN 1 9 2005

_____
RANDALL Y.S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

APPROVED AND SO ORDERED:

_____
Magistrate Judge of the Above-Entitled Court

Tooze –Aguirre, et al. v. Stevens-Vangorder, Civil No. 04-00619 HG BMK,
Stipulated Qualified Protective Order