ORIGINAL

LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM  #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

LAW OFFICES OF
JANICE P. KIM

JANICE P. KIM #3436
3615 Harding Avenue, Suite 206
Honolulu, Hawaii 96816
Telephone: (808) 732-0522
Facsimile: (808) 735-0459
E-Mail: kimj054@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 0 2006

at 12 o'clock and 57 min. __ M
SUE BEITIA, CLERK

Attorneys for Plaintiff KATHY TOOZE-AGUIRRE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>Plaintiffs,<br><br>vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 04-00619 BMK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT RACHEL STEVEN-VANGORDER'S MOTION FOR APPLICATION OF THE COVERED LOSS DEDUCTIBLE FILED ON FEBRUARY 8, 2006; CERTIFICATE OF SERVICE<br><br>Date: March 10, 2006<br>Time: 2:00 p.m.<br>Magistrate Judge: Barry M. Kurren<br><br>Trial Date: January 31, 2006 |

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT RACHEL STEVENS-VANGORDER'S
MOTION FOR APPLICATION OF THE COVERED LOSS
DEDUCTIBLE FILED ON FEBRUARY 8, 2006

COMES NOW Plaintiff KATHY TOOZE-AGUIRRE ("KATHY"), by

and through her attorneys, BRUCE B. KIM and JANICE P. KIM, and hereby responds to Defendant RACHEL STEVENS-VANGORDER's Motion For Application of the Covered Loss Deductible filed on February 8, 2006.

I.  INTRODUCTION.

This action arises out of a March 26, 2003 motor vehicle collision. Plaintiff KATHY was stopped in traffic on Kalanianaole Highway in Hawaii Kai when her sedan was struck from behind by a Jeep Wrangler driven by Defendant STEVENS-VANGORDER. As a result of the collision, Plaintiff KATHY sustained serious and permanent physical injuries to her neck and back.

Following a jury trial commencing on January 31, 2006, the jury returned a Special Verdict in favor of KATHY and against Defendant STEVENS-VANGORDER on February 3, 2006. The jury awarded KATHY $61,000.00 in special damages and $21,500.00 in general damages for a total award of $82,500.00 in damages.

Defendant STEVENS-VANGORDER now seeks an order pursuant to H.R.S. § 431:10C-301.5 imposing the maximum covered loss deductible ("CLD") of $10,000.00 against any recovery under the Judgment entered herein on February 6, 2006.

II.  ARGUMENT.

    A.  IMPOSITION OF THE CLD WOULD BE UNCONSTITUTIONAL.

As described in Defendant STEVENS-VANGORDER's Memorandum In Support of Motion ("Memorandum"), the CLD is a

-2-

creature of Hawaii's unique no-fault motor vehicle insurance law. There is no corresponding common law theory or federal statute mandating any such arbitrary reduction on judgments in motor vehicle tort cases tried in federal courts.

As such, the arbitrary reduction of any sums awarded to KATHY herein as a result of the jury's Special Verdict filed on February 3, 2006 would be patently unconstitutional.

1. The imposition of the CLD violates KATHY's constitutional right to a jury trial. *U.S. Const. Amend. VII* (. . . no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law).

> Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.
>
> *Dimick v. Schiedt*, 293 U.S. 474, 485-486 (1934).

The *Dimick* court further held that ". . . in cases where the amount of damages was uncertain[,] their assessment was a matter so peculiarly within the province of the jury that the Court should not alter it." *Dimick*, 293 U.S. at 480. Likewise, in *Felton v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998), the Supreme Court noted that ". . . it has long been recognized that 'by law the jury are judges of the damages'".

In <u>Lakin v. Senco Products, Inc.</u>, 329 Ore. 62, 987 P.2d 463 (1999), the Oregon Supreme Court struck down a statutory cap on non-economic damages in negligence case because it violated the plaintiff's constitutional right to jury trial. *See also*, <u>Mahomes-Vinson v. U.S.</u>, 751 F. Supp. 913 (D. Kan. 1990); <u>Sofie v. Fibreboard Corp.</u>, 112 Wn2d 636, 771 P.2d 711 (1989); <u>Condemarin v. University Hospital</u>, 775 P.2d 349 (Utah 1989).

   2.   The imposition of the CLD constitutes an illegal taking without due process of law. *U.S. Const. Amend. XIV*.

   3.   The imposition of the CLD is a violation of KATHY's right to equal protection under the law. *U.S. Const. Amend. XIV*. The CLD arbitrarily treats motor vehicle tort plaintiffs such as KATHY differently from other tort plaintiffs without any rational basis. Defendant STEVENS-VANGORDER argues that the CLD was intended to ". . . preclude a plaintiff from receiving double recovery for medical expenses which had been paid as Personal Injury Protection ("PIP") . . . coverage benefits . . ." Defendant STEVENS-VANGORDER's Memo at 3.

   If the CLD is deducted from KATHY's award, KATHY would lose the $10,000.00 CLD and then have to pay back her motor vehicle insurer DTRIC for the **same** PIP benefits already accounted for in the CLD under DTRIC's no-fault lien against her "tort

liability recovery". H.R.S. § 431:10C-307.[1] KATHY would therefore be forced to pay **twice** for the same PIP payments under Defendant STEVENS-VANGORDER's interpretation of the CLD. This is patently contrary to the claimed purpose of the CLD of preventing "double recovery". Any argument that KATHY would be getting a "double recovery" in this case is a total fiction.

    B.   THE AMOUNT OF THE CLD CLAIMED BY DEFENDANT IS EXCESSIVE.

Should the Court find the CLD is constitutional and applicable to the facts of this case, then the amount of the CLD claimed by Defendant STEVENS-VANGORDER is excessive.

There is no means to determine from the face of the Special Verdict in this case that KATHY was actually awarded $10,000.00 worth of PIP payments made by her no-fault carrier DTRIC.

As Defendant STEVENS-VANGORDER points out in another motion filed in this case, KATHY only requested $14,000.00 in medical specials, or roughly 1/2 of the total medical bills introduced into evidence. The jury awarded KATHY $61,000.00 in

---

[1] § 431:10C-307 Reimbursement of Duplicate Benefits. Whenever any person effects a tort liability recovery for accidental harm, whether by suit or settlement, which duplicates personal injury protection benefits already paid under the provisions of this article, the motor vehicle insurer shall be reimbursed fifty per cent of the personal injury protection benefits paid to or on behalf of the person receiving the duplicate benefits up to the maximum limit.

-5-

special damages. The jury was asked on the Special Verdict form to determine damages "[a]fter reduction for apportionment". It is safe to assume that a portion of the $61,000.00 in special damages reflected an award for KATHY's past and future loss of earnings. There is no way to determine from the face of the Special Verdict the exact amount the jury awarded for medical specials after apportionment. Accordingly, Defendant STEVENS-VANGORDER is simply asking the Court to engage in speculation that KATHY was awarded medical specials of $10,000.00 or more after apportionment. Under these state of facts, Defendant STEVENS-VANGORDER should not be entitled to a CLD reduction of more than the minimum $5,000.00.

    C.   <u>THE COURT SHOULD NOT MAKE KATHY PAY TWICE</u>.

The Court should not make KATHY pay twice. If the intent of the CLD is to avoid "double recovery" for PIP benefits paid to medical providers on KATHY's behalf for injuries she sustained in the collision, then she should not have to pay the CLD and then pay DTRIC the no-fault lien under § 431:10C-307.

    D.   THE CLD SHOULD BE IMPOSED ON THE TOTAL AMOUNT AWARDED KATHY INCLUDING INTEREST FEES AND COSTS.

Defendant STEVENS-VANGORDER argues that the CLD should be deducted against the Special Verdict award of $82,500.00. However, KATHY submits that Defendant STEVENS-VANGORDER is putting the cart before the horse. There is no such limitation

imposed upon the Court by § 431:10C-301.5. The total judgment amount owed to KATHY by Defendant STEVENS-VANGORDER has yet to be determined. There are pending motions for prejudgment interest and attorneys' fees and costs which have yet to be decided. KATHY's taxable costs under Fed. R. Civ. P. Rule 54(d) have yet to be entered as well. The CLD should be set off against the total "judgment, . . . or award" obtained by KATHY in this case, not simply the amount of the Special Verdict. Accordingly, the Court should order that the CLD should be deducted against the total judgment amount after it has been determined.

DATED: Honolulu, Hawaii, FEB 20 2006 .

_____
BRUCE B. KIM
JANICE P. KIM
Attorneys for Plaintiff
KATHY

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon the following person at his last known address by depositing said copy, postage prepaid, in the United States mail or by hand delivery on the filing date hereof.

> RANDALL Y. S. CHUNG, ESQ.
> Matsui Chung Sumida & Tsuchiyama
> Suite 1400, Mauka Tower
> 737 Bishop Street
> Honolulu, Hawaii 96813
>
> Attorney for Defendant
> RACHEL STEVENS-VANGORDER

DATED: Honolulu, Hawaii, __FEB 2 0 2006_____.

_____
BRUCE B. KIM
JANICE P. KIM
Attorneys for Plaintiff
KATHY TOOZE-AGUIRRE