ORIGINAL

Of Counsel:
MATSUI CHUNG
A Law Corporation

RANDALL Y.S. CHUNG    2929-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 4 2006

at \_\_ o'clock and \_\_ min. \_\_ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, | ) CIVIL NO. 04 00619 BMK<br>)<br>) DEFENDANT RACHAEL ROXXANN |
| Plaintiffs, | ) WILKS' REPLY MEMORANDUM IN<br>) SUPPORT OF HER MOTION FOR |
| vs. | ) APPLICATION OF THE COVERED<br>) LOSS DEDUCTIBLE FILED ON |
| RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, | ) FEBRUARY 8, 2006; CERTIFICATE<br>) OF SERVICE<br>)<br>)<br>) Date:  March 10, 2006<br>) Time:  2:00 p.m. |
| Defendants. | ) Judge: The Honorable Barry M. Kurren<br>) TRIAL: January 31, 2006 |

## DEFENDANT RACHAEL ROXXANN WILKS' REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR APPLICATION OF THE COVERED LOSS DEDUCTIBLE FILED ON FEBRUARY 8, 2006

Defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter "Defendant") submits this Reply Memorandum in further support of her Motion for Application of the Covered Loss Deductible (hereinafter "Subject Motion"), filed herein on February 8, 2006, and in response to Plaintiff's Memorandum In Opposition to the Subject Motion, filed herein on February 20, 2006.

I.    INTRODUCTION/SUMMARY OF ARGUMENT:

The Subject Motion sought application of the covered loss deductible ("CLD"), in the amount of $10,000, as mandated by HRS § 431:10C-301.5 and State Farm Mutual Automobile Insurance Co. v. Gepaya, 103 Hawai'i 142, 80 P.3d 321 (2003).  Plaintiff's Memorandum in Opposition to the Subject Motion asserts that the CLD is unconstitutional and that the amount claimed by Defendant is excessive.  However, as more fully set forth below, these assertions are without merit and do not alter the conclusion that the Subject Motion should be granted where the CLD does not violate Plaintiff's constitutional rights to jury trial, due process, or equal protection and the amount claimed is neither excessive nor otherwise inappropriate under the statute and the relevant facts of this case.

II.    ARGUMENT:

The Subject Motion should be granted for reasons including the following:

A.    THE CLD IS CONSTITUTIONAL.

Plaintiff attempts to attack the constitutionality of the CLD on several grounds under the United States Constitution.[1]  However, each of these grounds is without merit as a matter of law.

1.    The CLD Does Not Infringe Upon Plaintiff's Rights To A Jury Trial.  Plaintiff's argument that the CLD infringes upon her right to jury trial is without merit.

a.    Plaintiff's Cited Cases Are Inapposite.  The CLD is not a cap on non-economic damages, but is best understood as a 1997 legislative initiative by the Consumer Lawyers of Hawaii ("CLH"), a plaintiff's advocacy group, to obtain a reduction of the $13,900 medical-rehabilitative expense threshold for bringing a motor vehicle tort lawsuit under the predecessor of HRS § 431:10C-306 to $5,000, based on the CLH's contention that the $13,900 threshold was too high.  See generally Floor debate in 1997 House Journal at 998; Conf. Comm. Rep. No. 1171, in 1997 House Journal, at 1113-14; H.R. Stand Comm. Rep. No. 250, in 1997

---

[1]  Plaintiff's Memorandum in Opposition does not raise any argument under the Hawaii State Constitution or amendments thereto and any issues regarding the Hawaii State Constitution are not properly before the Court.  See Bankers Life and Casualty Co. v. Crenshaw, 486 U.S. 71, 76-77 (1988); In re Avery, 44 Hawai`i 26, 28, 352 P.2d 607, 608 (1959) (per curiam).  Assuming arguendo that they had been properly raised, any argument by Plaintiff as to the Hawaii State Constitution would fail for the same reasons stated with regard to their federal counter-parts discussed herein.

House Journal, at 1211-12; see also Ho v. Leftwich, 88 Hawai`i 251, 257, 965 P.2d 793, 799 (1998) (discussing application of threshold under prior law).  The CLD is no more than a limited statutory abrogation of the collateral source rule, up to a maximum of $10,000, in reasonable recognition of the reality that a Plaintiff never actually incurs medical special damages (in the out-of-pocket sense) that have been paid for by personal injury protection insurance.  See State Farm Mutual Automobile Insurance Co. v. Gepaya, 103 Hawai'i 142, 146-48, 80 P.3d 321, 325-27 (2003).  In comparison, none of Plaintiff's cases involve similar facts.

Dimick v. Schiedt, 293 U.S. 474, 485-86 (1935) involved a trial court's imposition of an additur as a condition of a denial of a plaintiff's motion for new trial which is not even remotely similar to the CLD's limited abrogation of the collateral source rule.  Dimick involved a limitation on the power of a trial judge to substitute his own personal judgment for that of a jury, and does not apply to tort reform legislation enacted by a legislature.  It should be limited to its own facts and, in any event, may be outdated and of questionable validity in light of more recent United States Supreme Court decisions.  See Franklin v. Mazda Motor Corp., 704 F. Supp. 1325, 1331 (D. Md. 1989); Shore v. Parklane Hosiery Co., 565 F.2d 815, 822-23 (2d Cir. 1977), aff'd sub nom., Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979); Empire State Insurance Co. v. Chafetz, 302 F.2d 828, 830 (5th Cir. 1962); United States v. Kennesaw Mountain Battlefield Assn., 99 F.2d

830, 833-34 (5th Cir. 1938).

Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340 (1998) involved a total deprivation of a jury trial in a copyright infringement action. It has no bearing on tort reform legislation, or where, as here, a jury trial has been held. See Pulliam v. Coastal Emergency Services of Richmond, Inc., 257 Va. 1, 509 S.E.2d 307 (1999) (observing that Feltner did not involve a damages cap).

Lakin v. Senco Products, Inc., 329 Or. 62, 987 P.2d 463 (1999) represents a minority view that a cap on non-economic damages violates the right to jury trial, and, as been observed by the Oregon Supreme Court en banc, Lakin has no applicability outside of a cap on non-economic damages for an uncompensated loss that had been actually incurred by a plaintiff. See DeMendoza v. Huffman, 334 Or. 425, 446-47, 51 P.3d 1232, 1244 (2002) (en banc) (Lakin did not preclude tort reform legislation regarding punitive damages awards and did not impact on compensation for a loss or injury to plaintiffs); Lawson v. Hoke, 339 Or. 253, 266-67, 119 P.3d 210, 217 (2005) (en banc) (Lakin does not preclude the Oregon Legislature from enacting tort reform legislation barring uninsured drivers from receiving non-economic damages); Gourley v. Nebraska Methodist Health System, Inc., 265 Neb. 918, 953, 663 N.W.2d 43, 75 (2003) (rejecting Lakin's reasoning as being contrary to majority view upholding caps on non-economic damages in medical malpractice actions).

Mahomes-Vinson v. United States, 751 F. Supp. 913 (D. Kan. 1990) is another minority view case invalidating a cap on non-economic damages in medical malpractice actions and does not apply to a limited abrogation of the collateral source rule at issue with respect to the CLD.

Sofie v. Fibreboard Corp., 112 Wash. 2d 636, 771 P.2d 711 (1989) is another minority view case invalidating a cap on non-economic damages in medical malpractice actions, and does not apply to a limited abrogation of the collateral source rule at issue with respect to the CLD. See Gourley v. Nebraska Methodist Health System, Inc., 265 Neb. 918, 953, 663 N.W.2d 43, 75 (2003) (rejecting Sofie's reasoning as being contrary to majority view upholding caps on non-economic damages in medical malpractice actions).

Condemarin v. University Hospital, 775 P.2d 349 (Utah 1989) was written by a sharply divided court, with only one of five justices actually opining that a cap on damages violated the plaintiff's right to jury trial. It is therefore of no precedential value. In any event, its holding as to other issues has since been limited to its facts by subsequent decisions of the Utah Supreme Court, which has since joined the majority view that caps on damages in tort reform legislation are valid and constitutional. See Judd v. Drezga, 103 P.3d 135 (Utah 2004) (upholding constitutionality of caps on damages in medical malpractice actions); Parks v. Utah Transit Authority, 53 P.3d 473 (Utah 2002) (upholding constitutionality of caps on

damages in actions against governmental entities).

Since the CLD does not "cap" Plaintiff's total recovery, none of Plaintiff's cited cases have any bearing on the issue before the Court.

b.     The CLD does not Infringe Upon any Right to a Jury Trial.  In Richardson v. Sport Shinko (Waikiki Corporation), 76 Hawai`i 494, 880 P.2d 169 (1994), the Hawaii Supreme Court held that sanctions under CAAP procedures, when applied according to HAR Rules 25 and 26 in a normal case, were not onerous and do not impermissibly burden the exercise of a constitutional right to jury trial or the right to constitutional equal protection.  The Court reasoned that, with respect to mandatory arbitration programs, all that is constitutionally required is that "a right of appeal to a jury trial must not be burdened by the imposition of onerous conditions, restrictions, or regulations which would make the right practically unavailable."  Id. at 513, 880 P.2d at 188.

In comparison, nothing in the CLD infringes, conditions, restricts, regulates, or otherwise impinges any right on the part of the Plaintiff to a jury trial on the amount of her damages under the circumstances of this case.  The CLD does not affect the jury's function as a trier of fact, but merely implements a rational legislative policy decision to deduct a reasonable amount (reflecting, in effect, damages that have never been incurred by the plaintiff) from the amount of recoverable damages.  See Heinz v. Chicago Road Investment Co., 216 Mich. App.

6

289, 299-300, 549 N.W.2d 47, 52 (1996) (statutory reduction of a jury verdict for collateral source benefits received from a workers' compensation carrier did not deny the plaintiffs of their right to a jury trial because such a reduction did <u>not</u> alter the jury's determination of damages but merely recognized that the plaintiff had already been compensated for such damages); <u>Madison v. IBP, Inc.</u>, 257 F.3d 780, 807 (8th Cir. 2001) (Title VII's limitation on damages recoverable in employment discrimination action does not impinge upon Seventh Amendment right to jury trial where it merely reduced recovery to a reasonable amount); <u>Creek v. Village of Westhaven</u>, 144 F.3d 441 (7th Cir. 1998) (Reduction of excessive jury award to lawful amount did not infringe upon Seventh Amendment right to jury trial).

    2.    <u>The CLD is not a "Taking" of Private Property Without Due Process</u>.  Plaintiff summarily contends that the CLD constitutes an illegal taking without due process under the Fourteenth Amendment.

    a.    <u>Appellant's Unliquidated Claim for Special Damages that have been Compensated by Others is not a Property Right</u>.  In <u>Estate of Coates v. Pacific Engineering</u>, 71 Hawai`i 358, 363-64, 791 P.2d 1257, 1260-61 (1990), the Hawai`i Supreme Court squarely held that the right to bring a statutory wrongful death action is <u>not</u> a fundamental constitutional right which would trigger strict scrutiny review for purposes of equal protection/due process analysis, where such rights are limited to those explicitly or implicitly granted by the Constitution.

Similarly, in <u>Frank F. Fasi Supply Co. v. Wigwam Investment Co.</u>, 308 F. Supp 59, 62 (D. Hawai`i 1969), the United States District Court for the District of Hawai`i, interpreting Hawaii law, held that an unliquidated claim for tort damages is not a debt that would support pre-judgment garnishment.

In <u>Reid v. Williams</u>, 964 P.2d 453 (Alaska 1998), the Alaska Supreme Court had occasion to consider the issue of whether medical malpractice tort reform legislation, including a mitigation of the collateral source doctrine, was unconstitutional. In holding that it was not, the Court reasoned in part that a plaintiff's claim was merely an "economic interest" that received only "minimal protection" for purposes of equal protection analysis. <u>Id</u>. at 458. <u>See</u> <u>also</u> <u>Fein v. Permanante Medical Group</u>, 38 Cal.3d 137, 167, 211 Cal. Rptr. 368, 389, 695 P.2d 665, 686 (1985), <u>appeal</u> <u>dismissed</u>, 474 U.S. 892 (1985) (a tort plaintiff has no property right in a particular measure of damages); <u>Heinz v. Chicago Road Investment Co.</u>, 216 Mich. App. 289, 549 N.W.2d 47 (1996) (plaintiff did not have "property" interest in jury verdict that would be subject to a "taking" by reduction for collateral sources); <u>Johnson v. Farmers Union Central Exchange, Inc.</u>, 414 N.W.2d 425, 432 (Minn. Ct. App. 1987) (plaintiff's claim to "overcompensation" for injuries, unreduced by collateral source recoveries was not a vested right). <u>Cf.</u> <u>Washington v. Fireman's Fund Insurance Cos.</u>, 68 Hawai`i 192, 708 P.2d 129 (1985) (right to no-fault insurance benefits did not implicate "fundamental" rights).

8

Plaintiff did not herself pay or owe the CLD amount to her treatment

providers and such amounts were compensated through PIP payments by her

insurer, DTRIC Insurance Co., Ltd. See Wilson v. AIG Hawaii Insurance Co., 89

Hawai`i 45, 968 P.2d 647 (1998). Plaintiff's unliquidated claim, if any, to special

damages that have been incurred by her own insurance carrier is not her "property

right" but, at most, is an economic interest. Even if they had not been so

compensated, an unliquidated claim in this tort case does not rise to the level of

any debt and cannot be a property right or other fundamental right that would be

susceptible to a "taking".[2]

      b.    A Reallocation of Private Interests Between Private Parties is

not a "Taking." There is nothing to indicate that the CLD has been or will be

placed into the State of Hawai`i's general fund or otherwise be "taken" by the State

of Hawai`i itself. Such a legislative reallocation of economic monetary interests

among private parties is not a governmental taking. See Branch v. United States,

69 F.3d 1571, 1576-77 (Fed. Cir. 1995). As held by the Honorable Virginia Lea

---

[2] Unlike the CLD itself, the collateral source doctrine is not an absolute entitlement or right but is, more accurately, a procedural rule of evidence designed to avoid jury confusion in cases where it is applicable. See Sato v. Tawada, 79 Hawai`i 14, 897 P.2d 941 (1995). Indeed, principles of fairness may compel an exception to the doctrine in cases where a plaintiff contends or implies that she has not been compensated for special damages. See id.; Federal Deposit Insurance Corp. v. United Pacific Insurance Co., 20 F.3d 1070, 1082-83 (10th Cir. 1994); Ray v. Paul, 563 N.W.2d 635, 638 (Iowa Ct. App. 1997); Hennepin County v. AFG Industries, 726 F.2d 149, 152 (8th Cir. 1994).

Crandall, in a September 10, 2001 Order entered in <u>Hyun Jung Choe, et al. vs.</u>

<u>Oahu Transit Services, Inc.</u>, Civil No. 00-1-3718-12 (VLC) (Hawai`i 1st Cir.), the

CLD "allocates property among private parties and is not an unconstitutional

taking without just compensation."

       c.    <u>The CLD is supported by a Rational Basis</u>.  Moreover, a valid

exercise of the State of Hawaii's police power that substantially advances a

legitimate state interest is not a taking.  <u>See</u> <u>Lucas v. South Carolina Coastal</u>

<u>Council</u>, 505 U.S. 1003, 1022-24 (1992); <u>Chevron USA, Inc. v. Cayetano</u>, 224

F.3d 1030, 1036 (9th Cir. 2000), <u>cert</u>. <u>denied</u>, 121 S.Ct. 1403 (2001).  The CLD is

not a taking without due process where it rationally advances legitimate state

interests in limiting tort liability for motor vehicle accidents in order to stabilize

insurance premium rates and keep insurance rates affordable by discouraging small

claims and lawsuits.[3]  <u>See</u> <u>Gonzales v. Dai-Tokyo Royal State Insurance Co.</u>, 106

Hawai`i 511, 107 P.3d 440 (2005) (CLD does not violate substantive due process).

       3.    <u>The CLD does not Violate Equal Protection</u>.  Plaintiff's equal

---

[3] As noted <u>supra</u>, the 1997 enactment of HRS § 431:10C-301.5 was supported by the Consumer Lawyers of Hawaii, a plaintiff's advocacy group, and then Representative and Conference Committee Chairperson Ron Menor, Esq., himself a plaintiff's lawyer, as a "fair" trade-off for a reduction in the medical-rehabilitative threshold (which, at that time, was $13,900.00) to $5000.00.  <u>See</u> Floor debate in 1997 House Journal at 998; Conf. Comm. Rep. No. 1171, in 1997 House Journal, at 1113-14; H.R. Stand Comm. Rep. No. 250, in 1997 House Journal, at 1211-12.  It is unlikely that they would have supported the CLD had it been an unfair "taking" of private property from plaintiffs.

protection challenge to the CLD likewise fails for several reasons.

      a.    <u>Plaintiff's Unliquidated Claim is not a Property or Other Fundamental Right</u>.  As set forth <u>supra</u>, Plaintiff's unliquidated claim, if any, to special damages that have been incurred by her own insurance carrier is not her "property right" but, at most, is an economic interest that does not rise to the level of any debt and cannot be a property right, or other fundamental right, that would trigger strict scrutiny review.  <u>See</u> <u>Fein v. Permanante Medical Group</u>, 38 Cal.3d 137, 167, 211 Cal. Rptr. 368, 389, 695 P.2d 665, 686 (1985), <u>appeal</u> <u>dismissed</u>, 474 U.S. 892 (1985) (a tort plaintiff has no property right in a particular measure of damages); <u>Heinz v. Chicago Road Investment Co.</u>, 216 Mich. App. 289, 549 N.W.2d 47 (1996) (plaintiff did not have "property" interest in jury verdict that would be subject to a "taking" by reduction for collateral sources); <u>Johnson v. Farmers Union Central Exchange, Inc.</u>, 414 N.W.2d 425, 432 (Minn. Ct. App. 1987) (plaintiff's claim to "overcompensation" for injuries, unreduced by collateral source recoveries was not a vested right); <u>Cf.</u> <u>Washington v. Fireman's Fund Insurance Cos.</u>, 68 Hawai`i 192, 708 P.2d 129 (1985) (right to no-fault insurance benefits did not implicate "fundamental" rights which would trigger heightened "strict scrutiny" review).

      b.    <u>The CLD is Supported by a Rational Basis</u>.  In <u>Del Rio v. Crake</u>, 87 Hawai`i 297, 305-06, 955 P.2d 90, 98-99 (1998), the Hawai`i Supreme

Court upheld the constitutionality of the medical rehabilitative expense threshold codified in HRS § 431:10C-306 against an equal protection challenge, where it was rationally related to legitimate state interests in maintaining the health, safety, and welfare of its citizens by creating a system of reparations for accidental harm in motor vehicle accidents, and by stabilizing insurance premium rates and keep my insurance rates affordable.

In comparison, the CLD does not violate equal protection where it is rationally related to a legitimate state interest in limiting tort liability and stabilizing insurance premium rates by discouraging small claims and lawsuits. See Hoffman v. United States, 767 F.2d 1431, 1437 (9th Cir. 1985); Dubin v. Wakuzawa, 89 Hawai`i 188, 970 P.2d 496  (1988) (Medical Claims Conciliation Panel prerequisite to medical tort action did not violate equal protection and was rationally related to legitimate state interest in stabilizing medical malpractice insurance premiums); Richardson v. Sport Shinko (Waikiki Corporation), 76 Hawai`i 494, 880 P.2d 169 (1994) (CAAP procedures did not violate equal protection and were rationally related to a legitimate government interest in obtaining prompt and equitable resolution of tort cases and reducing litigation costs); Washington v. Fireman's Fund Insurance Cos., 68 Hawai`i 192, 708 P.2d 129 (1985); Reid v. Williams, 964 P.2d 453 (Alaska 1998); Fein v. Permanante Medical Group, 38 Cal.3d 137, 167, 211 Cal. Rptr. 368, 389, 695 P.2d 665, 686

(1985), appeal dismissed, 474 U.S. 892 (1985); Lambert v. Sisters Of Mercy

Health Corp., 369 N.W.2d 417 (Iowa 1985); Heinz v. Chicago Road Investment

Co., 216 Mich. App. 289, 301, 549 N.W.2d 47, 53 (1996) (statute abrogating

collateral source rule was rationally based on promoting fairness by preventing

personal injury plaintiffs from being compensated twice for the same injury);

Marsh v. Green, 782 So.2d 223 (Ala. 2000).

      Under these circumstances, the CLD is constitutional.

      **B.**     **THE CLD AMOUNT IS NOT EXCESSIVE.**

      Plaintiff also contends that the amount claimed for the CLD in this

case is excessive because there is no showing that the jury awarded more than

$10,000 in medical special damages and that Plaintiff will be required to reimburse

her PIP insurer under HRS § 431:10C-307. Neither of these contentions have any

merit.

      1.     The CLD Operates to Reduce Plaintiff's Recovery by the

Amount of PIP Benefits Incurred, not by the Amount Awarded to Plaintiff in

Medical Special Damages. While Defendant maintains that Plaintiff was awarded

at least $14,000 in medical special damages in this case, nothing in HRS §

431:10C-301.5 is qualified or restricted by any requirement that a plaintiff actually

be awarded the amount claimed for the CLD. The statute simply requires that

Plaintiff's recovery "shall be reduced by $5,000 or the amount of PIP benefits

13

incurred, whichever is greater."  In this case, Plaintiff received the benefit of at least $10,000 in PIP benefits paid by her insurance carrier.  Therefore, the CLD amount mandated by statute is $10,000.  <u>See</u> Exhibit "B" to the Subject Motion. Whether or not the jury actually awarded this amount in medical special damages is irrelevant.

      2.    <u>Plaintiff will not be Required to Reimburse Her PIP Carrier for the CLD Amount</u>.  Also irrelevant is Plaintiff's argument that she will be required to reimburse her PIP insurer for amounts deducted for purposes of the CLD. Under Hawai`i law, HRS §431:10C-301.5 and § 431:10C-307 operate independently of each other.  In any event, there is no logical way in which Plaintiff will ever be required to reimburse her PIP insurer for the CLD amount. Under Hawai`i law, a PIP carrier seeking reimbursement pursuant to HRS § 431:10C-307 bears the burden of proving that Plaintiff's recovery duplicates PIP benefits previously paid and is only entitled to reimbursement in an amount that is duplicative of her recovery.  <u>See</u> <u>First Insurance Co. v. Jackson</u>, 67 Hawai`i 165, 681 P.2d 569 (1984); <u>Pacific Insurance Co. v. Esperanza</u>, 73 Hawai`i 403, 833 P.2d 290 (1992).  In comparison, HRS §431:10C-301.5 reduces Plaintiff's recovery by the amount of a CLD amount equivalent to the PIP benefits paid, up to $10,000. By definition, Plaintiff's remaining recovery will exclude the amount of PIP benefits included in CLD amount and, therefore, the portion of Plaintiff's

remaining recovery subject to reimbursement cannot be "duplicative" of the CLD amount and the CLD amount will never be subject to reimbursement.

Under these circumstances, the CLD amount claimed is neither excessive nor otherwise inappropriate under the statute and the relevant facts of this case.

III.     CONCLUSION:

Under these circumstances and based on all the foregoing reasons, arguments and authorities, and those previously presented, it is respectfully submitted that the Subject Motion should be granted.

DATED: HONOLULU, HAWAI'I,          FEB 2 4 2006

RANDALL Y. S. CHUNG
Attorney for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, | ) ) ) | CIVIL NO. 04 00619 BMK |
| Plaintiffs, | ) ) ) | CERTIFICATE OF SERVICE |
| vs. | ) ) | |
| RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing DEFENDANT RACHAEL ROXXANN WILKS' REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR APPLICATION OF THE COVERED LOSS DEDUCTIBLE was duly served on the following attorneys by placing the same in the United States mail, postage prepaid.

BRUCE B. KIM, ESQ.
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, HI 96813

JANICE P. KIM, ESQ.
3615 Harding Avenue, Suite 206
Honolulu, Hawaii 96816

Attorneys for Plaintiff

DATED: HONOLULU, HAWAII, _____ FEB 2 4 2006 _____

_____

RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

2