ORIGINAL

Of Counsel:
MATSUI CHUNG
A Law Corporation
RANDALL Y.S. CHUNG     2929-0
MELANIE S. MATSUI      5851-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 536-3711
Fax No.: (808) 599-2979
Email: Info@TrialLawHawaii.com
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 7 2006

at ____ o'clock and ____ min. ____M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE, <br><br> Plaintiffs, <br><br> vs. <br><br> RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. 04 00619 BMK <br><br> DEFENDANT RACHAEL ROXXANN WILKS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS, FILED ON 3/6/06; DECLARATION OF MELANIE S. MATSUI; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE |

DEFENDANT RACHAEL ROXXANN WILKS'
OBJECTIONS TO PLAINTIFF'S BILL OF COSTS, FILED ON 3/6/06

Comes now defendant RACHAEL ROXXANN WILKS (incorrectly named as RACHEL STEVENS-VANGORDER) (hereinafter referred to as "this Defendant"), by her attorneys, and hereby objects to Plaintiff's Bill of Costs, filed herein on March 6, 2006.

I.    PLAINTIFF'S BILL OF COSTS SHOULD BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULE 54.2.

In relevant part Local Rule (L.R.) 54.2 provides:

> **(c)    Contents.**  The Bill of Costs must state separately and specifically each item of taxable costs claimed. It **must** be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law. The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held. . . .  Any vouchers, bills, or other documents supporting the costs being requested shall be attached as exhibits.

L.R. 54.2(c) (emphasis added).

In this case, Plaintiff undisputedly failed to submit any memorandum setting forth the grounds and authorities to support her request of costs in the amount of $4,359.09.  Instead, she attaches only an Affidavit of her counsel.  This

2

is clearly insufficient, and fails to comply with the requirements of L.R. 54.2. On this basis alone, Plaintiff's Bill of Costs should be rejected.

Further, as he has done so before, Plaintiff's counsel has once again ignored express instructions that the parties meet and confer, to address any disputes regarding Plaintiff's claim for costs. Following receipt of Plaintiff's proposed Bill of Costs, this Defendant's counsel specifically requested by letter dated March 3, 2006 for such a meeting. See Exhibit "A" attached hereto. It is undisputed that no meeting was ever held between the parties. This is confirmed by the absence of any statement in the Affidavit of Plaintiff's counsel that the parties **met** and **conferred** as required, or that Plaintiff made a good faith effort to meet and confer. Indeed, Plaintiff's counsel acknowledges that his only effort in this regard was a telephone conversation with this Defendant's counsel. As such, Plaintiff's failure to comply with the obligation to meet and confer under L.R. 54.2 presents a separate, independent basis to reject her Bill of Costs.

II.    OBJECTIONS TO SPECIFIC ITEMS OF COSTS.

Without waiver of the foregoing,

A.    Fees for Service of Summons and Subpoena

This Defendant does not dispute that L.R. 54.2 allows the taxation of fees for service of process and service of subpoenas. See L.R. 54.2(f)(1). However, this Defendant objects to any claim for such fees that are not properly

supported. Plaintiff provides no information or supporting documentation for the amounts of $17.00 paid to Thomas Mau and $35.00 paid to Remi Taum. She submits only check stubs (not cancelled checks) from her attorney's checking account for these respective amounts. These stubs do not satisfy L.R. 54.2's requirement of documentation for a claimed cost. Therefore, absent appropriate documentation for these claimed costs, Plaintiff should not receive any recovery for the total sum of $52.00.

B.    Court Reporter and Deposition Transcript Fees

Fees for deposition copies may properly be taxed under 28 U.S.C. § 1920 as long as they are "necessarily obtained for use in the case." Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 1975, 177 (9th Cir. 1990). However, items that are used for discovery purposes do not constitute taxable costs, but must be borne as incidental to normal trial preparation. Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656, 678 (9th Cir. 1963), cert. denied 84 S.Ct. 267, 375 U.S. 922, 11 L.Ed.2d 165.

1.    Deposition Upon Written Questions - Honolulu Police Department ($53.38)

Costs of $53.38 for the Deposition Upon Written Questions directed at the Honolulu Police Department are not taxable costs. The records were not necessarily obtained for use in the case. On the contrary, at the January 25, 2006 hearing on Plaintiffs' Motion In Limine #9 Barring Defendant Rachel Stevens-

Vangorder from Introducing Evidence of Police Reports from Subsequent

Accidents at Trial, the Court agreed that with this Defendant that <u>all</u> police reports,

including that prepared in connection with the subject accident, should be excluded

at trial.  Thus, in its Order granting said Motion in Limine, the Court incorporated

its oral opinion delivered at the January 25, 2006 hearing.  <u>See</u> Exhibit "B."  In

accordance with the Court's Order, no police records pertaining to the subject

accident were submitted as exhibits for trial.

Therefore, this Defendant submits that records of the Honolulu Police

Department were only for discovery or investigative purposes, not necessarily

obtained for use in the case, and were not actually used at trial pursuant to

Plaintiff's request, and by Order of the Court.  Accordingly, court reporting and

deposition costs of $53.38 relating to the records are not taxable costs, and Plaintiff

is not entitled to any recovery for this amount.

2.    <u>Deposition Upon Written Questions - Dollar Rent-A-Car</u>
      <u>($84.58)</u>

For the same reasons as set forth above, costs of $84.58 for the

Deposition Upon Written Questions as to Dollar Rent-A-Car are also not taxable

costs.  The records obtained were not necessarily obtained for use at trial, and were

not actually used at trial.  They were not included among Plaintiff's trial exhibits,

and played no part in Plaintiff's presentation of her case.  Rather, the records were

merely part of discovery conducted by Plaintiff. As such, costs of $84.58 for

obtaining the records are likewise not taxable.

        3.     Oral Deposition of Edwin Muranaka, M.D. ($211.66)
               Video Deposition of Edwin Muranaka, M.D. ($420.57)

Plaintiff claims the amount of $211.66 for court reporting fees related

to the oral deposition of Edwin Muranaka, M.D. Plaintiff also claims the amount

of $420.57 for videotaping and editing the videotape of Dr. Muranaka's deposition,

and for preparation of an original and two copies of the videotape. This Defendant

objects to these items as duplicative of a request for the exact amounts, concerning

the very same expenditures, previously made in Plaintiff's Motion for Attorneys'

Fees and Costs, filed herein on February 17, 2006. Plaintiff is not entitled to a

double recovery of the same costs through said Motion and through a Bill of Costs.

This Defendant also submits that the cost for a <u>videographer</u> to

videotape the deposition, and to edit the tape, is not a taxable cost under 28 U.S.C.

§ 1920 ("Section 1920"). Section 1920 provides in pertinent part as follows:

> A judge or clerk of any court of the United States may
> tax as costs the following:
>
>                     * * * * *
>
> (2)    Fees of the <u>court reporter</u> for all or any part of the
> <u>stenographic transcript</u> necessarily obtained for use in the
> case[.]

Section 1920(2) (emphasis added). As the Supreme Court held in <u>Crawford Fitting</u>

<u>Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987), only costs defined in

Section 1920 may be taxed.  Section 1920 clearly does not include a videographer's fee as a taxable cost.  Thus, amounts of $250.00 (plus tax) claimed by Plaintiff for videotaping Dr. Muranaka's deposition, and $108.07 for editing the videotape, are not recoverable in this case.

Further, L.R. 54.2(f)(2) limits deposition costs to "the cost of a stenographic and/or video original and one copy of any deposition transcript[.]" (Emphasis added.)  Therefore, at most, Plaintiff is entitled only to the cost for an original and one copy of a deposition transcript, and a video original.  Plaintiff is not entitled to recover the costs for additional copies of the original video.  In this case, assuming the Court determines that Dr. Muranaka's deposition was necessarily obtained for use at trial, Plaintiff's allowable costs, at most, would be as follows:

| | |
|---|---|
| $211.66 | Stenographic cost for original and one copy of Dr. Muranaka's deposition transcript |
| $ 20.83 | Cost for original VHS tape + 4.166% general excise tax |
| **$232.49** | **Total allowable costs for Dr. Muranaka's oral deposition** |

C.    Printing and Copying Costs

Section 1920 allows costs for printing and for copies of papers "necessarily obtained for use in the case."  28 U.S.C. 1920(3) and (4).  In addition, L.R. 54.2 provides the following clarification as to printing and copying costs:

7

> The cost of copies necessarily obtained for use in the
> case is taxable **provided** the party seeking recovery
> submits an affidavit describing the documents copied, the
> number of pages copied, the cost per page, and the use of
> or intended purpose for the items copied. The practice of
> this court is to allow taxation of copies at **$.15 per page
> or the actual cost charged by commercial copiers,
> provided such charges are reasonable**. The cost of
> copies obtained for the use and/or convenience of the
> party seeking recovery and its counsel is not allowable.

L.R. 54.2(f)(4) (emphasis added).

Plaintiff has not satisfied the requirements set forth above to warrant recovery of her claimed costs for printing and copying. The burden is on the party seeking the recovery of costs to prove that the costs requested were reasonably necessary to achieve the results obtained. Tirona v. State Farm Mutual Automobile Insurance Co., 821 F.Supp. 632, 636 (D. Haw. 1993). Plaintiff has not met this burden through her attorney's Affidavit. Rather, the Affidavit merely provides a broad and general statement that the costs claimed are correct and accurate charges, were necessarily incurred in this litigation and properly taxable, and that the supporting documents attached are true and correct copies. The Affidavit contains no description of "the documents copied, the number of pages copied, the cost per page, and the use of or of or intended purpose for the items copied." Where there is no showing as to the nature of the documents copied, a party is not entitled to recovery of copying costs. See American Key Corp. v. Cumberland Assoc., 102 F.R.D. 496, 499 (N.D. Ga. 1984); Davis Mountains

8

Trans-Pecos Heritage Ass'n v. United States Air Force, 2003 WL 21251094 at *2 (N.D. Tex. May 27, 2003) (disallowing unsubstantiated photocopying costs). Consequently, her claim for recovery of printing and copying costs should be denied in its entirety.

  Further, as set forth in detail below, many of the claimed costs are improper because they exceed the allowable per page copying charge, and/or relate to copying of medical records that are duplicative of court reporting costs claimed by Plaintiff for obtaining the same records. Such duplicative charge would tend to indicate that the copies were not necessarily obtained for use in the case, but simply for the convenience of Plaintiff and her attorneys. Plaintiff also claims recovery for items not specifically provided for in Section 1920 or L.R. 54.2.

  The Supreme Court has held that courts do not have discretion under Fed. R. Civ. P. to tax whatever costs may seem appropriate, and that only costs defined in Section 1920 may be taxed. Crawford Fitting Co., supra, 482 U.S. at 441-42. Accordingly, Plaintiff is not entitled to any recovery for these improper charges.

  1. Queen's Medical Center ($15.00)

  The supporting document for this item indicates a charge of $15.00 for two (2) pages from Queen's Medical Center. First, this amount constitutes a copying charge of $7.50 per page, which not only exceeds the $.15 per page limit

provided by L.R. 54.2(f)(4), but is also patently excessive and unreasonable.

Second, this item is duplicative of the Deposition Upon Written Questions of the

Queen's Medical Center, taken on March 21, 2005, for records regarding Plaintiff,

for which Plaintiff already claims a court reporting cost of $263.12.

    2.    Thomas McNorton, M.D. ($40.00)

    The supporting document for this item indicates only that it is for

"medical records." No information is provided as to the number of pages copied,

or the cost per page. Consequently, there is no information to allow the Court to

ascertain whether the claimed charge is reasonable. The absence of such

information provides further grounds to disallow this claimed cost.

    3.    Tyronne Dang, M.D. ($104.00)

    Although Plaintiff claims the amount of $104.00 for medical records

of Dr. Tyronne Dang, she provides only one invoice, dated February 4, 2004, for

the amount of $52.00. There is no supporting documentation for the remaining

amount of $52.00. Although Plaintiff provides two check stubs from her

attorney's checking account, these stubs do not satisfy L.R. 54.2's requirement of

documentation for a claimed cost. Moreover, the lone invoice from Dr. Dang

contains no information on the number of pages copied or the cost per page.

Accordingly, the claimed cost of $104.00 should be disallowed.

    4.    <u>David Suzuki, D.C. ($37.00)</u>

The supporting document for this item indicates a charge of $1.00 per page, for 37 pages. Aside from the fact that Plaintiff did not submit an appropriate Affidavit under L.R. 54.2, as discussed above, this charge exceeds the allowable per page cost by $.85. While L.R. 54.2 recognizes that the actual cost of copying may be allowed, this applies only to commercial copiers, and only where the actual charge is reasonable. Dr. Suzuki is obviously is not a commercial copier, and the charge of $1.00 per page is not reasonable. Should the Court allow recovery of costs for records from Dr. Suzuki, Plaintiff is entitled to no more than $5.55, or 37 pages at $.15 per page.

    5.    <u>IntegBusiness Services, Inc. ($78.86)</u>

Plaintiff submits four invoices from IntegBusiness Services, Inc., for copying of her records, as follows:

| Invoice Date | Invoice Number | Description | Amount |
|---|---|---|---|
| 6/4/03 | 13100 | MRI Cervical 5/2/03 Lumbar 3/26/03 | $21.19 |
| 6/4/03 | 13100 | MRI 5/2/03 | $19.11 |
| 6/4/03 | 13100 | MRI lumbar 11/22/02 | $20.22 |
| 4/23/03 | 126597 | Emergency Room Records 3/26/03 | $39.53 |

This cost for copying of records is duplicative of the Deposition Upon Written Questions of the Queen's Medical Center, taken on March 21, 2005 for the purpose of obtaining Plaintiff's medical records, and for which Plaintiff claims a court reporting cost of $263.12.

Moreover, the claimed amounts are improper. The invoices reflect duplicative charges for copying the same record, relating to an MRI on May 2, 2003. Plaintiff also claims non-taxable charges, such as a "retrieval fee" of $15.00, which appears on each invoice, as well as fees for "postage/handling[1]." Neither Section 1920 nor L.R. 54.2 recognizes such administrative charges as taxable costs. Finally, the charge of $1.00 per page exceeds the allowable limit and is not reasonable.

6.    Information Management Partners ($40.06)

Similarly, as with Plaintiff's claimed cost for IntegBusiness Services, Inc., this item of cost should be disallowed because it improperly includes fees totaling $16.52 (plus tax) for "retrieval" and "postage/handling", and seeks copying charges based on $1.00 per page.

---

[1] As discussed in Section D. below, courts have consistently held that postage is not recognized as a taxable cost item. Therefore, postage fees associated with a taxable cost have been found to be non-taxable. See, e.g., Cleveland v. North American Van Lines, Inc., 154 F.R.D. 37 (N.D.N.Y. 1994) (although prevailing plaintiffs were entitled to recover deposition expenses, they were not entitled to recover postage and handling charges incurred with respect to those depositions.

7.    Honblue, Inc. ($352.34)

The supporting document for this item contains no description of the document(s) printed or copied. There is also no information to determine whether the cost was incurred for copies "necessarily obtained for use in the case", as opposed to copies obtained for the use and/or convenience of Plaintiff and her attorneys. Further, the invoice indicates a charge of $35.00 per print to scan seven (7) prints, $3.00 per page to print seven (7) pages, $25.00 to create a CD, and a charge of $47.25 for "Fome-Cor Mount." Transferring information to a CD, creation of charts, and mounting are <u>not</u> included in Section 1920 or L.R. 54.2. <u>See</u> <u>Studiengesellschaft Kohle mbH v. Eastman Kodak Co.</u>, 713 F.2d 128 (5th Cir. 1983) (there is no statutory provision for the award of costs for charts, models and photographs). Therefore, these charges are not taxable. At most, only the printing charge for seven pages is a taxable cost. Plaintiff should thus recover no more than $1.05, for seven pages at $.15 per page.

8.    U.S. District Court ($50.00)

Based upon L.R. 54.2, the taxable amount of this charge for juror information would be $15.00, for 100 pages at $.15 per page.

9.    City Director of Finance ($5.00)

No supporting document was provided for this item. A check stub from Plaintiff's attorney's checking account is insufficient to support the cost

claimed. There is no information that the charge is for copying or printing, or to identify what was copied, the number of pages copied, and the per page charge. Accordingly, this item should be disallowed in its entirety.

      10.    City and County of Honolulu ($1.75)

      The supporting document for this item states only that it is for "Report #9276." Assuming the Court finds this to be a sufficient description, there is no information to indicate the number of pages copied, and the per page charge, so as to determine the reasonableness of the cost claimed. Accordingly, this item should also be disallowed in its entirety for insufficient documentation.

      11.    Accucopy ($69.67)

      The supporting document for this item does not describe the documents copied. Therefore, there is no information to determine whether the cost was incurred for copies "necessarily obtained for use in the case", as opposed to copies obtained for the use and/or convenience of Plaintiff and her attorneys. As such, this item should be disallowed in its entirety for insufficient documentation.

      12.    Island Printing Center/Matsui Chung ($22.49)

      The supporting document for this item does not describe the documents copied. Therefore, there is no information to determine whether the cost was incurred for copies "necessarily obtained for use in the case", as opposed to copies obtained for the use and/or convenience of Plaintiff and her attorneys.

Therefore, this item should be disallowed in its entirety for insufficient documentation.

    13.    State Farm ($84.01)

    Plaintiff provides no supporting documentation for this item. There is nothing to indicate that this charge is for printing or copying, or which describes the documents copied, the number of pages copied, or the cost per page. Consequently, this item should be disallowed in its entirety for insufficient documentation.

    14.    FedEx Kinko's ($369.94)

    The supporting documents for this item do not describe the documents copied. Therefore, there is no information to determine whether the cost was incurred for copies "necessarily obtained for use in the case", as opposed to copies obtained for the use and/or convenience of Plaintiff and her attorneys. Further, many of the per page copying charges exceed $.15. The claimed amounts also include fees that are not provided for in Section 1920 and L.R. 54.2, such as charges for collating and binding.

    15.    In-House Copies ($738.30)

    Plaintiff's claim for in-house copying charges of $738.30 contain no description of the documents copied. Consequently, Plaintiff has not established that the copies were necessary, rather than for the convenience of her attorneys. In

the absence of such information, the in-house copying charges should be disallowed.

D.     Other Costs ($256.90)

Plaintiff claims costs for facsimile transmissions ($144.50), postage ($110.38), and long distance telephone charges ($2.02).  None of these categories of costs is provided for under Section 1920 or L.R. 54.2.  On the contrary, courts have expressly held that such costs are not taxable.  See Ortega v. City of Kansas City, 659 F.Supp. 1201 (D. Kan. 1987), rev'd on other grounds 875 F.2d 1497 (postage is not listed in statute as an item properly taxable as a cost); Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F.Supp. 415 (N.D. Tex. 1997) (postage is not included in costs statute and is not recoverable as a cost); Cleveland v. North American Van Lines, Inc., 154 F.R.D. 37 (N.D.N.Y. 1994) (no recovery for postage and handling charges incurred for recoverable deposition expenses); Hollenbeck v. Falstaff Brewing Co., 605 F.Supp. 421 (E.D. Mo. 1984) (long distance telephone calls and postage expenses are not costs as used in statute, but are out-of-pocket expenses); Ezelle v. Bauer Corp., 154 F.R.D. 149 (S.D. Miss. 1994) (long distance telephone costs are out-of-pocket expenses not taxable as costs against losing party).

16

Therefore, because such expenses are clearly not recognized as taxable costs, Plaintiff's claim for recovery of these expenses should be denied in their entirety.

III.    CONCLUSION

Based upon the foregoing, this Defendant respectfully requests that Plaintiff's Bill of Costs filed herein on March 6, 2006 be disallowed in its entirety for failure to comply with the requirements of Local Rule 54.2, including, but not limited to, the failure to submit a memorandum setting forth the grounds and authorities to support her request of costs in the amount of $4,359.09, as well as the failure to comply with the requirement that counsel meet and confer to discuss said Bill of Costs.

Notwithstanding the foregoing deficiencies in Plaintiff's claim for taxation of costs against this Defendant, should the Court consider Plaintiff's Bill of Costs, this Defendant requests that no costs be awarded for charges that are: (1) duplicative, (2) not substantiated or supported by appropriate documentation, (3) not recognized as taxable under 28 U.S.C. 1920 and Local Rule 54.2, (4) in excess of the allowable amount, (5) not established to be necessarily incurred for use in this matter and not actually used at trial, and (6) with regard to printing/copying charges, not supported by an affidavit describing the documents

copied, the number of pages copied, the cost per page, and the use of or intended

purpose for the items copied.

DATED: HONOLULU, HAWAII,   March 17, 2006

RANDALL Y.S. CHUNG
MELANIE S. MATSUI
Attorneys for Defendant
RACHAEL ROXXANN WILKS
(incorrectly named as
RACHEL STEVENS-VANGORDER)