ORIGINAL

LAW OFFICES OF
BRUCE B. KIM

BRUCE B. KIM  #2258
Suite 206, One Kapiolani Building
600 Kapiolani Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 538-7134
Facsimile: (808) 538-7136
E-Mail: kimlaw@pixi.com

LAW OFFICES OF
JANICE P. KIM

JANICE P. KIM #3436
3615 Harding Avenue, Suite 206
Honolulu, Hawaii 96816
Telephone: (808) 732-0522
Facsimile: (808) 735-0459
E-Mail: kimj054@hawaii.rr.com

Attorneys for Plaintiff KATHY TOOZE-AGUIRRE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 0 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHY TOOZE-AGUIRRE, and DAVID A. AGUIRRE,<br><br>             Plaintiffs,<br><br>vs.<br><br>RACHEL STEVENS-VANGORDER, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10,<br><br>             Defendants. | Civil No. 04-00619 BMK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT RACHEL STEVENS-VANGORDER'S MOTION FOR REMITTITUR OR, IN THE ALTERNATIVE, FOR NEW TRIAL FILED ON FEBRUARY 16, 2006; CERTIFICATE OF SERVICE<br><br>Date: April 7, 2006<br>Time: 2:30 p.m.<br>Magistrate Judge: Barry M. Kurren<br>Trial Date: January 31, 2006 |

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT RACHEL STEVENS-VANGORDER'S
MOTION FOR REMITTITUR OR, IN THE ALTERNATIVE,
FOR NEW TRIAL FILED ON FEBRUARY 16, 2006

COMES NOW Plaintiff KATHY TOOZE-AGUIRRE ("KATHY"), by and through her attorneys, BRUCE B. KIM and JANICE P. KIM, and hereby responds to Defendant RACHEL STEVENS-VANGORDER's Motion For Remittitur or, In the Alternative, For New Trial filed herein on February 16, 2006.

I.   INTRODUCTION.

This action arises out of a March 26, 2003 motor vehicle collision.  Plaintiff KATHY was stopped in traffic on Kalanianaole Highway in Hawaii Kai when her sedan was struck from behind by a Jeep Wrangler driven by Defendant RACHEL STEVENS-VANGORDER ("STEVENS-VANGORDER").  As a result of the collision, Plaintiff KATHY sustained serious and permanent physical injuries to her neck and back.

Following a jury trial commencing on January 31, 2006, the jury returned a Special Verdict in favor of KATHY and against Defendant STEVENS-VANGORDER on February 3, 2006.  The jury awarded KATHY $61,000.00 in special damages and $21,500.00 in general damages for a total award of $82,500.00.

Defendant STEVENS-VANGORDER now asks the Court for remittitur of $31,452.00 against the jury's award of special damages or, in the alternative for new trial, on the grounds that the jury's Special Verdict awarding KATHY special damages ". . .

is based on the prejudicially erroneous omission of Plaintiffs' Trial Exhibit No. 58 from the jury room during jury deliberations, . . . and/or is clearly not supported by the evidence and/or is only based on speculation and guesswork."

II. <u>ARGUMENT</u>.

    A. <u>THE JURY'S VERDICT ON SPECIAL DAMAGES WAS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS PLAINLY NOT EXCESSIVE.</u>

Defendant STEVENS-VANGORDER's Motion blithely ignores the substantial credible expert evidence adduced at trial attesting to the 1) the permanency of KATHY's neck and back injuries she sustained in the collision; 2) the permanent adverse consequences such injuries had upon KATHY's ability to work as a house cleaner; 3) the expert economic evidence validating KATHY's past and future loss of earnings caused by her inability to return to full-time unrestricted work as a house cleaner; and 4) the complete absence of any expert economic testimony to the contrary.  Defendant STEVENS-VANGORDER's motion is based upon pure conjecture and speculation as to how the jury arrived at its award for past and future lost earnings and the unwarranted assumption that the jury arrived at its verdict in the absence of any evidence to support it.

As Defendant STEVENS-VANGORDER acknowledges in her memorandum, remittitur is not normally granted in the absence of a **"grossly excessive or monstrous"** award.  *See also,* <u>Velez v.</u>

Roche, 335 F. Supp. 2d 1022, 1038 (N.D. Cal. 2004). A request for remittitur or a new trial should not be granted when the size of the verdict depends upon conflicting evidence and the credibility of witnesses. Palmer v. City of Monticello, 31 F.3d 1499, 1508 (10th Cir. 1994). The jury's award will be considered inviolate so long as it is not "so excessive as to shock the conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial." Id.

The evidence should be viewed in the light most favorable to the awardee. Farber v. Massillon Bd. of Education, 917 F.2d 1391, 1395 (6th Cir. 1990), cert. den., 498 U.S. 1082 and 501 U.S. 1230 (1991). The court may not substitute its judgment or credibility determinations for those of the jury. Id. If there is any credible evidence to support a verdict, it should not be set aside. Id.

    1. There was substantial credible evidence admitted at trial supporting the jury's special damages award.

Two medical expert witnesses, Drs. Diamond and Dang, testified at trial to a reasonable degree of medical probability that KATHY sustained a permanent injury to her neck in the 2003 collision. They further testified that KATHY's injuries prevented her from ever returning to her housecleaning business in the future on a full-time basis. They also both agreed that

they would permanently limit the nature and extent of KATHY's work activities in the future. Specifically, the amount of weight she could lift, as well as how long she could stand or sit among other things. In fact, Dr. Dang testified that KATHY remained on limited duty status at the time of trial nearly three years after Defendant STEVENS-VANGORDER hit her.

Dr. Thomas Loudat, KATHY's expert economist, testified that he calculated the present value of KATHY's past and future loss of earnings at $201,000.00. He stated that his calculations did not account for any apportionment. His opinion was unrebutted at trial.[1]

Dr. Loudat testified that he relied upon KATHY's tax returns in arriving at his conclusions. He further testified that his opinion assumed future earnings of approximately $6,000.00 per year. KATHY's tax returns confirm a loss of earnings in 2003 and 2004 compared with what she earned from her business in 2001 and 2002 which Dr. Loudat calculated at $15,548.00 through January 1, 2005. While Defendant STEVENS-VANGORDER focused solely on the four months after KATHY tried to return to work in the latter part of 2003, she conveniently

---

[1] According to Dr. Jack Suyderhoud, Defendant STEVENS-VANGORDER's economic expert who was withdrawn as a trial witness shortly before the commencement of trial, KATHY sustained past and future loss of earnings amounting to **$63,000.00**. *See,* Defendant STEVENS-VANGORDER's First Supplemental Disclosure Regarding Defendant STEVENS-VANGORDER's Expert Witness Jack P. Suyderhoud, Ph.D. filed on August 31, 2005.

ignored the actual loss of income reflected in KATHY's 2003 and 2004 tax returns reviewed by Dr. Loudat. Thus, it is wrong for Defendant STEVENS-VANGORDER to suggest that, ". . . [KATHY] did not incur any lost wages [sic] special damages in this case . . ." or that "there was no credible evidence . . . that [KATHY] would actually sustain a future wage [sic] loss in reality." Defendant STEVENS-VANGORDER's request for remittitur is without merit.

   B.   A NEW TRIAL IS NOT WARRANTED.

The standard for finding insufficient evidence warranting a new trial remains high. Funai v. Brownlee, 369 F. Supp. 2d 1222, 1239 (D. HI 2004). A stringent standard applies when the motion is based upon insufficiency of the evidence. Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir. 1987); Velez, 335 F. Supp. 2d. at 1034. A motion for new trial may be granted only if the verdict is against the "great weight" of the evidence or "it is quite clear that the jury has reached a seriously erroneous result." Id.

Likewise, in McKenzie-Willamette Hospital v. Peacehealth, 2004 U.S. Dist. LEXIS 21050 (D. Or. 2004), the Chief Judge stated that,

> [m]otions for new trial should be granted judiciously, because ordering a new trial 'effects a denigration of the jury system . . .' Lind v. Schenley Indus., Inc., 278 F.2d 79, 90 (3d cir. 1960)(en banc). The Ninth Circuit has stated that a court

> may grant a new trial 'if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.' *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001)(quoting *U.S. v. 40 Acres of Land*, 175 F.3d 1133, 1137 (9th Cir. 1999).

Given the amount of expert and other evidence before them on the permanency of KATHY's injuries, the effect of such injuries upon her ability to return to full time work as a house cleaner, her past and future economic loss and her medical specials, there is absolutely no indication that the jury's verdict was against the "great weight" of the evidence or that it reached a "seriously erroneous result" when it awarded KATHY special damages. Accordingly, Defendant STEVENS-VANGORDER's request for a new trial based upon insufficiency of evidence must be denied.

C.  A NEW TRIAL IS NOT WARRANTED BASED UPON THE MISSING EXHIBIT.

Defendant STEVENS-VANGORDER argues that she is entitled to a new trial because the jury did not have Plaintiffs' Exhibit 58 during their deliberations. However, there is no indication that Defendant STEVENS-VANGORDER was prejudiced in any material way by this inadvertent error.

None of the jurors asked for the exhibit during their deliberations. No one was even aware the exhibit was missing

until after the jury's verdict was entered. Obviously, if the jury considered the exhibit to be of any importance, they could have and should have asked for it. They did not.

In addition, Defendant STEVENS-VANGORDER's counsel cross-examined Dr. Loudat extensively on income figures taken from Exhibit 58. Counsel asked Dr. Loudat to review KATHY's monthly income during the four months after she attempted to resume her house cleaning business in September 2003 and wrote the figures on a sheet of paper. He then asked Dr. Loudat to compare these figures with her monthly income during the same four months in 2002 which he also wrote down on the sheet of paper. These figures were visible to the jury throughout Dr. Loudat's cross-examination.

Counsel went over the same monthly income figures taken from Exhibit 58 again during his cross-examination of KATHY and wrote the figures side by side on a sheet of paper in plain view of the jury.

During closing argument, Defendant STEVENS-VANGORDER's counsel again went over the income figures from Exhibit 58 with the jury to support his argument that KATHY's income actually increased during those four months compared with her earnings the previous year and that she sustained no income loss outside of the six months she was off work after March 26, 2003. Thus, the jury heard and saw the same income figures taken from Exhibit 58

at least three times before retiring to deliberate.

Contrary to the cases cited by Defendant STEVENS-VANGORDER, there is no hard and fast rule requiring a new trial whenever trial exhibits are inadvertently not provided to a jury during deliberations. In <u>Baux v. Bickel</u>, 2001 Iowa App. LEXIS 285 (App. 2001), the Iowa Court of Appeals held that the plaintiffs were not entitled to a new trial when 11 exhibits representing a portion of plaintiffs' past medical bills were inadvertently not given to the jury during deliberations. The error resulted in a reduction of medical specials awarded by the jury. The record showed that no one was aware of the missing exhibits until after the jury had returned its verdict. The trial court denied the plaintiffs' motion for new trial and the Iowa Court of Appeals affirmed the trial court's denial of plaintiffs' request for a new trial based upon the missing exhibits.

In <u>Cruz v. Hinojosa</u>, 12 S.W.3d 545 (Tex. App. 1999), the Texas Court of Appeals affirmed the denial of plaintiff's request for a new trial based in part upon the failure to transmit all admitted trial exhibits to the jury. The <u>Cruz</u> jury reached their verdict before all the trial exhibits could be located. *Id.* at 550. Plaintiff argued that exhibits containing technical drawings, photographs and schematics of an alternative seat brake device were not given to the jury. However, the Texas

Court of Appeals found that the alternative seat design had been the subject of extensive expert testimony offered by both sides during trial.

> Even if the court should have made sure that the exhibits were sent to the jury room, any error shall not call for reversal unless the error probably caused the rendition of an improper verdict.
>
> *       *       *
>
> Thus, the existence of the seat brake device was not disputed but rather its reliability and effectiveness was contested. Because the jury heard extensive testimony concerning the seat brake device, we find that the failure to send the technical drawings and photographs to the jury room did not cause the rendition of an improper judgment. We overrule the third issue.
>
> Cruz, 12 S.W.3d at 550.

Finally, in State v. Macdonald, 150 N.H. 237, 836 A.2d 764 (2003), the Supreme Court of New Hampshire affirmed a defendant's conviction for negligent homicide even though the trial court inadvertently failed to send an exhibit to the jury. The defendant urged the Supreme Court to adopt a per se rule that due process requires a new trial whenever an exhibit is erroneously excluded from jury deliberations. Id. at 767-68. However, the Court found the missing exhibit was cumulative of other evidence admitted during trial and therefore, its exclusion was harmless beyond a reasonable doubt and in no way prejudiced the defendant. Id. at 768-69.

Defendant STEVENS-VANGORDER had ample opportunity to cross-examine witnesses and show the jury the income figures taken from Exhibit 58. Her attorney went over the figures again during closing argument to suggest that KATHY sustained no future income loss. At the end of the day, Defendant STEVENS-VANGORDER's counsel made sure the jury heard and saw the figures taken from Exhibit 58 at least three times. There was no prejudice to Defendant STEVENS-VANGORDER and there is no basis to grant her a new trial on these grounds.

III. CONCLUSION.

Defendant STEVENS-VANGORDER is not entitled to remittitur in the complete absence of any showing that the jury's verdict on special damages was "grossly excessive or monsterous". She is not entitled to a new trial based upon the claim of insufficient evidence to support the jury's verdict on special damages in the complete absence of any showing that the jury's verdict was against the "great weight" of the evidence or that the jury "reached a seriously erroneous result" in awarding KATHY special damages. Finally, the inadvertent failure to transmit Exhibit 58 to the jury does not warrant a new trial where Defendant STEVENS-VANGORDER had several opportunities to show the jury the income figures taken from Exhibit 58, including closing argument. KATHY respectfully submits that Defendant STEVENS-VANGORDER's Motion For Remittitur or, In the Alternative, For New

Trial filed on February 16, 2006, must be denied.

DATED: Honolulu, Hawaii, _____MAR 2 0 2006_____.

_____
BRUCE B. KIM
JANICE P. KIM
Attorneys for KATHY

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served upon the following person at his last known address by depositing said copy, postage prepaid, in the United States mail or by hand delivery on the filing date hereof.

    RANDALL Y. S. CHUNG, ESQ.
    Matsui Chung Sumida & Tsuchiyama
    Suite 1400, Mauka Tower
    737 Bishop Street
    Honolulu, Hawaii 96813

    Attorney for Defendant
    RACHEL STEVENS-VANGORDER

DATED: Honolulu, Hawaii,   MAR 20 2006.

                      BRUCE B. KIM
                      JANICE P. KIM
                      Attorneys for Plaintiff
                      KATHY TOOZE-AGUIRRE